## REQUEST FOR JUDICIAL NOTICE

### INDEX OF EXHIBITS

Page

Exhibit 1 – Certificate of Pardon ........................................................ 1

*United States v. Martin*, 1:21-mj-555-RC (D.D.C.)

Exhibit 2 – Criminal Complaint ........................................................ 3

Exhibit 3 – Judgment ........................................................ 17

Exhibit 4 – District Court Docket ........................................................ 26

*United States v. Taranto*, 1:23-cr-229-CJN (D.D.C.)

Exhibit 5 – Superseding Indictment ................................................ 46

Exhibit 6 – Response to Government's Motion to Dismiss Certain Counts and Motion to Dismiss all Counts in the Indictment ........... 54

Exhibit 7 – United States' Opposition to Defendant's Motion to Dismiss ........................................................ 68

Exhibit 8 – District Court Docket ........................................................ 73

# EXHIBIT 1

# Donald J. Trump

### *President of the United States of America*

# Certificate of Pardon

### *Benjamin Martin*

was pardoned by the Presidential Proclamation of January 20, 2025. The pardon applies only to convictions for offenses related to events that occurred at or near the United States Capitol on January 6, 2021.

As directed by the Proclamation of Pardon and in witness whereof, the Office of the Pardon Attorney has caused the seal of the Department of Justice to be affixed below and issues this certificate of pardon to the named person.



*Done at the City of Washington, District of Columbia, on February 5, 2025.*

ID317999

# EXHIBIT 2

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Benjamin Martin, (DOB: XXXXXXXXX)<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | **Case: 1:21-mj-00555**<br>**Assigned to: Judge Harvey, G. Michael**<br>**Assign Date: 8/6/2021**<br>**Description: COMPLAINT W/ ARREST WARRANT** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the _____ in the District of ____ Columbia ____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds; |
| 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a  Restricted Building or Grounds; |
| 40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building; |
| 40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building; |
| 18 U.S.C. § 231(a)(3) - Obstructing Law Enforcement During Civil Disorder; |
| 18 U.S.C. § 1512(c)(2) - Obstructing or Impeding an Official Proceeding. |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

*Connor Ledbetter*

*Complainant's signature*

Connor L. Ledbetter, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date:    08/06/2021

*Judge's signature*

City and state:        Washington, D.C.        G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

RFJN 004

Case 1:21-cr-00562-RC   Document 1-1   F

Case: 1:21-mj-00555
Assigned to: Judge Harvey, G. Michael
Assign Date: 8/6/2021
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, Connor L. Ledbetter, is a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Sacramento Field Office. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of violations of Federal criminal laws.

### Background – the U.S. Capitol on January 6, 2021

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

1

RFJN 005

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

### *Identification and Conduct of Benjamin Martin*

On or about January 7, 2021, the FBI National Threat Operations Center received a tip from a tipster who said that Benjamin Martin of Madera, California had been involved in the January 6, 2021 break-in at the U.S. Capitol Building. The tipster provided a date of birth, cellular telephone number, and home telephone number for Martin. The tipster said Martin was wearing a red MAGA hat and a black puffer jacket. The tipster stated he/she saw a video from the Capitol riot on ABC 30 news in which news in which he/she saw Martin get pepper sprayed, retreat towards the camera, showing his face and then returned to continue to press into the building. The tipster provided a screenshot from ABC "World News Tonight" with a red circle around the person identified as Martin:



Based on a search of open source information and law enforcement databases, your affiants identified a BENJAMIN J. MARTIN (MARTIN) living in Madera, California with the same identifiers as those provided by the tipster.

In subsequent interviews of the tipster, he/she stated that he/she had known MARTIN since high school but they had not spoken in a long time. The tipster stated that MARTIN had become increasingly political in his views on Facebook and as a result, the tipster decided to no longer follow MARTIN on Facebook. The tipster said that his/her significant other did still follow MARTIN on Facebook to keep an eye on him and saw a video prior to January 6, 2021, in which MARTIN indicated he would be in Washington D.C. on January 6, 2021. The tipster said that

RFJN 006

he/she was unable to find the video again after the initial news report on January 6, 2021, but he/she had seen an additional video on the news with MARTIN with a group at the D.C. airport shouting at Senator Lindsay Graham. During his/her interview with agents, the tipster pulled his/her phone out to look at Facebook and verified that the videos on MARTIN's Facebook page, as of January 11, 2021, were the same videos he/she saw on MARTIN's Facebook page on January 6, 2021.[1]

On or about January 11, 2021, an online open source search was conducted for information associated with MARTIN which revealed a news article by GV Wire, dated January 8, 2021, titled, "Local Trump Supporters at Capitol Riots, Part of 'Traitor' Graham Confrontation" in which MARTIN, identified as "Clovis real estate agent Ben Martin,"[2] was interviewed regarding his experiences and participation with the events in Washington D.C. on January 6, 2021. An excerpt from the article indicated that MARTIN was in Washington D.C. on January 6, 2021, participated in the protests, and entered the U.S. Capitol building. The section of the article pertaining to MARTIN entering the U.S. Capitol stated:

Clovis real estate agent Ben Martin told GV Wire that he was actually inside the U.S. Capitol on Wednesday during the riots — although he didn't intend to enter the building.

\*\*\*

Martin says there were no barriers along the perimeter of the Capitol, on what he believed to be the north side. He went up toward the side of the building when he saw the unrest happening.

"There were people trying to break into the building and I was trying to calm everyone down and to get it to be a little bit peaceful and say, 'Hey, guys, you know, we can be here and we don't need to act out,' " Martin said. "There were some inciters who were throwing like — Trumpers don't throw rocks at buildings. Trumpers don't try to break windows or break doors."

Martin says "other groups" were the ones breaking in. He attempted to put himself physically between the mob and the police.

"I was trying to negotiate with both sides to de-escalate the issue," Martin said. "I was literally in the middle of the front door when the herd behind me — there were thousands of them. All this weight of people starts moving you in a direction, I couldn't control the direction of anything at that point," Martin said.

---

[1] As explained below, at least part of MARTIN's Facebook account is publicly available.  It is unknown whether the tipster used his/her significant other's Facebook account to look at MARTIN's account, or whether he/she accessed the portions that are publicly available.

[2] MARTIN was known to be a real estate agent who has worked in the Fresno/Clovis region of California.

3

RFJN 007

Once inside, Martin said that he continued to urge people to leave. He believed he was about 10 to 15 feet inside the building before peacefully walking out, avoiding the pepper spray.

"This is way too out of control. I'm one person and I can't help anymore," Martin said.[3]

On or about January 15, 2021, MARTIN was interviewed by phone by agents from FBI Sacramento. During the interview, MARTIN stated that he was in Washington D.C. on January 6, 2021, with his father and attended the Donald Trump rally.  MARTIN said that after the rally he walked his father back to his hotel to take a nap and then proceeded to run to the United States Capitol building. MARTIN said that he arrived at the U.S. Capitol at 1:45 PM, and the stairs at the front had too many people on them, so he made his way to what he believed to be the north side of the Capitol building. MARTIN saw individuals there scaling the wall with ropes and said that he did not understand why they were doing this, because they could have walked around and used a ramp. MARTIN said he walked in front of a door to the U.S. Capitol and stood in between the police and the protesters. MARTIN said he was attempting to calm everyone down. MARTIN said he felt it was foolish for him to think he could resist so many people pushing him forward and decided to leave that location and watched the "protest" continue from the Capitol grounds. Martin said that he took two photos of the back of people's heads near a door on the North side of Capitol. Martin later sent the following two photos to the agents via text message:

 

---

[3] *Available at* https://gvwire.com/2021/01/08/local-trump-supporters-at-capitol-riots-part-of-traitor-graham-confrontation/ last visited July 27, 2021.

RFJN 008

A search warrant of the MARTIN Facebook account identified by the tipster revealed that the account was registered as "benjamin.martin.90410." A review of the account further revealed communications between MARTIN and a Facebook account associated with R.T. Based on a different investigation, R.T. is known to the FBI to have advocated for violence in the lead-up to January 6, organized others to travel to D.C. for January 6 (some of whom participated in the riot at the U.S. Capitol), and to have participated himself in the riot at the U.S. Capitol on January 6. MARTIN's account contained communications occurring on January 3, 2021, between R.T. and MARTIN through Facebook Messenger in which MARTIN and R.T. discussed traveling to Washington D.C. for January 6, 2021. In the communications, R.T. invited MARTIN to join a Telegram chat for "a group of 200+ California patriots that are going to DC Jan 6," which MARTIN accepted and joined. On January 6, 2021, MARTIN sent four messages to R.T. that stated, "we need to meet", "I just spoke to Peggy Hall she said we need to meet", and "I am in DC as we", "well" [sic].

Through Facebook, MARTIN messaged four photos from January 6, 2021. Two were the same at the photos that MARTIN provided to the FBI (included above). The other two appear to be of MARTIN:

 

MARTIN also shared with other Facebook users two videos that appear to be footage of the outside of a door on the North side of Capitol. The second video appeared to be taken shortly after the first video ended. In the second video, MARTIN appears to be holding open a door to the

RFJN 009

U.S. Capitol. A law enforcement officer can be seen hitting MARTIN's hand with what appears to be a baton to get him to release the door. After his hand is struck, MARTIN and the officer struggle over the door. MARTIN appears to be trying to keep the door open while the officer attempts to close it. The door is closed and the video then spins around to capture the crowd around the door. One screenshot from each video is included below:




FBI Sacramento identified a publicly available video on Youtube.com posted on January 7, 2021, by YouTube user Dominic Zimmerman, titled, "Washington D.C. Capitol Hill Jan. 6 2021" which captures MARTIN at the U.S. Capitol on January 6, 2021. The video appears to be a montage of different scenes from that day. One scene shows MARTIN on U.S. Capitol grounds speaking to law enforcement officers and, among other statements, MARTIN can be observed holding a cell phone and stating words to the effect of, "You guys are not doing your job. You swore an oath. You're bound by your word. Move out of the way and let us in. Move out of the way and let us in." The next scene shows MARTIN and others open a door to the U.S. Capitol in between two USCP officers and proceed to enter the U.S. Capitol with others:

RFJN 010





FBI Sacramento also reviewed closed circuit television (CCTV) footage from inside the U.S Capitol building on January 6, 2021. A camera inside the U.S. Capitol above a door on the north side of the U.S. Capitol facing south captures the ingress and egress of individuals through the door. During review of the CCTV footage, agents identified a person who appears to be MARTIN walking into the U.S. Capitol at approximately 3:10 P.M. MARTIN is observed with a beard, wearing a dark colored puffer jacket, dark colored pants and a red hat (consistent with the clothing in the images above). MARTIN appears to speak to a law enforcement officer, but the CCTV has no sound.  About two minutes after MARTIN enters the building, law enforcement officers form a human barrier and push MARTIN and the other individuals present back out through the same door.  Images from the CCTV are below:

RFJN 011





FBI Sacramento also reviewed footage taken from the riot in Washington D.C. on January 6, 2021, that was posted to Projects.propublica.org under an article titled, "What Parler Saw During the Attack on the Capitol." Agents identified a person who appears to be MARTIN near a door on the north side of the U.S. Capitol, wearing a dark colored puffer jacket and red hat with "45" written on the side in white numbers. Standing just outside the threshold to the door, the footage shows MARTIN holding his phone in his right hand while holding a door to the U.S. Capitol open with his left hand. At approximately 0:16 in the video, MARTIN is hit in the head with a chair which was thrown from behind him. After the chair hits MARTIN, he looks behind him and his face is visible to the camera. See the screenshot, below. MARTIN continues to hold the door open until what appeared to be chemical irritant is fired from inside the U.S. Capitol. The time label on the video indicates 3:12 P.M., suggesting that the events occurred shortly after the CCTV footage of MARTIN entering and exiting the building, described above.

RFJN 012



    FBI Sacramento further identified publicly available videos on Twitter taken on January 6, 2021, that capture MARTIN at the U.S. Capitol on January 6, 2021. One video posted on January 6, 2021 by @realJamesKlug shows MARTIN standing outside doors at the U.S. Capitol as they are pried open by others in the crowd. Law enforcement attempts unsuccessfully to close the door from the inside. A law enforcement officer is then seen with a weapon protruding from behind an inner door:



RFJN 013



Another video posted on January 6, 2021, by Twitter account @j12doz appears to show a different angle from the videos posted to Twitter by @realJamesKlug in which MARTIN is present in the crowd as doors to the U.S. Capitol are pried open.



10

RFJN 014



Still another video posted to Twitter by Twitter account @realJamesKlug shows law enforcement officers exiting the doors while simultaneously spraying a chemical irritant into the crowd. MARTIN appears to be sprayed by the officers (MARTIN circled in red below):



### Criminal Charges

Based on the foregoing, your affiant submits that there is probable cause to believe that BENJAMIN MARTIN violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do;

RFJN 015

and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that BENJAMIN MARTIN violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Your affiant submits there is probable cause to believe that BENJAMIN MARTIN violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

Finally, your affiant submits there is probable cause to believe that BENJAMIN MARTIN violated 18 U.S.C. § 1512(c)(2), which makes it a crime to obstruct, influence, or impede any official proceeding, or attempt to do so. Under 18 U.S.C. § 1515, congressional proceedings are official proceedings.

*Connor Ledbetter*
_____
Connor L. Ledbetter, FBI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 6th day of August 2021.


_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

12

RFJN 016

# EXHIBIT 3

RFJN 017

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### District of Columbia ▼

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Benjamin Martin | Case Number: CR 21-562 (RC) |
| | USM Number: 63228-509 |
| | Hootan Baigmohammadi, Esq and Douglas Beevers, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1s, 3s, 4s, 5s, 6s, of the Superseding Indictment filed on 1/26/2022
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 231(a)(3) | Civil Disorder | 1/6/2021 | 1s |
| 18 USC § 1752(a)(1) | Entering and Remaining in a Restricted Building or Grounds | 1/6/2021 | 3s |

The defendant is sentenced as provided in pages 2 through ____8____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   remaining _____ ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/20/2024
Date of Imposition of Judgment

_____
Signature of Judge

Rudolph Contreras, United States District Court Judge
Name and Title of Judge

12/21/2024
Date

RFJN 018

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT: Benjamin Martin
CASE NUMBER: CR 21-562 (RC)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1752(a)(2) | Disorderly and Disruptive Conduct in a Restricted Building or Grounds | 1/6/2021 | 4s |
| 40 USC § 5104(e)(2)(D) | Disorderly Conduct in a Capitol Building | 1/6/2021 | 5s |
| 40 USC § 5104(e)(2)(G) | Parading, Demonstrating, or Picketing in a Capitol Building | 1/6/2021 | 6s |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT:  Benjamin Martin
CASE NUMBER:   CR 21-562 (RC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a
total term of:
Count 1s: 13 Months; Counts 3s and 4s: 12 Months; Counts 5s and 6s: 6 Months
(Term of imprisonment to run concurrently on each count in this case, and to run partially concurrent, partially consecutive to
the case in California (21-cr-228 E.D.Cal) so that 7 months are served concurrently and 6 months are served consecutively.

☑  The court makes the following recommendations to the Bureau of Prisons:

Defendant be considered for designation at a facility as close as possible to Fresno, California
Defendant be allowed to participate in the following program while incarcerated:  1) Anger Management; 2) Family
Programming Series; 3) Career Technical Education (CTE); 4) Ciminal Thinking; 5) Faith-Based Conflict Management
(FBCM); 6) Life Connections Proram (LCP)

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____  ☐ a.m.  ☐ p.m.  on  _____.

☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on  _____.

☐  as notified by the United States Marshal.

☑  as notified by the Probation or Pretrial Services Office  (Self Surrender no earlier that January 22, 2025)

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to  _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  |  |  |  |
|---|---|---|---|
| Judgment—Page | 4 | of | 8 |

DEFENDANT: Benjamin Martin
CASE NUMBER: CR 21-562 (RC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Counts 1s:           36 Months
Counts 3s and 4s: 12 Months

(term of supervised release shall run concurrently on all counts)

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 5 | of | 8 |
|---|---|---|---|---|

DEFENDANT: Benjamin Martin
CASE NUMBER: CR 21-562 (RC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

RFJN 022

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

|  | Judgment—Page | 6 | of | 8 |
|---|---|---|---|---|

DEFENDANT: Benjamin Martin
CASE NUMBER: CR 21-562 (RC)

## SPECIAL CONDITIONS OF SUPERVISION

You shall pay a special assessment in the amount of $170.00, and restitution in the amount of $2000.00.   You must pay the balance of any financial penalties owed at a rate of no less than $100.00 per month until the entire sum is paid in full.

Financial Information Disclosure - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

Mental Health Evaluation and Treatment - You must participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Supervision and Jurisdiction will be transferred to the E.D. of California.

RFJN 023

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 7 | of | 8 |
|---|---|---|---|---|

DEFENDANT: Benjamin Martin
CASE NUMBER: CR 21-562 (RC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 170.00 | $ 2,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk of Court for the United States | | $2,000.00 | |
| District Court for the District of Columbia | | | |
| for Distribution to the following victim: | | | |

Architect of the Capitol

Office of the Chief Financial Officer

Ford House Office Building - Room H2-205

Washington, DC 20515

| TOTALS | $ | 0.00 | $ | 2,000.00 |
|---|---|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement   $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___8___ of ___8___

DEFENDANT: Benjamin Martin
CASE NUMBER: CR 21-562 (RC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __2,170.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☑ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☑  Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __100.00__ over a period of __36 Months__ (e.g., months or years), to commence __30 Days__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
The financial obligations ($170.00 Special Assessment and $2000.00 Restitution) are immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full. Any unpaid amounts must be paid at an amount of no less than $100 per month to begin 30 days after release from incarceration in this case or the California case whichever is later.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

RFJN 025

# EXHIBIT 4

RFJN 026



# 1:21cr562, USA v.MARTIN

US District Court Criminal Docket

United States District Court, District of Columbia

(Washington, DC)

**This case was retrieved on 02/13/2025**

## ▾Header

**Date Filed:** 09/08/2021                                **Class Code:** Closed

**Other Docket:** None                                          **Closed:**

## ▾Participants

## Defendant

| Name | Attorneys |
|---|---|
| BENJAMIN MARTIN | Hootan Baigmohammadi |
| | LEAD ATTORNEY;ATTORNEY TO BE NOTICED |
| | OFFICE OF THE FEDERAL DEFENDER |
| | Eastern District of California 801 I Street 3rd Floor |
| | Sacramento, CA 95814 |
| | USA |
| | hootan_baigmohammadi@fd.org |
| | 916-498-5700Designation: Retained |
| | |
| | Douglas J. Beevers |
| | ATTORNEY TO BE NOTICED |
| | FEDERAL PUBLIC DEFENDER'S OFFICE |
| | 801 I Street Ste 3rd Floor |
| | Sacramento, CA 95814 |
| | USA |
| | douglas_beevers@fd.org |
| | 916-498-5700Fax: 916-498-5710Designation: Public |

1:21cr562, USA v.MARTIN

Defender or Community Defender Appointment

Roger Nuttall
04/07/2022
NUTTALL & COLEMAN
2333 Merced Street
Fresno, CA 93721
USA
angel@rogernuttall.com
559-233-2900Fax: 559-485-3852Designation: Retained

| Charges | Disposition |
| --- | --- |
| **Complaints:** COMPLAINT in VIOLATION of 18 U.S.C. § 1752(a)(1); 18 U.S.C. § 1752(a)(2); 40 U.S.C. § 5104(e)(2)(D); 40 U.S.C. § 5104(e)(2)(G); 18 U.S.C. § 231(a)(3); 18 U.S.C. § 1512(c)(2) | |
| **Pending:** 18:231(a)(3); CIVIL DISORDER; Civil Disorder.(1s) | Defendant is sentenced to Thirteen (13) Months of incarceration which shall run concurrently to counts 3s, 4s,5s, and 6s of the superseding indictment filed on 1/26/20222, and partially concurrent/partially consecutive to case in the Eastern District of California, followed by 36 Months of Supervised Release which shall run concurrent to counts 3s and 4s. Special Assessment: 100.00. Total Restitution: $2000.00 |
| 18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining In a Restricted Building or Grounds.(3s) | Defendant is sentenced to Twelve (12) Months of incarceration which shall run concurrently to counts 1s, 4s,5s, and 6s of the superseding indictment filed on 1/26/20222, and partially concurrent and partially consecutive to case in the Eastern District of California, followed by 12 Months of Supervised Release which shall run concurrent to counts 1s and 4s. Special Assessment: 25.00. Total Restitution: $2000.00 |
| 18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds.(4s) | Defendant is sentenced to Twelve (12) Months of incarceration which shall run concurrently to counts 1s, 3s,5s, and 6s of the superseding indictment filed on 1/26/20222, and partially concurrent and partially consecutive to case in the Eastern District of California, followed by 12 Months of Supervised Release which shall run concurrent to counts 1s and 3s. Special Assessment: 25.00. Total Restitution: $2000.00 |
| 40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building.(5s) | Defendant is sentenced to Six (6) Months of incarceration which shall run concurrently to counts 1s, 3s,4s,and 6s of the superseding indictment filed on 1/26/20222, and partially concurrent and partially consecutive to case in the Eastern District of California. Special Assessment: $10.00. Total Restitution: $2000.00 |

2/13/25, 12:09 PM                                           1:21cr562, USA v.MARTIN

40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY      Defendant is sentenced to Six (6) Months of incarceration
CONDUCT ON CAPITOL GROUNDS; Parading,              which shall run concurrently to counts 1s, 3s,4s,and 5s of
Demonstrating, or Picketing in a Capitol Building.(6s)   the superseding indictment filed on 1/26/20222, and
                                                   partially concurrent and partially consecutive to case in
                                                   the Eastern District of California. Special Assessment:
                                                   $10.00. Total Restitution: $2000.00

**Offense Level (Opening):** Felony
**Terminated:** 18:231(a)(3); CIVIL DISORDER: Civil    Dismissed on the Motion of the Government.
Disorder.(1)

18:1512(c)(2) and 2; TAMPERING WITH A WITNESS,      Dismissed on the Motion of the Government.
VICTIM OR INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting.(2)

18:1512(c)(2) and 2; TAMPERING WITH A WITNESS,      10/15/2024 - Government's motion to dismiss is granted.
VICTIM OR INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting.(2s)

18:1752(a)(1); TEMPORARY RESIDENCE OF THE          Dismissed on the Motion of the Government.
PRESIDENT; Entering and Remaining in a Restricted
Building or Grounds.(3)

18:1752(a)(2); TEMPORARY RESIDENCE OF THE          Dismissed on the Motion of the Government.
PRESIDENT; Disorderly and Disruptive Conduct in a
Restricted Building or Grounds.(4)

40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY     Dismissed on the Motion of the Government.
CONDUCT ON CAPITOL GROUNDS; Disorderly
Conduct in a Capitol Building.(5)

40:5104 (e)(2)(G); VIOLENT ENTRY AND DISORDERLY    Dismissed on the Motion of the Government.
CONDUCT ON CAPITOL GROUNDS; Parading,
Demonstrating, or Picketing in a Capitol Building.(6)
**Offense Level (Terminated):** Felony
**Case Assigned To:** Judge Rudolph Contreras

## ▼U.S. Attorneys

Alexander M. Diamond
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
USAO
Criminal Division 601 D Street NW
Washington, DC 20530
USA
alexander.diamond@usdoj.gov
(202) 506-0427Designation: Assistant U.S. Attorney

Taylor Fontan
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
DOJ-USAO
601 D Street, N.W.
Washington, DC 20530
USA

**RFJN 029**

taylor.fontan@usdoj.gov

202-815-8597Designation: Assistant U.S. Attorney

Alison Prout

05/08/2023

DOJ-USAO

Northern District of Georgia Richard B. Russell Federal Building

Atlanta, GA 30303

USA

alison.prout@usdoj.gov

404-581-6105Designation: Assistant U.S. Attorney

Andrew J. Tessman

03/08/2023

DOJ-USAO

District of Columbia - Detailee 300 Virginia Street East Suite 4000

Charleston, WV 25301

USA

andrew.tessman@usdoj.gov

304-340-2334Designation: Assistant U.S. Attorney

## ▼Proceedings

[ Retrieve Document(s) ]

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Free | 1 | 08/06/2021 | SEALED COMPLAINT as to BENJAMIN MARTIN (1). (Attachments: # 1 Statement of Facts) (zltp) [1:21-mj-00555-GMH *SEALED*] (Entered: 09/03/2021) | |
| ☐ | Online | 3 | 08/06/2021 | MOTION to Seal Case by USA as to BENJAMIN MARTIN. (Attachments: # 1 Text of Proposed Order (zltp) [1:21-mj-00555-GMH *SEALED*] (Entered: 09/03/2021) | |
| ☐ | Online | 4 | 08/06/2021 | ORDER granting 3 Motion to Seal Case as to BENJAMIN MARTIN (1). Signed by Magistrate Judge G. Michael Harvey on 8/6/2021. (zltp) [1:21-mj-00555-GMH *SEALED*] (Entered: 09/03/2021) | |
| | | | 09/02/2021 | Arrest of BENJAMIN MARTIN. (ztl) (Entered: 09/14/2021) | |
| ☐ | Online | 8 | 09/02/2021 | Arrest Warrant Returned Executed on 9/2/2021 in Madera, CA. as to BENJAMIN MARTIN. (ztl) (Entered: 09/14/2021) | |
| ☐ | Free | 5 | 09/08/2021 | INDICTMENT as to BENJAMIN MARTIN (1) count(s) 1, 2, 3, 4, 5, 6. (zhsj) (Entered: 09/09/2021) | |
| | | | 09/10/2021 | MINUTE ORDER as to Defendant: It is hereby ORDERED that Defendant Benjamin Martin appear for an initial appearance/arraignment on September 14, 2021 at 1:00 p.m. before Magistrate Judge Faruqui. The hearing will be conducted by video teleconference; call-in instructions will be provided to counsel prior to the hearing. Counsel for the United States is directed to ensure that counsel for Defendant has received this Order and will provide the information to Defendant. If Defendant does not have counsel, counsel for the United States is directed to contact the Office of the Federal Public Defender for the District of Columbia and provide their office with the information contained in this | |

RFJN 030

2/13/25, 12:09 PM                                          1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | Order. If the parties have questions about this Order or the scheduled hearing, please contact the Courtroom Deputy at 202-354-3173. So Ordered by Magistrate Judge Zia M. Faruqui on 9/10/2021. (ztl) (Entered: 09/10/2021) | |
| | | | 09/14/2021 | ORAL MOTION for Speedy Trial by USA as to BENJAMIN MARTIN. (ztl) (Entered: 09/14/2021) | |
| | | | 09/14/2021 | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance/Arraignment as to BENJAMIN MARTIN held on 9/14/2021 as to Counts 1,2,3,4,5,6 of the Indictment. Plea of NOT guilty entered as to all counts. Defendant present by video. Due Process Order given to the Government. Defendant placed on Standard Conditions of Release. Oral Motion by the Government for Speedy Trial as to BENJAMIN MARTIN (1); heard and granted. Defense joined in request for exclusion. Speedy Trial excluded from 9/14/2021 to 11/5/2021 in the Interest of Justice (XT). Defense request a later date for status hearing. Control Status Hearing set for 11/5/2021 1:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Defendant Remain on Personal Recognizance; Court Reporter: FTR-Gold; FTR Time Frame: Ctrm 4: [1:17:02-1:39:26];Defense Attorney: Mark Coleman for Roger Nutall; US Attorney: Kelly Smith for Alison Prout; Pretrial Officer: John Copes. (ztl) (Entered: 09/14/2021) | |
| ☐ | Online | 9 | 09/14/2021 | ORDER Setting Conditions of Release as to BENJAMIN MARTIN (1) Personal Recognizance. Signed by Magistrate Judge Zia M. Faruqui on 9/14/2021. (Attachment: # 1 Appearance Bond) (ztl) (Entered: 09/15/2021) | |
| | | | 09/22/2021 | MINUTE ORDER as to BENJAMIN MARTIN: Status Conference set for 10/18/2021 at 2:00 PM before Judge Rudolph Contreras via Zoom Video. Parties appearing in this action will be provided with a zoom invitation prior to the scheduled hearing. (So Ordered Judge Rudolph Contreras on 9/22/2021). (tj) (Entered: 09/22/2021) | |
| ☐ | Online | 10 | 09/22/2021 | NOTICE of Filing Discovery Letter by USA as to BENJAMIN MARTIN (Attachments: # 1 Discovery Letter)(Prout, Alison) (Entered: 09/22/2021) | |
| ☐ | Online | 11 | 09/22/2021 | NOTICE of Filing Discovery Status Memoranda by USA as to BENJAMIN MARTIN (Attachments: # 1 United States' Memorandum Regarding Status of Discovery as of July 12, 2021, # 2 United States' Memorandum Regarding Status of Discovery as of August 23, 2021, # 3 United States' Memorandum Regarding Status of Discovery as of September 14, 2021)(Prout, Alison) (Entered: 09/22/2021) | |
| ☐ | Online | 12 | 10/04/2021 | Unopposed MOTION for Disclosure of Federal Rule of Evidence 6(e) Material and Sealed Material by USA as to BENJAMIN MARTIN. (Attachments: # 1 Text of Proposed Order)(Prout, Alison) (Entered: 10/04/2021) | |
| ☐ | Online | 13 | 10/04/2021 | Unopposed MOTION for Protective Order by USA as to BENJAMIN MARTIN. (Attachments: # 1 Text of Proposed Order)(Prout, Alison) (Entered: 10/04/2021) | |
| ☐ | Online | 14 | 10/04/2021 | ORDER granting 12 Motion for Disclosure Federal Rule of Evidence 6(e) Material to defendant BENJAMIN MARTIN (1). (Signed by Judge Rudolph Contreras on 10/4/2021). (tj) (Entered: 10/04/2021) | |
| ☐ | Online | 15 | 10/04/2021 | PROTECTIVE ORDER setting forth procedures for handling confidential material; allowing designated material to be filed under seal as to BENJAMIN MARTIN (Signed by Judge Rudolph Contreras on 10/4/2021). (tj) (Entered: 10/04/2021) | |
| | | | 10/18/2021 | Minute Entry for proceedings held before Judge Rudolph Contreras:Status Conference as to BENJAMIN MARTIN held on 10/18/2021. Parties inform the court of | |

RFJN 031

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | the status of this action. Government counsel requests to amend the defendant's release conditions to include compliance with protective orders issued in the state of California. Speedy trial is excluded (XT) from 10/18/2021 to 12/15/2021 in the interest of justice. Next status conference is set for 12/15/2021 at 12:00 PM before Judge Rudolph Contreras via Zoom Video. Bond Status of Defendant: Personal Recognizance; Court Reporter: Nancy Meyer; Defense Attorney: Roger Nuttall *Awaiting to be admitted*; US Attorney: Alison Prout; (tj) (Entered: 10/19/2021) | |
| ☐ | Free | 16 | 10/20/2021 | ORDER MODIFYING CONDITIONS OF RELEASE as to BENJAMIN MARTIN. See document for details. Signed by Judge Rudolph Contreras on 10/19/2021. (lcrc1) (Entered: 10/20/2021) | |
| ☐ | Online | 17 | 10/22/2021 | STATUS REPORT Regarding Status of Discovery as of October 21, 2021 by USA as to BENJAMIN MARTIN (Prout, Alison) (Entered: 10/22/2021) | |
| ☐ | Online | 18 | 11/03/2021 | NOTICE OF ATTORNEY APPEARANCE: Roger Nuttall appearing for BENJAMIN MARTIN (Nuttall, Roger) (Entered: 11/03/2021) | |
| ☐ | Online | 19 | 11/04/2021 | NOTICE OF LODGING PROTECTIVE ORDER ATTACHMENT by BENJAMIN MARTIN re 15 Protective Order (Nuttall, Roger) (Entered: 11/04/2021) | |
| ☐ | Online | 20 | 11/06/2021 | STATUS REPORT Regarding Status of Discovery as of November 5, 2021 by USA as to BENJAMIN MARTIN (Prout, Alison) (Entered: 11/06/2021) | |
| | | | 12/15/2021 | Minute Entry for proceedings held before Judge Rudolph Contreras:Status Conference as to BENJAMIN MARTIN held on 12/15/2021. Parties inform the court of the status of this action, and request to continue this matter for a period of 45 days. Speedy trial is excluded (XT) from 12/15/2021 to 2/18/22. Next Status Conference is set for 2/18/2022 at 3:00 PM before Judge Rudolph Contreras via Zoom Video. Bond Status of Defendant: Personal Recognizance/with consent to appear by video; Court Reporter: Nancy Meyer; Defense Attorney: Roger Nuttall; US Attorney: Alison Prout; (tj) (Entered: 12/20/2021) | |
| ☐ | Free | 22 | 01/26/2022 | SUPERSEDING INDICTMENT as to BENJAMIN MARTIN (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s. (zhsj) (Entered: 01/27/2022) | |
| ☐ | Online | 24 | 02/11/2022 | NOTICE of United States' Memorandum Regarding Status of Discovery as of February 9, 2022 by USA as to BENJAMIN MARTIN (Prout, Alison) (Entered: 02/11/2022) | |
| | | | 02/18/2022 | Minute Entry for proceedings held before Judge Rudolph Contreras:Status Conference as to BENJAMIN MARTIN held on 2/18/2022 (arraignment not held on superseding indictment filed on 1/26/2022). Parties inform the court of the status of this action, and the defendant requests appointment of new counsel. The court directs that new counsel be appointed by the Federal Public Defenders Office. Request to modify defendant's conditions of release is GRANTED for reasons stated on the record. Defendant is removed from home confinement, and placed on a curfew from 10pm - 6am. Defendant is advised of his right to a speedy trial, and speedy trial is excluded (XT) from 2/18/2022 to 4/7/2022 in the interest of justice. Next Status Conference (ascertainment of counsel) is set for 4/7/2022 at 3:00 PM before Judge Rudolph Contreras via Zoom Video. Bond Status of Defendant: Personal Recognizance (with consent to appear virtually); Court Reporter: Nancy Meyer; Defense Attorney: Roger Bonakdar for Rogert Nutall; US Attorney: Alison Prout; Pretrial Officer: Shay Holman; (tj) (Entered: 02/18/2022) | |

1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Online | 26 | 03/25/2022 | NOTICE OF ATTORNEY APPEARANCE: Hootan Baigmohammadi appearing for BENJAMIN MARTIN (Baigmohammadi, Hootan) (Entered: 03/25/2022) | |
| | | | 04/07/2022 | Attorney update in case as to BENJAMIN MARTIN. Attorney Roger Nuttall terminated. (tj) (Entered: 04/07/2022) | |
| | | | 04/07/2022 | Minute Entry for virtual proceedings held before Judge Rudolph Contreras: Arraignment as to BENJAMIN MARTIN held on 4/7/2022. Defendant enters a plea of NOT GUILTY to Counts 1s,2s,3s,4s,5s,6s of the superseding indictment filed on 1/26/22. Parties inform the court of the status of this action, and request to continue this matter to allow new counsel time to review discovery. Speedy trial is excluded from 4/7/2022 to 7/11/2022 in the interest of justice. Next Status Conference is set for 7/11/2022 at 2:00 PM before Judge Rudolph Contreras. Bond Status of Defendant: Personal Recognizance with consent to appear virtually; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi; US Attorney: Alison Prout; (Entered: 04/07/2022) | |
| ☐ | Online | 28 | 06/01/2022 | NOTICE OF ATTORNEY APPEARANCE Andrew J. Tessman appearing for USA. (Tessman, Andrew) (Entered: 06/01/2022) | |
| ☐ | Online | 29 | 06/28/2022 | Consent MOTION to Continue Status Conference by USA as to BENJAMIN MARTIN. (Tessman, Andrew) (Entered: 06/28/2022) | |
| | | 30 | 06/28/2022 | MOTION to Vacate Hearing and to Exclude Time Under the Speedy Trial Act by USA as to BENJAMIN MARTIN. (See Docket Entry 29 to View Document). (zhsj) (Entered: 06/29/2022) | |
| | | | 06/29/2022 | MINUTE ORDER granting 29 30 the consent motion to continue the status conference currently scheduled for July 11, 2022 @ 2:00pm. The status conference as to defendant BENJAMIN MARTIN is hereby RESCHEDULED for September 28, 2022 at 11:00am before Judge Rudolph Contreras. It is further ORDERED that the Speedy Trial Act is tolled between July 11, 2022 and September 28, 2022 in the interest of justice. (So Ordered Judge Rudolph Contreras on 6/29/2022) (tj) (Entered: 06/29/2022) | |
| ☐ | Online | 31 | 09/17/2022 | Consent MOTION to Continue Status Conference, Consent MOTION to Exclude Time by USA as to BENJAMIN MARTIN. (Attachments: # 1 Text of Proposed Order)(Tessman, Andrew) (Entered: 09/17/2022) | |
| | | | 09/21/2022 | MINUTE ORDER granting 31 the consent motion to continue the status conference currently scheduled for September 28, 2022 @ 11:00am. The status conference as to defendant BENJAMIN MARTIN is hereby RESCHEDULED for December 8, 2022 @ 9:30am before Judge Rudolph Contreras. It is further ORDERED that the Speedy Trial Act is tolled between September 28, 2022 and December 8, 2022 in the interest of justice. (So Ordered Judge Rudolph Contreras on 9/21/2022) (tj) (Entered: 09/21/2022) | |
| ☐ | Online | 32 | 11/25/2022 | Consent MOTION to Vacate 12/8 Status Conference, Consent MOTION to Continue Case, Consent MOTION to Exclude Time by USA as to BENJAMIN MARTIN. (Attachments: # 1 Text of Proposed Order)(Tessman, Andrew) (Entered: 11/25/2022) | |
| | | | 12/01/2022 | MINUTE ORDER granting 32 the consent motion to continue the status conference currently scheduled for December 8, 2022 @ 9:30am. The status conference as to defendant BENJAMIN MARTIN is hereby RESCHEDULED for March 8, 2023 @ 10:00am before Judge Rudolph Contreras. It is further ORDERED that the Speedy Trial Act is tolled between December 8, | |

RFJN 033

2/13/25, 12:09 PM                                                    1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | 2022 and March 8, 2023 in the interest of justice. (So Ordered Judge Rudolph Contreras on 12/1/2022) (tj) (Entered: 12/01/2022) | |
| ☐ | Online | 33 | 12/05/2022 | Unopposed MOTION to Modify Conditions of Release by BENJAMIN MARTIN. (Baigmohammadi, Hootan) (Entered: 12/05/2022) | |
| ☐ | Free | 34 | 12/13/2022 | ORDER MODIFYING CONDITIONS OF RELEASE as to BENJAMIN MARTIN. (Signed by Judge Rudolph Contreras on 12/13/2022). (tj) (Entered: 12/13/2022) | |
| ☐ | Online | 35 | 02/10/2023 | NOTICE OF ATTORNEY APPEARANCE Alexander M. Diamond appearing for USA. (Diamond, Alexander) (Entered: 02/10/2023) | |
| | | | 03/08/2023 | Minute Entry for Status Conference as to BENJAMIN MARTIN held on 3/8/2023 before Judge Rudolph Contreras. Speedy Trial Excludable (XT) started 3/8/2023 through 5/15/2023 in the interest of justice as to BENJAMIN MARTIN. Status Conference set for 5/15/2023 at 10:00 AM via video before Judge Rudolph Contreras. Bond Status of Defendant: Personal Recognizance; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi; US Attorney: Alexander M. Diamond. (zjch, ) (Entered: 03/08/2023) | |
| ☐ | Online | 37 | 03/08/2023 | NOTICE OF WITHDRAWAL OF APPEARANCE of AUSA Andrew J. Tessman by USA as to BENJAMIN MARTIN (Tessman, Andrew) (Entered: 03/08/2023) | |
| ☐ | Online | 38 | 05/08/2023 | NOTICE OF WITHDRAWAL OF APPEARANCE of AUSA Alison Prout by USA as to BENJAMIN MARTIN (Prout, Alison) (Entered: 05/08/2023) | |
| | | | 05/15/2023 | Minute Entry for proceedings held before Judge Rudolph Contreras: Status Conference as to BENJAMIN MARTIN held on 5/15/2023. Parties inform the court of the status of this action. Defendant not present, and oral request to waive his appearance is GRANTED. Oral request to continue this matter for a period of 60 days is GRANTED for reasons stated on the record. Parties consent to exclude speedy trial (XT) from 5/15/23 to 7/13/23 in the interest of justice. Next Status Conference is set for 7/13/2023 at 10:00 AM before Judge Rudolph Contreras via zoom video. Bond Status of Defendant: Personal Recognizance (defendant's appearance is w not present); Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi; US Attorney: Alexander Diamond; (tj) (Entered: 05/15/2023) | |
| ☐ | Online | 40 | 05/19/2023 | Joint MOTION to Clarify by USA as to BENJAMIN MARTIN. (Diamond, Alexander) (Entered: 05/19/2023) | |
| | | | 05/22/2023 | MINUTE ORDER: The Court clarifies that, for the reasons stated by the parties, the development described in 40 the parties' Joint Motion to Clarify does not disturb the Court's prior order that time be excluded until the next status conference on July 13, 2023. SO ORDERED. Signed by Judge Rudolph Contreras on 5/22/2023. (lcrc1) (Entered: 05/22/2023) | |
| | | | 07/13/2023 | Minute Entry for proceedings held before Judge Rudolph Contreras:Status Conference as to BENJAMIN MARTIN held on 7/13/2023. Parties inform the court of the status of this action. Next Status Conference is set for 9/13/2023 at 10:00 AM before Judge Rudolph Contreras via zoom video. Parties consent to the exclusion of speedy trial (XT) from 7/13/23 to 9/13/23 in the interest of justice.Bond Status of Defendant: Personal Recognizance/ with consent to appear virtually; Court Reporter: Lorraine Herman; Defense Attorney: Hootan Baigmohammadi; US Attorney: Alexander Diamond; (tj) (Entered: 07/18/2023) | |
| | | | 09/13/2023 | Minute Entry for virtual proceedings held before Judge Rudolph Contreras: Status Conference as to BENJAMIN MARTIN held on 9/13/2023. Parties inform the court of the status of this action, and request to schedule a trial | |

RFJN 034

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | | | | date and set a briefing schedule. The following briefing schedule is set by the court: Dispositive Motions due by 1/8/2024; Responses due by 2/5/2024; and Replies due by 2/20/2024. The court will schedule a motion hearing when appropriate. Parties consent to the exclusion of speedy trial (XT) from 9/13/23 to 6/17/24 in the interest of justice. Jury Selection and Trial is now set for 6/17/2024 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph Contreras. Bond Status of Defendant: Defendant's appearance is waived for this hearing; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi; US Attorney: Alexander Diamond; ( tj) (Entered: 09/13/2023) | |
| ☐ | Online | 43 | 01/08/2024 | NOTICE OF ATTORNEY APPEARANCE: Douglas J. Beevers appearing for BENJAMIN MARTIN (Beevers, Douglas) (Entered: 01/08/2024) | |
| ☐ | Online | 44 | 01/08/2024 | MOTION to Dismiss Count for Multiplicity by BENJAMIN MARTIN. (Beevers, Douglas) (Entered: 01/08/2024) | |
| ☐ | Online | 45 | 01/08/2024 | MOTION to Change Venue by BENJAMIN MARTIN. (Beevers, Douglas) (Entered: 01/08/2024) | |
| ☐ | Online | 46 | 01/08/2024 | MOTION to Compel Discovery Pertaining to the Defense of Entrapment by BENJAMIN MARTIN. (Baigmohammadi, Hootan) (Entered: 01/08/2024) | |
| ☐ | Online | 47 | 01/08/2024 | MOTION to Compel Discovery in Support of Claim of Selective Prosecution by BENJAMIN MARTIN. (Attachments: # 1 Exhibit A)(Baigmohammadi, Hootan) (Entered: 01/08/2024) | |
| ☐ | Free | 48 | 01/08/2024 | MOTION to Dismiss Count 2 by BENJAMIN MARTIN. (Baigmohammadi, Hootan) (Entered: 01/08/2024) | |
| ☐ | Free | 49 | 02/05/2024 | RESPONSE by USA as to BENJAMIN MARTIN re 44 MOTION to Dismiss Count for Multiplicity (Diamond, Alexander) (Entered: 02/05/2024) | |
| ☐ | Online | 50 | 02/05/2024 | RESPONSE by USA as to BENJAMIN MARTIN re 48 MOTION to Dismiss Count 2 (Diamond, Alexander) (Entered: 02/05/2024) | |
| ☐ | Online | 51 | 02/05/2024 | RESPONSE by USA as to BENJAMIN MARTIN re 47 MOTION to Compel Discovery in Support of Claim of Selective Prosecution (Diamond, Alexander) (Entered: 02/05/2024) | |
| ☐ | Online | 52 | 02/05/2024 | RESPONSE by USA as to BENJAMIN MARTIN re 46 MOTION to Compel Discovery Pertaining to the Defense of Entrapment (Diamond, Alexander) (Entered: 02/05/2024) | |
| ☐ | Online | 53 | 02/05/2024 | RESPONSE by USA as to BENJAMIN MARTIN re 45 MOTION to Change Venue (Diamond, Alexander) (Entered: 02/05/2024) | |
| ☐ | Online | 54 | 02/20/2024 | REPLY TO OPPOSITION to Motion by BENJAMIN MARTIN re 46 MOTION to Compel Discovery Pertaining to the Defense of Entrapment (Baigmohammadi, Hootan) (Entered: 02/20/2024) | |
| ☐ | Online | 55 | 04/05/2024 | PRETRIAL ORDER. See document for details. Signed by Judge Rudolph Contreras on 4/5/2024. (lcrc1) (Entered: 04/05/2024) | |
| | | | 04/17/2024 | Set/Reset Deadlines as to BENJAMIN MARTIN: Motion in Limine due by 5/3/2024. Pretrial Statement due by 5/28/2024. (tj) (Entered: 04/17/2024) | |
| | | | 04/17/2024 | Set/Reset Hearings as to BENJAMIN MARTIN: Pretrial Conference set for 6/11/2024 at 02:00 PM in Telephonic/VTC before Judge Rudolph Contreras. (tj) (Entered: 04/17/2024) | |
| | | | 04/25/2024 | MINUTE ORDER denying 48 the Motion to Dismiss Count Two as to defendant BENJAMIN MARTIN. Count Two of the superseding indictment charges the Defendant with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(c) (2) and 18 U.S.C. § 2. See Superseding Indictment at 2, ECF No. 22 . 18 U.S.C. § 1512(c)(1) makes it a crime to | |

RFJN 035

1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | "corruptly... alter[], destroy[], mutilate[], or conceal[] a record, document, or other object, or attempt[] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding," while 18 U.S.C. § 1512(c)(2) provides that it is illegal to "corruptly... otherwise obstruct[], influence[], or impede[] any official proceeding, or attempt[] to do so." Defendant argues that "[section] 1512(c)(2) is limited by [section] 1512(c)(1) in that otherwise obstructing, influencing, or impeding any official proceeding necessarily must be related to obstructive conduct with respect to a record, document, or other object." Mot. to Dismiss at 4, ECF No. 48. Defendant concedes that this "argument is foreclosed" by the D.C. Circuit's decision in United States v. Fischer, 64 F.4th 329 (D.C. Cir.), cert. granted, 144 S. Ct. 537 (2023), and that his motion simply serves as a means "to preserve the issue" in the event that the Supreme Court overturns the Circuit's opinion in Fischer. Id. at 1; see also Fischer v. United States, No. 23-5572 (U.S. argued Apr. 16, 2024). (So Ordered Judge Rudolph Contreras on 4/25/2024). (lcrc1) (Entered: 04/25/2024) | |
| ☐ | Online | 56 | 04/30/2024 | ORDER denying 46 Defendant BENJAMIN MARTIN's Motion to Compel Discovery Pertaining to the Defense of Entrapment; and denying 47 Defendant's Motion to Compel Discovery in Support of Claim of Selective Prosecution. See document for details. Signed by Judge Rudolph Contreras on 4/30/2024. (lcrc1) (Entered: 04/30/2024) | |
| ☐ | Online | 57 | 05/02/2024 | NOTICE OF ATTORNEY APPEARANCE Taylor Fontan appearing for USA. (Fontan, Taylor) (Entered: 05/02/2024) | |
| ☐ | Online | 58 | 05/03/2024 | MOTION in Limine by USA as to BENJAMIN MARTIN. (Diamond, Alexander) (Entered: 05/03/2024) | |
| ☐ | Online | 59 | 05/03/2024 | MOTION in Limine re USSS by USA as to BENJAMIN MARTIN. (Diamond, Alexander) (Entered: 05/03/2024) | |
| ☐ | Online | 60 | 05/03/2024 | MOTION in Limine by BENJAMIN MARTIN. (Attachments: # 1 Exhibit A)(Baigmohammadi, Hootan) (Entered: 05/03/2024) | |
| ☐ | Online | 61 | 05/03/2024 | DECLARATION in Support of Motions in Limine by BENJAMIN MARTIN 60 MOTION in Limine filed by BENJAMIN MARTIN (Baigmohammadi, Hootan) (Entered: 05/03/2024) | |
| ☐ | Online | 62 | 05/07/2024 | ORDER denying 44 Defendant BENJAMIN MARTIN's Motion to Dismiss for Multiplicity. See document for details. Signed by Judge Rudolph Contreras on 5/7/2024. (lcrc1) (Entered: 05/07/2024) | |
| ☐ | Online | 63 | 05/07/2024 | ORDER denying 45 Defendant BENJAMIN MARTIN's Motion for a Change in Venue and Expanded Jury Venire. See document for details. Signed by Judge Rudolph Contreras on 5/7/2024. (lcrc1) (Entered: 05/07/2024) | |
| | | | 05/14/2024 | MINUTE ORDER as to BENJAMIN MARTIN: A status conference to address ascertainment of counsel will be held on 5/21/2024 at 3:00 PM before Judge Rudolph Contreras via zoom video. (So Ordered Judge Rudolph Contreras on 5/14/24) (tj) (Entered: 05/14/2024) | |
| ☐ | Online | 64 | 05/17/2024 | RESPONSE by USA as to BENJAMIN MARTIN re 60 MOTION in Limine (Diamond, Alexander) (Entered: 05/17/2024) | |
| ☐ | Online | 65 | 05/21/2024 | NOTICE of Opposition to Continuance by USA as to BENJAMIN MARTIN (Diamond, Alexander) (Entered: 05/21/2024) | |
| | | | 05/21/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras:Status Conference as to BENJAMIN MARTIN held on 5/21/2024. The court addresses defendant's oral request for new counsel and to reschedule trial currently scheduled to commence on | |

2/13/25, 12:09 PM                                      1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | June 17, 2024. An order will be issued by the court.Bond Status of Defendant: Personal Recognizance; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi, Douglas Beevers and Bradford Geyer; US Attorney: Alexander Diamond and Taylor Fontan; (tj) (Entered: 05/21/2024) | |
| ☐ | Online | 66 | 05/28/2024 | ORDER denying Defendant BENJAMIN MARTIN'S motion for a continuance. See document for details. Signed by Judge Rudolph Contreras on 5/28/2024. (lcrc1) (Entered: 05/28/2024) | |
| ☐ | Online | 67 | 05/28/2024 | MOTION for Bill of Particulars by BENJAMIN MARTIN. (Beevers, Douglas) (Entered: 05/28/2024) | |
| ☐ | Free | 68 | 05/29/2024 | TRIAL BRIEF by USA as to BENJAMIN MARTIN (Attachments: # 1 Exhibit Proposed Voir Dire, # 2 Exhibit Proposed Jury Instructions, # 3 Exhibit Govt.'s Exhibit List, # 4 Exhibit Defendant's Exhibit List, # 5 Exhibit Proposed Verdict Form, # 6 Exhibit Defendant's Objections to Govt.'s Exhibits)(Fontan, Taylor) (Entered: 05/29/2024) | |
| ☐ | Online | 69 | 06/09/2024 | Supplemental MOTION in Limine by BENJAMIN MARTIN. (Attachments: # 1 Exhibit A, Report, # 2 Exhibit B, Comments)(Baigmohammadi, Hootan) (Entered: 06/09/2024) | |
| ☐ | Online | 70 | 06/10/2024 | Proposed Jury Instructions by BENJAMIN MARTIN (Beevers, Douglas) (Entered: 06/10/2024) | |
| ☐ | Online | 71 | 06/10/2024 | Proposed Jury Instructions by USA as to BENJAMIN MARTIN (Fontan, Taylor) (Entered: 06/10/2024) | |
| ☐ | Online | 72 | 06/10/2024 | RESPONSE by USA as to BENJAMIN MARTIN re 67 MOTION for Bill of Particulars (Diamond, Alexander) (Entered: 06/10/2024) | |
| ☐ | Online | 73 | 06/10/2024 | Proposed Jury Instructions by USA as to BENJAMIN MARTIN (Fontan, Taylor) (Entered: 06/10/2024) | |
| ☐ | Online | 74 | 06/10/2024 | MOTION to File an Ex Parte Application Under Seal by BENJAMIN MARTIN. (Beevers, Douglas) (Entered: 06/10/2024) | |
| | | | 06/11/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras: Pretrial Conference as to BENJAMIN MARTIN held on 6/11/2024. Jury Selection/Trial remains scheduled to commence on Monday, June 17, 2024 at 10:00am Bond Status of Defendant: Personal Recognizance with consent to appear virtually; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi, Douglas Beevers; US Attorney: Alexander Diamond and Taylor Fontan; (tj) (Entered: 06/11/2024) | |
| ☐ | Free | 75 | 06/12/2024 | MOTION in Limine re Authentication by USA as to BENJAMIN MARTIN. (Attachments: # 1 Exhibit) (Diamond, Alexander) (Entered: 06/12/2024) | |
| ☐ | Online | 76 | 06/13/2024 | ORDER granting in part and denying in part 60 Defendant BENJAMIN MARTIN'S motions in limine; and granting 60 Defendant BENJAMIN MARTIN'S motion for a discovery cut-off date. See document for details. Signed by Judge Rudolph Contreras on 6/13/2024. (lcrc1) (Entered: 06/13/2024) | |
| | | | 06/13/2024 | MINUTE ORDER granting 58 the Government's Unopposed Motion In Limine Regarding Evidence About the Specific Locations of U.S. Capitol Police Surveillance Cameras as to BENJAMIN MARTIN: It is hereby ORDERD that the Government's unopposed motion in limine to limit questioning and evidence regarding the specific locations of surveillance cameras at the U.S. Capitol is GRANTED. Specifically, Defendant shall not introduce evidence or question witnesses regarding the exact locations of surveillance cameras or the maps used to locate such cameras unless Defendant first establishes that such evidence or testimony is both relevant and necessary to his defense. | |

RFJN 037

2/13/25, 12:09 PM                                          1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | See Fed. R. Evid. 401, 403; see also United States v. Baez, No. 21-CR-0507, 2023 WL 6364648, at *4-5 (D.D.C. Sept. 29, 2023). SO ORDERED. Signed by Judge Rudolph Contreras on 6/13/2024. (lcrc1) (Entered: 06/13/2024) | |
| | | | 06/13/2024 | MINUTE ORDER granting 59 the Government's Unopposed Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness as to BENJAMIN MARTIN: It is hereby ORDERED that the Government's unopposed motion in limine to limit cross-examination of U.S. Secret Service witnesses is GRANTED. Specifically, Defendant may not question U.S. Secret Service witnesses regarding (1) the Secret Service's protocols related to the locations where protectees or their motorcades are taken at the U.S. Capitol or other government buildings when emergencies occur and (2) details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees. SO ORDERED. Signed by Judge Rudolph Contreras on 6/13/2024. (lcrc1) (Entered: 06/13/2024) | |
| | | | 06/14/2024 | MINUTE ORDER granting 74 Defendant BENJAMIN MARTIN'S Motion to File an Ex Parte Application Under Seal. It is hereby ORDERED that, to the extent Defendant wants the Court to issue a subpoena pursuant to Federal Rule of Criminal Procedure 17(b), Defendant shall file an ex parte application demonstrating his inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. Consistent with Rule 17(b), Defendant's application shall provide support specifically demonstrating Defendant's inability to pay the witness's fees and expenses. It is FURTHER ORDERED that Defendant's application shall attach a proposed subpoena that specifies the witness's name, the place where the witness may be found, and the time and place at which the witness shall testify. SO ORDERED. Signed by Judge Rudolph Contreras on 6/14/2024. (lcrc1) (Entered: 06/14/2024) | |
| ☐ | Free | 77 | 06/14/2024 | ORDER denying 67 BENJAMIN MARTIN'S Motion for a Bill of Particulars. See document for details. Signed by Judge Rudolph Contreras on 6/14/2024. (lcrc1) (Entered: 06/14/2024) | |
| ☐ | Online | 78 | 06/14/2024 | RESPONSE by BENJAMIN MARTIN re 75 MOTION in Limine re Authentication (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Beevers, Douglas) (Entered: 06/14/2024) | |
| | | | 06/17/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras:Jury Selection held on 6/17/2024 as to BENJAMIN MARTIN (1) re: Counts 1s,2s,3s,4s,5s,6s. Jury Selection continued to 6/18/2024 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph Contreras. Bond Status of Defendant: Personal Recognizance; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi, Douglas Beevers; US Attorney: Alexander Diamond and Taylor Fontan; (tj) (Entered: 06/17/2024) | |
| ☐ | Online | 79 | 06/17/2024 | ORDER granting 75 the Government's Motion to Find Extraction of Third Party's Digital Device Authenticated by Certification Pursuant to Rule 902(14) as to BENJAMIN MARTIN. See document for details. Signed by Judge Rudolph Contreras on 6/17/2024. (lcrc1) (Entered: 06/17/2024) | |
| | | | 06/18/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras:Jury Selection resumed and concluded as to BENJAMIN MARTIN on 6/18/2024 re counts 1s,2s,3s,4s,5s and 6s. Jury of 12 and 2 alternates selected but not sworn. One issue will be addressed before the start of trial on 6/20/2024 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph | |

RFJN 038

1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | Contreras. Bond Status of Defendant: Personal Recognizance; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi and Douglas Beevers; US Attorney: Alexander Diamond and Taylor Fontan; (tj) (Entered: 06/18/2024) | |
| ☐ | Online | 80 | 06/19/2024 | ORDER granting in part and denying in part 69 Defendant BENJAMIN MARTIN'S Supplemental Motion in Limine. See document for details. Signed by Judge Rudolph Contreras on 6/19/2024. (lcrc1) (Entered: 06/19/2024) | |
| | | | 06/20/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras: Jury Selection resumed and concluded. Jury of 12 and 1 alternate selected and SWORN. Jury Trial begun as to BENJAMIN MARTIN on 6/20/2024 as to Counts 1s,2s,3s,4s,5s and 6s. Evidence entered, and Jury Trial continued to 6/21/2024 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph Contreras. Bond Status of Defendant: Personal Recognizance; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi, Douglas Beevers; US Attorney: Alexander Diamond and Taylor Fontan; Witnesses: USCP Shawn Walton; USSS Lanelle Hawa; FBI Jessica Salo; MPD Patrick Moreland (tj) (Entered: 06/20/2024) | |
| | | | 06/20/2024 | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia (Signed by Judge Rudolph Contreras on 6/20/24). (tj) (Entered: 06/20/2024) | |
| | | | 06/21/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras: Jury Trial resumed and held as to BENJAMIN MARTIN on 6/21/2024 as to Counts 1s,2s,3s,4s,5s and 6s. Same jury of 12 and 1 alternate present. Evidence entered and Jury Trial continued to 6/24/2024 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph Contreras. Bond Status of Defendant: Personal Recognizance; Court Reporter: Nancy Meyer; Defense Attorney: Hootan Baigmohammadi and Douglas Beevers; US Attorney: Alexander M. Diamond and Taylor Fontan; Witnesses: MPD Patrick Moreland and FBI Conner Ledbetter (tj) (Entered: 06/21/2024) | |
| | | | 06/24/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras: Jury Trial resumed and held as to BENJAMIN MARTIN on 6/24/2024 re Counts 1s,2s,3s,4s,5s and 6s. Same jury of 12 and 1 alternate present. Evidence entered, and Jury Trial continued to 6/25/2024 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph Contreras. Rule 29 motion heard and DENIED for reasons stated on the record. Government rests. Bond Status of Defendant: Personal Recognizance; Court Reporter: Sonja Reeves; Defense Attorney: Hootan Baigmohammadi and Douglas Beevers; US Attorney: Alexander Diamond and Taylor Fontan; Witnesses: FBI Connor Ledbetter; Benjamin Martin (tj) (Entered: 06/24/2024) | |
| | | | 06/25/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras: Jury Trial resumed and held as to BENJAMIN MARTIN on 6/25/2024 re: counts 1s,2s,3s,4s,5s and 6s. Same jury of 12 and 1 alternate present. Evidence entered and Jury Trial continued to 6/26/2024 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph Contreras. Bond Status of Defendant: Personal Recognizance; Court Reporter: Sonja Reeves; Defense Attorney: Hootan Baigmohammadi, Douglas Beevers; US Attorney: Alexander Diamond and Taylor Fontan; Witnesses: Benjamin Martin (continued) (tj) (Entered: 06/25/2024) | |

RFJN 039

2/13/25, 12:09 PM                                                1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Online | 83 | 06/25/2024 | Proposed Jury Instructions by BENJAMIN MARTIN (Beevers, Douglas) (Entered: 06/25/2024) | |
| ☐ | Online | 84 | 06/25/2024 | Proposed Jury Instructions by USA as to BENJAMIN MARTIN (Fontan, Taylor) (Entered: 06/25/2024) | |
| ☐ | Online | 85 | 06/26/2024 | SENTENCING SCHEDULING ORDER as to BENJAMIN MARTIN. See document for details. Signed by Judge Rudolph Contreras on 6/26/2024. (lcrc1) (Entered: 06/26/2024) | |
| ☐ | | | 06/26/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras:Jury Trial resumed and concluded as to BENJAMIN MARTIN 6/26/2024. Same jury of 12 and 1 alternate present. Jury Deliberations begin, and Alternate 1 is dismissed. Jury reaches a verdict of GUILTY as to Counts 1s,2s,3s,4s,5s and 6s. CASE REFERRED TO THE PROBATION OFFICE for Presentence Investigation Report. Sentencing is set for 11/15/2024 at 2:00 PM in Courtroom 23A- In Person before Judge Rudolph Contreras. Bond Status of Defendant: Personal Recognizance continued; Court Reporter: Sonja Reeves; Defense Attorney: Hootan Baigmohammadi, Douglas Beevers; US Attorney: Alexander Diamond and Taylor Fontan; (tj) (Entered: 06/26/2024) | |
| ☐ | Online | 86 | 06/26/2024 | ATTORNEYS ACKNOWLEDGMENT OF TRIAL EXHIBITS as to BENJAMIN MARTIN. (tj) (Entered: 06/26/2024) | |
| ☐ | Free | 87 | 06/26/2024 | Jury Instructions as to BENJAMIN MARTIN (With Fiat Order "Leave to File Granted" Signed by Judge Rudolph Contreras) (tj) (Entered: 06/26/2024) | |
| ☐ | Free | 88 | 06/26/2024 | Jury Note (1) as to BENJAMIN MARTIN (tj) (Entered: 06/26/2024) | |
| ☐ | Online | 89 | 06/26/2024 | Signature Page of Foreperson as to BENJAMIN MARTIN in Jury Note 1. (Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court.) (tj) (Entered: 06/26/2024) | |
| ☐ | Free | 90 | 06/26/2024 | VERDICT FORM as to BENJAMIN MARTIN (tj) (Entered: 06/26/2024) | |
| ☐ | Online | 91 | 06/26/2024 | Signature Page of Foreperson as to BENJAMIN MARTIN in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E-Government Act. Access is limited to Counsel of Record and the Court.) (tj) (Entered: 06/26/2024) | |
| ☐ | | | 06/27/2024 | MINUTE ORDER: Pursuant to 85 the Court's Sentencing Scheduling Order, BENJAMIN MARTIN is required to appear for sentencing on November 15, 2024 at 2:00 p.m. in Courtroom 23A. BENJAMIN MARTIN is hereby warned that failure to appear as required is a separate criminal offense for which he could be sentenced to imprisonment. BENJAMIN MARTIN is further warned that all the conditions on which he was released up to now continue to apply, that the penalties for violating those conditions can be severe, and that committing a crime while on release could subject him to more severe punishment than he would have received for that crime if had not been under release conditions. SO ORDERED. Signed by Judge Rudolph Contreras on 6/27/2024. (lcrc1) (Entered: 06/27/2024) | |
| ☐ | Online | 92 | 07/10/2024 | Unopposed MOTION for Extension of Time to File Post-Trial Motions Concerning Fischer by BENJAMIN MARTIN. (Baigmohammadi, Hootan) (Entered: 07/10/2024) | |
| ☐ | Online | 93 | 07/10/2024 | MOTION for Extension of Time to File Post-Trial Motions Unrelated to Fischer by BENJAMIN MARTIN. (Baigmohammadi, Hootan) (Entered: 07/10/2024) | |

RFJN 040

2/13/25, 12:09 PM                                          1:21cr562, USA v.MARTIN

| | Availability ⬦ | # ⬦ | Date ⬦ | Proceeding Text ⬦ | Source ⬦ |
|---|---|---|---|---|---|
| | | | 07/11/2024 | MINUTE ORDER granting 92 Defendant BENJAMIN MARTIN'S Unopposed Motion to Set Post-Trial Briefing Schedule Regarding Fischer: It is hereby ORDERED that the following schedule shall govern the filing of any post-trial motions regarding the Supreme Court's decision in Fischer: post-trial motions concerning Fischer shall be filed on or before September 16, 2024; oppositions shall be filed on or before October 16, 2024; and replies shall be filed on or before November 1, 2024. SO ORDERED. Signed by Judge Rudolph Contreras on 7/11/2024. (lcrc1) (Entered: 07/11/2024) | |
| ☐ | Online | 94 | 08/01/2024 | TRANSCRIPT OF JURY VOIR DIRE in the case as to BENJAMIN MARTIN before The Honorable Rudolph Contreras held on 06/17/2024. Page Numbers: 1-262. Date of Issuance: 08/01/2024. Stenographic Court Reporter: Nancy J. Meyer. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left-hand side under Transcript Requests). Please select Former Reporter. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi-page, condensed, CD, or ASCII) may be purchased from the court reporter. NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/22/2024. Redacted Transcript Deadline set for 9/1/2024. Release of Transcript Restriction set for 10/30/2024.(Meyer, Nancy J.) (Entered: 08/01/2024) | |
| ☐ | Online | 95 | 08/01/2024 | TRANSCRIPT OF JURY VOIR DIRE in the case as to BENJAMIN MARTIN before The Honorable Rudolph Contreras held on 06/18/2024. Page Numbers: 1-244. Date of Issuance: 08/01/2024. Stenographic Court Reporter: Nancy J. Meyer. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left-hand side under Transcript Requests). Please select Former Reporter. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi-page, condensed, CD, or ASCII) may be purchased from the court reporter. NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/22/2024. Redacted Transcript Deadline set for 9/1/2024. Release of Transcript Restriction set for 10/30/2024.(Meyer, Nancy J.) (Entered: 08/01/2024) | |
| ☐ | Online | 96 | 08/01/2024 | TRANSCRIPT OF JURY TRIAL in the case as to BENJAMIN MARTIN before The Honorable Rudolph Contreras held on 06/20/2024. Page Numbers: 1-241. Date of Issuance: 08/01/2024. Stenographic Court Reporter: Nancy J. Meyer. Email: nancymeyercourtreporter@gmail.com. Transcripts may | |

RFJN 041

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | be ordered by going to www.dcd.uscourts.gov (left-hand side under Transcript Requests). Please select Former Reporter. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi-page, condensed, CD, or ASCII) may be purchased from the court reporter. NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/22/2024. Redacted Transcript Deadline set for 9/1/2024. Release of Transcript Restriction set for 10/30/2024.(Meyer, Nancy J.) (Entered: 08/01/2024) | |
| ☐ | Online | 97 | 08/01/2024 | TRANSCRIPT OF JURY TRIAL in the case as to BENJAMIN MARTIN before The Honorable Rudolph Contreras held on 06/21/2024. Page Numbers: 1-147. Date of Issuance: 08/01/2024. Stenographic Court Reporter: Nancy J. Meyer. Email: nancymeyercourtreporter@gmail.com. Transcripts may be ordered by going to www.dcd.uscourts.gov (left-hand side under Transcript Requests). Please select Former Reporter. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats (multi-page, condensed, CD, or ASCII) may be purchased from the court reporter. NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/22/2024. Redacted Transcript Deadline set for 9/1/2024. Release of Transcript Restriction set for 10/30/2024.(Meyer, Nancy J.) (Entered: 08/01/2024) | |
| ☐ | Online | 98 | 08/09/2024 | TRANSCRIPT OF PROCEEDINGS in case as to BENJAMIN MARTIN before Judge Rudolph Contreras held on June 24, 2024; Page Numbers: 1-227. Date of Issuance:August 9, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354-3246, Transcripts may be ordered by submitting the Transcript Order FormFor the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/30/2024. Redacted Transcript Deadline set for | |

RFJN 042

2/13/25, 12:09 PM                                            1:21cr562, USA v.MARTIN

| | Availability ◇ | # ◇ | Date ∧ | Proceeding Text ◇ | Source ◇ |
|---|---|---|---|---|---|
| | | | | 9/9/2024. Release of Transcript Restriction set for 11/7/2024.(Reeves, Sonja) (Entered: 08/09/2024) | |
| ☐ | Online | 99 | 08/09/2024 | TRANSCRIPT OF PROCEEDINGS in case as to BENJAMIN MARTIN before Judge Rudolph Contreras held on June 25, 2024; Page Numbers: 1-162. Date of Issuance:August 9, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354-3246, Transcripts may be ordered by submitting the Transcript Order FormFor the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/30/2024. Redacted Transcript Deadline set for 9/9/2024. Release of Transcript Restriction set for 11/7/2024.(Reeves, Sonja) (Entered: 08/09/2024) | |
| ☐ | Online | 100 | 08/09/2024 | TRANSCRIPT OF PROCEEDINGS in case as to BENJAMIN MARTIN before Judge Rudolph Contreras held on June 26, 2024; Page Numbers: 1-160. Date of Issuance:August 9, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354-3246, Transcripts may be ordered by submitting the Transcript Order FormFor the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/30/2024. Redacted Transcript Deadline set for 9/9/2024. Release of Transcript Restriction set for 11/7/2024.(Reeves, Sonja) (Entered: 08/09/2024) | |
| ☐ | Online | 101 | 09/16/2024 | MOTION for Acquittal as to Count Two by BENJAMIN MARTIN. (Baigmohammadi, Hootan) (Entered: 09/16/2024) | |
| ☐ | Free | 102 | 10/15/2024 | Unopposed MOTION to Dismiss Count Two of the Superseding Indictment by USA as to BENJAMIN MARTIN. (Attachments: # 1 Text of Proposed Order) (Fontan, Taylor) (Entered: 10/15/2024) | |
| ☐ | Online | 103 | 10/15/2024 | ORDER as to BENJAMIN MARTIN granting 102 Unopposed Motion to Dismiss Count Two of the Superseding Indictment. See document for details. Signed by Judge Rudolph Contreras on 10/15/2024. (lcrc1) (Entered: 10/15/2024) | |
| | | | 10/15/2024 | DISMISSAL OF COUNTS on Government Motion as to BENJAMIN MARTIN. (tj) (Entered: 10/15/2024) | |
| | | | 10/31/2024 | MINUTE ORDER as to BENJAMIN MARTIN: Upon consent of the parties, sentencing currently scheduled for 11/15/24 at 2:00pm is hereby RESCHEDULED for | |

2/13/25, 12:09 PM                                    1:21cr562, USA v.MARTIN

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | 12/20/24 at 2:00pm in Courtroom 23A- In Person before Judge Rudolph Contreras. It is further ORDERED that the following schedule is adopted by the court: Final Presentence Report is due by 11/8/2024; Sentencing Memorandums are due by 12/6/2024 and Responses are due by 12/13/2024. (So Ordered Judge Rudolph Contreras on 10/31/24). (tj) (Entered: 10/31/2024) | |
| ☐ | Free | 109 | 12/06/2024 | SENTENCING MEMORANDUM by USA as to BENJAMIN MARTIN (Attachments: # 1 Exhibit, # 2 Exhibit)(Fontan, Taylor) (Entered: 12/06/2024) | |
| ☐ | Online | 110 | 12/06/2024 | ENTERED IN ERROR.....SENTENCING MEMORANDUM by BENJAMIN MARTIN (Baigmohammadi, Hootan) Modified to enter in error at the request of filer; refiled at DE #111 on 12/17/2024 (zstd). (Entered: 12/06/2024) | |
| ☐ | Online | 111 | 12/06/2024 | SENTENCING MEMORANDUM by BENJAMIN MARTIN (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Baigmohammadi, Hootan) (Entered: 12/06/2024) | |
| ☐ | Online | 112 | 12/13/2024 | RESPONSE by USA as to BENJAMIN MARTIN Re: Response to Defendant's Sentencing Memorandum ECF No. 110 (Fontan, Taylor) Modified to add link on 12/16/2024 (znmw). (Entered: 12/13/2024) | |
| ☐ | Online | 113 | 12/18/2024 | SENTENCING MEMORANDUM by USA as to BENJAMIN MARTIN (Fontan, Taylor) (Entered: 12/18/2024) | |
| | | | 12/20/2024 | Minute Entry for proceedings held before Judge Rudolph Contreras: Sentencing held on 12/20/2024 as to BENJAMIN MARTIN (1). Count 1s: Defendant is sentenced to Thirteen (13) Months of incarceration; Counts 3s and 4s: Defendant is sentenced to 12 Months of incarceration; Counts 5s and 6s: Defendant is sentenced to 6 months of incarceration. (Term of imprisonment shall run concurrently on all counts in this action, and partially concurrent and partially consecutive to case in the Eastern District of California). Supervised Release: Count 1s : 36 Months; Counts 3s and 4s: 12 months. (Term of supervised release shall run concurrent on each count.) Special Assessment: 170.00. Total Restitution: $2000.00; Bond Status of Defendant: Personal Recognizance until self-surrender; Defense Attorney: Hootan Baigmohammadi and Douglas Beevers; US Attorney: Taylor Fontan; Probation Officer: Sherry Baker and Hana Field; (tj) (Entered: 12/23/2024) | |
| ☐ | Online | 115 | 12/21/2024 | JUDGMENT as to BENJAMIN MARTIN. Statement of Reasons Not Included. Signed by Judge Rudolph Contreras on 12/21/2024. (zljn) (Entered: 12/26/2024) | |
| ☐ | Online | 116 | 12/21/2024 | STATEMENT OF REASONS as to BENJAMIN MARTIN re 115 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Rudolph Contreras on 12/21/2024. (zljn) (Entered: 12/26/2024) | |

**Retrieve Document(s)**

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

RFJN 044



About                    Cookie Policy                    RELX ™

Privacy Policy           Terms & Conditions

Copyright © 2025 LexisNexis.

RFJN 045

# EXHIBIT 5

RFJN 046

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 23-CR-229 |
| | : | |
| v. | : | VIOLATION: |
| | : | |
| TAYLOR TARANTO, | : | 26 U.S.C. §§ 5861(d), 5845(a)(3) |
| | : | (Possession of an Unregistered Firearm) |
| Defendant. | : | 22 D.C. CODE § 4504(a)(1) |
| | : | (Carrying a Pistol Without a License |
| | : | (Outside Home or Place of Business)) |
| | : | 7 D.C. CODE § 2506.01(b) |
| | : | (Possession of a Lage Capacity |
| | : | Ammunition Feeding Device) |
| | : | 7 D.C. CODE § 2506.01(a)(3) |
| | : | (Unlawful Possession of Ammunition) |
| | : | 18 U.S.C. § 1038(a)(1) |
| | : | (False Information and Hoaxes) |
| | : | 18 U.S.C. §§ 1512(c)(2), 2 |
| | : | (Obstruction of an Official Proceeding) |
| | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a |
| | : | Restricted Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds) |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Disorderly Conduct in a Capitol Building |
| | : | or Grounds) |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | (Parading, Demonstrating, or Picketing in |
| | : | a Capitol Building) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d): |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about June 29, 2023, within the District of Columbia, **TAYLOR TARANTO** knowingly possessed a firearm, namely a Scorpion CZ short-barreled rifle, that is not registered to him in the National Firearms Registration and Transfer Record.

(**Possession of an Unregistered Firearm**, in violation of Title 26, United States Code, Sections 5861(d), 5845(a)(3))

### COUNT TWO

On or about June 29, 2023, within the District of Columbia, **TAYLOR TARANTO** did carry, openly and concealed on or about his person, in a place other than his dwelling place, place of business or on other land possessed by him, a Scorpion CZ pistol, without a license issued pursuant to law.

(**Carrying a Pistol Without a License (Outside Home or Place of Business)**, in violation of 22 D.C. Code, Section 4504(a)(1) (2001 ed.))

### COUNT THREE

On or about June 29, 2023, within the District of Columbia, **TAYLOR TARANTO** did carry, openly and concealed on or about his person, in a place other than his dwelling place, place of business or on other land possessed by him, a pistol, namely a Smith & Wesson M&P Shield firearm, without a license issued pursuant to law.

(**Carrying a Pistol Without a License (Outside Home or Place of Business)**, in violation of 22 D.C. Code, Section 4504(a)(1) (2001 ed.))

2

### COUNT FOUR

On or about June 29, 2023, within the District of Columbia, **TAYLOR TARANTO** did possess a large capacity ammunition feeding device.

> (**Possession of a Large Capacity Ammunition Feeding Device**, in violation of 7 D.C. Code, Section 2506.01(b) (2001 ed.))

### COUNT FIVE

On or about June 29, 2023, within the District of Columbia, **TAYLOR TARANTO** did possess 9-millimeter ammunition without being the holder of a valid registration certificate for a firearm.

> (**Unlawful Possession of Ammunition**, in violation of 7 D.C. Code, Section 2506.01(a)(3) (2001 ed.))

### COUNT SIX

On or about June 28 and 29, 2023, within the District of Columbia and elsewhere, **TAYLOR TARANTO** did intentionally convey false and misleading information under circumstances where such information may reasonably have been believed, that indicated that an activity would take place that would constitute a violation of Chapter 40 of Title 18 United States Code (malicious damaging of any building or vehicle, in violation of 18 U.S.C. § 844(f)(1)), specifically, that he would maliciously damage or destroy, or attempt to damage or destroy, by means of an explosive, the National Institute of Standards and Technology.

> (**False Information and Hoaxes**, in violation of Title 18, United States Code, Section 1038(a))

3

## COUNT SEVEN

On or about January 6, 2021, within the District of Columbia and elsewhere, **TAYLOR TARANTO** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

> (**Obstruction of an Official Proceeding and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

## COUNT EIGHT

On or about January 6, 2021, in the District of Columbia, **TAYLOR TARANTO** did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so.

> (**Entering and Remaining in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(1))

## COUNT NINE

On or about January 6, 2021, in the District of Columbia, **TAYLOR TARANTO** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions

4

(**Disorderly and Disruptive Conduct in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(2))

## COUNT TEN

On or about January 6, 2021, in the District of Columbia, **TAYLOR TARANTO** willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress.

(**Disorderly Conduct in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(D))

## COUNT ELEVEN

On or about January 6, 2021, in the District of Columbia, **TAYLOR TARANTO** willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building.

(**Parading, Demonstrating, or Picketing in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(G))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Scorpion CZ firearm, a Smith & Wesson MP Shield firearm, and 9-millimeter ammunition.

5

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

6

RFJN 052

## REIMBURSEMENT

1.    Pursuant to 18 U.S.C. § 1038(c)(1), if the defendant is convicted on Count Six (False Information and Hoaxes), the Court "shall order the defendant to reimburse any state or local government, or private not-for-profit organization that provides fire or rescue service incurring expenses incident to any emergency or investigative response to that conduct, for those expenses."

A TRUE BILL:

FOREPERSON.

*Matthew M Graves /by*
*ᗺᗩᗺ*

Attorney of the United States in
and for the District of Columbia.

7

RFJN 053

# EXHIBIT 6

RFJN 054

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **vs.** | *     **Case No. 23-cr-00229-CJN** |
| | * |
| **TAYLOR TARANTO,** | * |
| **Defendant** | * |
| | * |

ooOoo

### RESPONSE TO GOVERNMENT'S MOTION TO DISMISS CERTAIN COUNTS AND MOTION TO DISMISS ALL COUNTS IN THE INDICTMENT

Taylor Taranto, by his undersigned counsel, opposes the government's Motion (ECF 96) to the extent it seeks to dismiss only certain counts of the Indictment, citing President Trump's Executive Order dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021.

Mr. Taranto respectfully moves this Honorable Court to dismiss *all* Counts including those that allege conduct on June 28 and 29, 2023 on the ground that all his charges *relate* to the events on January 6, and are therefore covered by the President's Executive Order. From the start and throughout the pendency of this prosecution, the government and this Court have treated the allegations set out in all the counts as *related* to the events of January 6. *See, e.g.,* Complaint; Arrest Warrant; Indictment. The "Factual Background" set out by the Court in its Order denying bail makes clear that Mr. Taranto's conduct in June is directly related to J6:

> On *January 6*, 2021, Taranto entered the United States Capitol at approximately 2:38 PM.
> . . .
> Since *January 6*, Taranto has made many public statements about his actions at the Capitol and his views of that day.
> . . .

> Sometime in May 2023, Taranto returned to Washington, D.C. The government contends that Taranto traveled here "in response to Speaker of the House Kevin McCarthy's offer to produce *January 6* video."
>
> . . .
>
> On June 27, 2023, Taranto allegedly posted a video to YouTube of a recording of a phone call with Speaker McCarthy's officer repeatedly asking to be granted access to certain video footage of the events of *January 6.* Gov't Resp. at 8-9. Then on June 28, 2023, Taranto posted a livestream to his YouTube channel from his parked van.

Order (ECF 27) at 2-4 (emphasis added).

Indeed, by including all the charges in a single indictment the government necessarily determined that all the charges are sufficiently related to meet the joinder requirements of FED. R. CRIM. PROC. 8. Lastly, the government has consistently interpreted the President's Executive Order in other cases as applying to conduct that took place on dates other than January 6 and in locations other than the Capitol.

For all these reasons, as more fully set forth below, Mr. Taranto moves this Court to dismiss all the counts in the Superseding Indictment with prejudice.

## Introduction

Mr. Taranto has never been convicted of a crime. He has been married for more than 15 years and has two children. He is an honorably discharged combat veteran. He is not charged with any violence or destruction of property in this case in connection with the events of January 6 nor in connection with his arrest in June 2023.

Mr. Taranto is an honorably discharged veteran of the U.S. Navy who served in Iraq on behalf of this country, and who has repeatedly demonstrated respect for law enforcement. Immediately prior to his arrest in June 2023, Mr. Taranto engaged politely with Secret Service employees and was open

RFJN 056

with them about the reasons for his presence.  Mr. Taranto did not trespass nor go anywhere prohibited.  At the time of his arrest, Mr. Taranto had no weapons on his person, did not resist and did not make any threats.[1]  The gun charges from June 2023 involve licensure violations.

Mr. Taranto has not threatened anyone directly and has never brandished a weapon.  He has lived in Washington State for much of his adult life, save when he was in the U.S. Navy, where he was deployed to Iraq and served honorably for over six years before his honorable discharge.  His mother, father, siblings, and numerous other relatives all reside in the Washington area. Mr. Taranto is a loving and engaged father who has actively worked to address mental health issues that began after trauma experienced during his military service. He is connected with a mental health therapist and psychiatrist, with whom he has been working for over a decade. He receives active assistance from the VA, and also SSDI benefits as a result of his service-related disability.

His wife has journeyed across the country at a moment's notice to accompany Mr. Taranto back home to Washington.  Mr. Taranto owns a home together in Washington with his wife. His mother, father, siblings, and many other members of his extended family reside in Washington state.

The June 2023 charges arise out of statements he allegedly made on a pod-cast. Mr. Taranto, who considers himself a satirical reporter with an almost Jon Stewart or South Park-esque dry humor (that he would openly admit often did not land), often attempted to make jokes or double entendre references in an effort to discuss and explore certain conspiracy theories and lines of thinking adjacent to January 6th and related events. This is why Mr. Taranto so frequently cites to the First Amendment

---

[1]  The offense level for the felony offense charged in Count 6 for a violation of 18 U.S.C. § 1038(a) is 12, reflecting that it is neither a violent nor a serious offense.  Indeed, as shown in the pending motions to dismiss, all the charges against Mr. Taranto raise substantial First and Second Amendment issues.

RFJN 057

and the protection of free speech in his endeavors and postings.

In sum, Mr. Taranto has zero criminal history, a history of honorable service in the U.S. Navy, and a supportive family network back in Washington state. Most importantly, all his charges are related to the events at the United States Capitol on January 6. Therefore they are covered by President Trump's exercise of his pardon power and grant of clemency.

## I.    The Presidential Pardon Power

Article II, Section 2, of the United States Constitution provides that "[t]he President ... shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment." U.S. Const. Art. II, § 2, cl. 1. In *Marbury v. Madison,* the Supreme Court laid the foundation for the view that the President's pardon power is plenary. 5 U.S. 137, 165-66 (1803) (the Constitution vested the President "with certain important political powers, in the exercise of which he is to use his own discretion, and is accountable only to his country in his political character, and to his own conscience"). More explicitly, the Supreme Court has made clear that the President has a "general, unqualified grant of power to pardon offenses against the United States." *The Laura*, 114 U.S. 411, 413 (1885); *United States v. Klein*, 80 U.S. 128, 147 (the President's power to pardon is "granted without limit"). The "executive can reprieve or pardon all offenses after their commission, either before trial, during trial or after trial, by individuals, or by classes, conditionally or absolutely, and this without modification or regulation by Congress." *Ex parte Grossman*, 267 U.S. 87, 120 (1925).

4

### A.    President Trump's Executive Order of Clemency

In pertinent part, the Executive Order states:

> Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:
>
> . . .
>
> (b)  grant a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021;
>
> . . .
>
> I further direct the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021.[2]

Mr. Taranto's case falls within the last clause quoted above in that his pending indictment involves "conduct related to" the events on January 6, 2021. As a pardon ceases all litigation, Mr. Taranto's moves this Court to dismiss his entire case. *See United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (a "Presidential pardon ends all litigation").

---

[2]  Executive Order "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021," 90 FR 8331, attached as Ex. 1.

5

**B.      Government Motion to Dismiss Pursuant to Rule 48(a)**

Rule 48. Dismissal

> (a) By the Government. The government may, *with leave of court*, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

(Emphasis added). The "leave of the court" authority granted by Rule 48(a) is intended to avoid unfair prejudice or a substantial threat thereof to a defendant or deny the government an unfair advantage by allowing it to restart the case at a later more advantageous time. *See United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) (dismissal with prejudice warranted where basis for government's Rule 48 dismissal was dissatisfaction with state of its investigation and trial preparation); *United States v. Poindexter*, 719 F. Supp. 6, 10 (D. D.C. 1989) (ultimate decision whether to dismiss with or without prejudice rests with the trial judge and "depends upon the purpose sought to be achieved by the government and its effect on the accused"); *United States v. Fields*, 475 F. Supp. 903, 906 (D. D.C. 1979) (dismissal with prejudice appropriate where prosecution at later time deemed more favorable to the prosecution).

**1.      Counts Six through Eleven**

The government has moved to dismiss with prejudice only Counts Seven, Eight, Nine, Ten, and Eleven.  Gov't Motion to Dismiss (ECF 96).  All these counts allege that Mr. Taranto violated various federal offenses "on or about January 6, 2021."  Superseding Indictment (ECF 45 at 4-5).[3]

A chart setting forth all the counts is attached as Exhibit 1.

---

[3] Count 7 alleges that Mr. Taranto violated 18 U.S.C. § 1512(c)(2), "within the District of Columbia and elsewhere." *Id.*  Counts 8-11 allege that Mr. Taranto violated various misdemeanor offenses "in the District of Columbia."

6

RFJN 060

**2.     Counts One Through Six**

The Government Motion to Dismiss does not address Counts One through Six.  Counts One through Five allege that Mr. Taranto violated certain non-violent D.C. Code and federal gun licensure-related felony and misdemeanor offenses on or about June 29.  *Id.*  Count Six alleges that Mr. Taranto violated a federal offense "on or about January 28 and 29, 2023."  Other than citing the President's Executive Order, the Motion provides no other explanation for excluding the remaining counts.

## ARGUMENT

**I.     The Allegations in All the Counts of the Superseding Indictment Are Related to the "Events at or near the United States Capitol on January 6, 2021"**

**A.     The Prosecution for J6 Charges Begins on June 29, 2023**

This prosecution began on June 29, 2023.  On that date, a Complaint and sworn affidavit were filed (ECF 1).  An arrest warrant was issued and executed (ECF 5).  Mr. Taranto was arrested.  *Id.* The complaint charges only the four standard J6 misdemeanor offenses.  The 9-page affidavit filed in support of the Complaint alleges only conduct that took place on January 6.  *Id.*  Mr. Taranto was not arrested nor charged with any offenses related to J6 before June 29, 2023.

It is difficult to explain the timing of Mr. Taranto's arrest and charges without concluding that the allegations and charges regarding Mr. Taranto's conduct on June 28-29, 2023 "relat[e] to the events at or near the United States Capitol on January 6, 2021".[4]

**B.     The Interrelatedness of Taranto's Alleged Conduct on J6 With His Conduct on June 2023 Is Present Throughout the Case**

At a time when the only charges pending against Mr. Taranto were the J6 offenses, the 26-

---

[4]  January 20, 2025 Executive Order granting pardons to J6 defendants.

7

page Memorandum filed by the government seeking Mr. Taranto's pretrial detention begins and ends with a recitation of his alleged statements and conduct on June 28-29, 2023, explaining throughout how the June 2023 allegations are related to J6. *See* Gov Memo (ECF 8, filed 7/5/23). In describing the nature and circumstances of the offense that support detention, the government explicitly links the J6 and June 2023 conduct. *Id.* at 21-22. On July 12, 2023, Mr. Taranto is charged with the four standard J6 misdemeanors and two DC code firearm-licensing misdemeanors. Indictment (ECF 15). The Court's opinion upholding the decision to detain Mr. Taranto pretrial also links his June 2023 conduct to the events at the Capitol on J6.

In every pleading filed by the government in this case, they argue – explicitly or implicitly – that the J6 and June 2023 conduct are related. *See, e.g.,* Gov Opp to Motion to Dismiss Count 4 (ECF 68, filed 7/25/24) at  2-3; Gov Opp to Motion to Dismiss Count 1 (ECF 73 at 3-4)(explaining how J6 led to the conduct alleged in Count 1).

### C.    Rule 8 and Relatedness of the Charges

In charging all counts in one indictment, the government necessarily determined that the charges are related. *See* FED. R. CRIM. PROC. 8(a)

Rule 8. Joinder of Offenses or Defendants

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The J6 offenses and the June 2023 offenses are not of the "same or similar character." Mr. Taranto is not alleged to have possessed any firearms on J6 and he is not alleged to have conveyed any false information and hoaxes on J6. Thus, the offenses can only be joined in one indictment under the

RFJN 062

prongs that allow joinder of offenses involving the same act or transaction or under the third

connectedness prong. *See, e.g., United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984):

> Interpretative case law, reading Rule 8(b) in conjunction with Rule 8(a) and the policies underlying each, does, however, yield a fairly definitive answer to this question. The language "the same series of acts or transactions" may not be read to embrace similar or even identical offenses, unless those offenses are related. The Rule is not limited to offenses or transactions, but extends to a "series of acts ... constituting an offense ..." in which the joined party participated, even though he may not be charged on that offense. As this Court recognized in Jackson,[5] the required relationship of Rule 8(b) is "essentially coterminous with the wording employed in the last portion of Rule 8(a), 'two or more acts or transactions connected together or constituting parts of a common scheme or plan.' " Jackson, supra, 562 F.2d at 796 (citing 1 C. Wright, Federal Practice and Procedure § 144, at 322 (1969)). In other words, there must be a logical relationship between the acts or transactions within the series.

Moreover, it is clear that at any trial of this case, the government would seek to introduce

evidence of the J6 conduct as related to the June 2023 offenses because they are related. The

government should therefore not be heard to argue that the June 2023 offenses are not related when

considering whether the President's pardon applies to Mr. Taranto.

Lastly, to the extent the government does not dispute that Mr. Taranto has been pardoned for

the J6 offenses, the government should be precluded from introducing evidence of the J6 offenses at

any trial.

### D. Application In Other Cases

The government has interpreted the President's Pardon Proclamation to apply to conduct that

took place on dates other than January 6 and for conduct distinct from the January 6 charges

involving entry into the Capitol. *See, e.g.*, *United States v. Garret Miller,* 21-cr-119 (CJN)

---

[5] *United States v. Jackson*, 562 F.2d 789 (D.C. Cir.1977)

(dismissing all counts including threatening to murder a member of Congress, made hours after defendant had left the Capitol); *United States v. Olivia Pollock and Joseph Hutchinson*, 21-cr-0447 (CJN) (dimissing failure to appear charges for conduct that took place in March and August 2023); *United States v. Vo*, 25-cr-10 (TSC) (dismissing separate charge for failure to report to BOP after sentencing).

## CONCLUSION

For all these reasons, and for any other reasons that may be just and proper, Mr. Taranto respectfully requests that this Honorable Court dismiss all charges pending against him under the authority of the Executive Grant of Clemency issued by President Trump on January 20, 2025 and *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (a "Presidential pardon ends all litigation").

Respectfully submitted,

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 3rd day of February, 2025.

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**

RFJN 064

**Superseding Indictment (ECF 45, 2/14/24)**

| Count | Date | Charge | Code | Location |
|-------|------|--------|------|----------|
| 1 | 6/29/23 | Possession of Unregistered firearm (Short-barreled rifle) | 26 U.S.C. § 5861(d); 26 U.S.C. § 5845(a)(3) | within the District of Columbia |
| 2 | 6/29/23 | Carrying a pistol w/o license (Scorpion CZ pistol) | 22 DC Code 4504(a)(1) | "within the District of Columbia" |
| 3 | 6/29/23 | Carrying a pistol w/o license (Smith & Wesson M&P Shield) | 22 DC Code 4504(a)(1) | within the District of Columbia |
| 4 | 6/29/23 | Possession of Large Capacity Ammunition Feeding Device | 7 DC Code 2506.01(b) | "within the District of Columbia" |
| 5 | 6/29/23 | Unlawful possession of 9-mm ammunition | 7 DC Code 2506.01(a)(3) | "within the District of Columbia" |
| 6 | 6/28/23 & 6/29/23 | False Information & Hoaxes | 18 U.S.C. § 1038(a) | "within the District of Columbia and elsewhere" |
| 7 | 1/6/21 | Obstruction of official proceeding | 18 U.S.C. § 1512(c)(2) | "within the District of Columbia and elsewhere" |
| 8 | 1/6/21 | Enter/remain restricted bldg | 18 U.S.C. § 1752(a)(1) | "in the district of Columbia" |
| 9 | 1/6/21 | Disorderly/disruptive conduct - restricted bldg | 18 U.S.C. § 1752(a)(2) | "in the district of Columbia" |
| 10 | 1/6/21 | Disorderly conduct on Capitol Grounds | 40 U.S.C. §5104(e)(2)(D) | "in the district of Columbia" |
| 11 | 1/6/21 | Parading in a Capitol Bldg | 40 U.S.C. §5104(e)(2)(G) | "in the district of Columbia" |

Case 1:23-cr-00229-CJN     Document 99-1     Filed 02/03/25     Page 2 of 2

**Indictment (ECF 15, 7/1/23)**

| Count | Date | Charge | Code | Location |
|-------|------|--------|------|----------|
| 1 | 6/29/23 | Carrying a pistol w/o license (Scorpion CZ pistol) | 22 DC Code 4504(a)(1) | "within the District of Columbia" |
| 2 | 6/29/23 | Possession of Large Capacity Ammunition Feeding Device | 7 DC Code 2506.01(b) | "within the District of Columbia" |
| 3 | 1/6/21 | Enter/remain restricted bldg | 18 U.S.C. § 1752(a)(1) | "in the district of Columbia" |
| 4 | 1/6/21 | Disorderly/disruptive conduct - restricted bldg | 18 U.S.C. § 1752(a)(2) | "in the district of Columbia" |
| 5 | 1/6/21 | Disorderly conduct on Capitol Grounds | 40 U.S.C. §5104(e)(2)(D) | "in the district of Columbia" |
| 6 | 1/6/21 | Parading in a Capitol Bldg | 40 U.S.C. §5104(e)(2)(G) | "in the district of Columbia" |

**Complaint (ECF 1, 6/29/23),**
23-mj-00150-GMH/23-cr-00229-CJN

| Count | Date | Charge | Code | Location |
|-------|------|--------|------|----------|
| 3 | 1/6/21 | Enter/remain restricted bldg | 18 U.S.C. § 1752(a)(1) | "in the district of Columbia" |
| 4 | 1/6/21 | Disorderly/disruptive conduct - restricted bldg | 18 U.S.C. § 1752(a)(2) | "in the district of Columbia" |
| 5 | 1/6/21 | Disorderly conduct on Capitol Grounds | 40 U.S.C. § 5104(e)(2)(D) | "in the district of Columbia" |
| 6 | 1/6/21 | Parading in a Capitol Bldg | 40 U.S.C. § 5104(e)(2)(G) | "in the district of Columbia" |

RFJN 066

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **Case No. 23-cr-00229-CJN** |
| | * | |
| **TAYLOR TARANTO**, | * | |
| **Defendant** | * | |
| | * | |

ooOoo

## ORDER

Upon consideration of Motion to Dismiss All Counts in the Indictment filed by Taylor Taranto, (ECF 99), good cause having been shown and based on the Executive Order of Clemency issued by President Donald Trump on January 20, 2025, it is this _____ day of February, 2025, by the United States District Court for the District of Columbia,

**ORDERED:**

1.      That the Motion to Dismiss All Counts of the Superseding Indictment pursuant to the Executive Order dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, is hereby **GRANTED**.

_____
**HONORABLE CARL J. NICHOLS**
**United States District Judge**

**RFJN 067**

# EXHIBIT 7

RFJN 068

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-229 (CJN) |
| | : | |
| TAYLOR FRANKLIN TARANTO, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The United States of America respectfully opposes defendant's motion to dismiss certain counts, ECF Nos. 98 and 99. The government filed a motion to dismiss with prejudice Counts Seven, Eight, Nine, Ten, and Eleven of the Superseding Indictment (ECF No. 45), citing the Executive Order dated January 20, 2025, granting pardons for offenses related to the events of January 6, 2021, at the U.S. Capitol. Defendant contends that the remaining, non-January 6 charges should also be dismissed pursuant to the President's Executive Order. These counts are wholly unrelated to the events of January 6, 2021, are not covered by the pardon, and should not be dismissed.

Rule 48(a) allows the government, "with leave of court" to "dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). While the Court must consider whether to grant its leave to dismiss a case or charges, the decision to initiate charges or dismiss charges "lies at the core of the Executive's duty to see to the faithful execution of the laws." *See United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (Rule 48 gives court a role in dismissals following indictment); *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986) (judicial authority is at its most limited when reviewing exercise of prosecutorial discretion). Correspondingly, the "leave of court" requirement in Rule 48(a) does not "confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs.*

RFJN 069

*B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016); *see also United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (describing court's "role of guarding against abuse of prosecutorial discretion"). It stands to reason that courts lack the authority to expand the scope of a Rule 48(a) motion to dismiss more charges than the government seeks to dismiss. Indeed, defendant points to no authority for that proposition.

The Presidential Proclamation 10887 dated January 20, 2025: (1) commutes the sentences of certain enumerated individuals convicted of January 6 offenses; (2) grants an unconditional pardon to all other individuals convicted of January 6 offenses and orders their release from custody, if applicable; and (3) directs the Attorney General to pursue dismissal with prejudice of all pending charges against individuals for their conduct related to the January 6 attack on the U.S. Capitol. 90 Fed. Reg. 8331 (Jan. 20, 2025). The government dismissed the charges related to January 6, 2021 pursuant to the Proclamation as an exercise of prosecutorial discretion. As such, the court has "no power . . . to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *Fokker*, 818 F.3d at 742. That includes any disagreement about whether "any remaining charges fail adequately to redress the gravity of the defendant's alleged conduct." *Id.* (citing *In re United States*, 345 F.3d 450 (7th Cir. 2003)). Defendants are simply not allowed to substitute the government's charging or dismissal decisions with their views about the case.

Defendant points to the joinder of the offenses in the superseding indictment, and claims that because Taranto's January 6 conduct is so related to his June 2023 charges, all the June 2023 charges fall within the ambit of the January 6 pardon. This argument tries to unsuccessfully subvert the government's charging authority. The pardon covers only "offenses related to events that

RFJN 070

occurred at or near the United States Capitol on January 6, 2021." The language of the pardon is limited in scope by time and location.

The fact that the charges are alleged in the same document is not dispositive. Charges may be related enough for the purposes of joinder and judicial economy without requiring an expansive interpretation of the word "related" in the pardon context. Defendant concedes that all the charges are related and does not dispute that they were properly joined under Rule 8(a). *See* Def't Mot. at 7–9 (ECF No. 99). This Circuit construes Rule 8 "liberally in favor of joinder." *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998). Where, as here, "only one defendant is concerned, Rule 8(a) permits joinder of such offenses, even if they are entirely unrelated to each other." *United States v. Gooch*, 665 F.3d 1318, 1335 (D.C. Cir. 2012) (citing *United States v. Jackson*, 562 F.2d 789, 796 (D.C. Cir. 1977)). And the initial joinder is not an immutable plan. To the contrary, "joinder of offenses in an indictment does not represent an irreversible commitment to joint trial of those offenses." *Jackson*, 562 F.2d at 797.

Taranto cites three instances where the government dismissed non-January 6 conduct. Those cases are inapposite to the facts here. For instance, in *United States v. Garret Miller*, No. 21-cr-119 (CJN), the government sought dismissal of January 6 charges, including an interstate threat to injure where that defendant wrote "Assassinate AOC" on Twitter **on January 6, 2021**—close in time to "other public tweets . . . acknowledg[ing] [his] attack on the Capitol." Factual Basis for Guilty Pleas to Counts 4 and 5, No. 21-cr-119, ECF No. 130, pp. 1–2. The *Miller* threats charge was very closely related to that defendant's January 6 conduct in that it occurred on January 6, 2021. Second, in *United States v. Pollock, et al.*, No. 21-cr-447 (CJN), two defendants were charged with failing to appear **in connection with** their January 6 cases. Last, in *United States v.*

*Vo*, No. 25-cr-10 (TSC), that defendant was charged with failure to report to the Bureau of Prisons after sentencing.

Taranto's actions in June 2023 in Washington, D.C., were not offenses occurring at the U.S. Capitol on January 6, 2021. Taranto's possession of guns, large-capacity magazines, and hundreds of rounds of ammunition, alarming statements about a "detonator" in his car, and purportedly driving to a federal facility, all occurring in June 2023, and not at the United States Capitol, are wholly unrelated to the pardon for and dismissal of charges related to January 6, 2021 at the United States Capitol. They are not subject to dismissal by motion of the defendant or by order of the Court on this basis.

For all these reasons, the Court should deny defendant's motion to dismiss.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar Number 481866


By:   /s/ *Jared English*
JARED ENGLISH
Assistant United States Attorney
D.C. Bar No. 1023926
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530

# EXHIBIT 8

1:23cr229, USA v. TARANTO



Client: -None- ⌄     History     Help     More

**Document:**     1:23cr229, USA v. TARANTO     Actions ⌄

🖨 ✉ ⬇ ⛶ | Go to ⌄ | 🔔     ‹ 1 of 1     Results list ›

# 1:23cr229, USA v. TARANTO

US District Court Criminal Docket

United States District Court, District of Columbia

(Washington, DC)

**This case was retrieved on 02/14/2025**

## ▾Header

**Date Filed:** 07/12/2023                                      **Class Code:** Open
**Other Docket:** Magistrate judge case number:        **Closed:**
1:23mj00150

## ▾Participants

## Defendant

| Name | Attorneys |
|------|-----------|
| TAYLOR TARANTO<br>aka: TAYLOR FRANKLIN TARANTO | Carmen D. Hernandez<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>7166 Mink Hollow Road<br>Highland, MD 20777<br>USA<br>chernan7@aol.com<br>(240) 472-3391Fax: (301) 854-0076Designation: CJA<br>Appointment<br><br>Edward John Ungvarsky<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>10/31/2024<br>UNGVARSKY LAW, PLLC<br>421 King Street Suite 505<br>Alexandria, VA 22314<br>USA |

RFJN 074

1:23cr229, USA v. TARANTO

ed@ungvarskylaw.com

571-207-9710Fax: 571-777-9933Designation: CJA
Appointment

Kathryn D'Adamo Guevara
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
10/16/2024
OFFICE OF THE FEDERAL DEFENDER FOR DC
625 Indiana Avenue NW
Washington, DC 20004
USA
katie_guevara@fd.org
(202) 208-7500 ext 111Fax: (202) 208-7515Designation:
Public Defender or Community Defender Appointment

Pleasant Sanford Brodnax , III
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
LAW OFFICE OF PLEASANT S. BRODNAX, III
1701 Pennsylvania Avenue, NW Suite 200
Washington, DC 20006
USA
pleasant.brodnax@gmail.com
202-462-1100Fax: 202-204-5165Designation: Retained

Courtney Millian
ATTORNEY TO BE NOTICED
10/16/2024
FEDERAL PUBLIC DEFENDER
625 Indiana Ave NW Suite 550
Washington, DC 20004
USA
courtney_millian@fd.org
202-208-7500Designation: Public Defender or
Community Defender Appointment

Elizabeth Ann Mullin
ATTORNEY TO BE NOTICED
10/16/2024
FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF
COLUMBIA
Suite 500
Washington, DC 20004
USA
elizabeth_mullin@fd.org
(202) 208-7500Fax: (202) 208-7515Designation: Public
Defender or Community Defender Appointment

Michelle M. Peterson

RFJN 075

2/14/25, 10:48 AM

1:23cr229, USA v. TARANTO

ATTORNEY TO BE NOTICED
10/16/2024
FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF
COLUMBIA
625 Indiana Avenue, NW Suite 550
Washington, DC 20004
USA
shelli_peterson@fd.org
(202) 208-7500 ext 125Fax: (202) 208-7515Designation:
Public Defender or Community Defender Appointment

Sonia Fleury
04/16/2024
OFFICE OF THE FEDERAL PUBLIC DEFENDER,
DISTRICT OF ARIZONA
250 North 7th Avenue Suite 600
Phoenix, AZ 85007
USA
sonia_fleury@fd.org
602-382-2816Fax: 602-399-7397Designation: Public
Defender or Community Defender Appointment

## Charges                              ## Disposition

**Complaints:** COMPLAINT in VIOLATION of 18 U.S.C. §
1752(a)(1); 18 U.S.C. § 1752(a)(2); 40 U.S.C. § 5104(e)(2)
(D); 40 U.S.C. § 5104(e)(2)(G)
**Pending:** 22 D.C. Code 4504(a)(1)(2001 ed.); FIREARMS,
UNLAWFUL POSSESSION; Carrying a Pistol Without a
License (Outside Home or Place of Business)(1)
26:5861(d), 5845(a)(3); UNLAWFUL TO RECEIVE A
FIREARM NOT REGISTERED; Possession of an
Unregistered Firearm(1s)
7 D.C. Code 2506.01(b)(2001 ed.); FEDERAL STATUTES,
OTHER; Possession of a Large Capacity Ammunition
Feeding Device(2)
22 D.C. Code 4504(a)(1)(2001 ed.); FIREARMS,
UNLAWFUL POSSESSION; Carrying a Pistol Without a
License (Outside Home or Place of Business)(2s-3s)
18:1752(a)(1); TEMPORARY RESIDENCE OF THE
PRESIDENT; Entering and Remaining in a Restricted
Building(3)
18:1752(a)(2); TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive Conduct in a
Restricted Building(4)
7 D.C. Code 2506.01(b)(2001 ed.)FEDERAL STATUTES,
OTHER; Possession of a Large Capacity Ammunition

RFJN 076

Feeding Device(4s)

40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building or Grounds(5)

7 D.C. Code 2506.01(a)(3)(2001 ed.)FEDERAL STATUTES, OTHER; Unlawful Possession of Ammunition(5s)

40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or Picketing in a Capitol Building(6)

18:1038(a); FALSE INFORMATION AND HOAXES; False Information and Hoaxes(6s)

18:1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting(7s)

18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds(8s)

18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds(9s)

40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building(10s)

40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or Picketing in a Capitol Building(11s)

**Offense Level (Opening):** Felony

**Terminated:** none

**Case Assigned To:** Judge Carl J. Nichols

## ▼U.S. Attorneys

Jared English

LEAD ATTORNEY;ATTORNEY TO BE NOTICED

U.S. ATTORNEY'S OFFICE

555 4th St NW

Washington, DC 20530

USA

Jared.English@usdoj.gov

(202) 252-2628Designation: Assistant U.S. Attorney

Allison Kim Ethen

12/19/2024

USAO

300 South 4th Street

Minneapolis, MN 55415

USA

allison.ethen@usdoj.gov

612-664-5575Designation: Assistant U.S. Attorney

Carlos Aksel Valdivia

02/11/2025

DOJ-USAO

601 D Street NW

Washington, DC 20530

USA

carlos.valdivia@usdoj.gov

202-252-7508Designation: Assistant U.S. Attorney

Colin Joseph Cloherty

03/08/2024

DOJ-USAO

601 D Street NW

Washington, DC 20530

USA

colin.cloherty@usdoj.gov

(202) 252-6999Designation: Assistant U.S. Attorney

Samuel White

ATTORNEY TO BE NOTICED

DOJ-USAO Capitol Siege Section

601 D Street NW

Washington, DC 20530

USA

samuel.white@usdoj.gov

202-431-4453Designation: Assistant U.S. Attorney

## ▼Proceedings

[ Retrieve Document(s) ]

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Free | 1 | 06/29/2023 | COMPLAINT as to TAYLOR FRANKLIN TARANTO (1). (Attachments: # 1 Statement of Facts) (zltp) [1:23-mj-00150-GMH] (Entered: 06/30/2023) | |
| ☐ | Online | 3 | 06/29/2023 | MOTION to Seal Case by USA as to TAYLOR FRANKLIN TARANTO. (Attachments: # 1 Text of Proposed Order)(zltp) [1:23-mj-00150-GMH] (Entered: 06/30/2023) | |
| ☐ | Online | 4 | 06/29/2023 | ORDER granting 3 Motion to Seal Case as to TAYLOR FRANKLIN TARANTO (1). Signed by Magistrate Judge G. Michael Harvey on 6/29/2023. (zltp) [1:23-mj-00150-GMH] (Entered: 06/30/2023) | |
| ☐ | | | 06/29/2023 | Arrest of TAYLOR FRANKLIN TARANTO (zstd) [1:23-mj-00150-GMH] (Entered: 06/30/2023) | |
| ☐ | Online | 5 | 06/29/2023 | Arrest Warrant, dated 6/29/2023, Returned Executed on 6/29/2023 as to TAYLOR FRANKLIN TARANTO. (zstd) [1:23-mj-00150-GMH] (Entered: 06/30/2023) | |

1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | 06/29/2023 | Case unsealed as to TAYLOR FRANKLIN TARANTO (zstd) [1:23-mj-00150-GMH] (Entered: 06/30/2023) | |
| | | | 06/30/2023 | Medical/Mental Health Alert issued to the Department of Corrections Medical Unit as to TAYLOR FRANKLIN TARANTO. (zcll) [1:23-mj-00150-GMH] (Entered: 06/30/2023) | |
| | | | 06/30/2023 | ORAL MOTION to Unseal Case by USA as to TAYLOR FRANKLIN TARANTO (1). (bb) [1:23-mj-00150-GMH] (Entered: 07/03/2023) | |
| | | | 06/30/2023 | ORAL MOTION to Appoint Counsel by TAYLOR FRANKLIN TARANTO (1). (bb) [1:23-mj-00150-GMH] (Entered: 07/03/2023) | |
| | | | 06/30/2023 | ORAL MOTION for Temporary Detention by USA as to TAYLOR FRANKLIN TARANTO (1). (bb) [1:23-mj-00150-GMH] (Entered: 07/03/2023) | |
| | | | 06/30/2023 | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC/ In Person Initial Appearance as to TAYLOR FRANKLIN TARANTO (1) held on 6/30/2023. Defendant was present in the courtroom. Oral Motion by the Government to Unseal Case as to TAYLOR FRANKLIN TARANTO (1); Heard and Granted. Case ordered unsealed. Oral Motion to Appoint Counsel by TAYLOR FRANKLIN TARANTO (1); heard and granted. FPD, Kathryn D'Adamo Guevara was appointed for TAYLOR FRANKLIN TARANTO (1). The Court advised the Government of its due process obligations under Rule 5(f). Oral Motion by the Government for Temporary Detention (3-day hold) as to TAYLOR FRANKLIN TARANTO (1); heard and granted. Detention Hearing set for 7/5/2023 at 3:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Committed/Commitment Issued; Court Reporter: FTR Gold; FTR Time Frame: CTRM 6 [2:41:12-2:56:32]; Defense Attorney: Kathryn Guevara; U.S. Attorney: Colin Cloherty; Pretrial Officer: Christine Schuck. (bb) [1:23-mj-00150-GMH] (Entered: 07/03/2023) | |
| | | | 06/30/2023 | MINUTE ORDER as to TAYLOR FRANKLIN TARANTO (1): As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings. Signed by Magistrate Judge G. Michael Harvey on 6/30/2023. (bb) [1:23-mj-00150-GMH] (Entered: 07/03/2023) | |
| ☐ | Online | 8 | 07/05/2023 | MEMORANDUM in Support of Pretrial Detention by USA as to TAYLOR FRANKLIN TARANTO (Ethen, Allison) [1:23-mj-00150-GMH] (Entered: 07/05/2023) | |
| ☐ | Free | 9 | 07/05/2023 | MOTION for Release from Custody by TAYLOR FRANKLIN TARANTO. (Guevara, Kathryn) [1:23-mj-00150-GMH] (Entered: 07/05/2023) | |
| | | | 07/05/2023 | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to TAYLOR FRANKLIN TARANTO. (ztl) [1:23-mj-00150-GMH] (Entered: 07/06/2023) | |
| | | | 07/05/2023 | ORAL MOTION for Release from Custody by TAYLOR FRANKLIN TARANTO. (ztl) [1:23-mj-00150-GMH] (Entered: 07/06/2023) | |
| | | | 07/05/2023 | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui:Detention Hearing as to TAYLOR FRANKLIN TARANTO held on 7/5/2023. Detention Hearing Continued to 7/6/2023 at 11:00 AM in Courtroom 4- In Person before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Defendant Remain Held Without Bond; Court Reporter: FTR-GOLD; FTR Time Frame: CTRM 24: [4:22:23-5:32:09]; Defense | |

RFJN 079

2/14/25, 10:48 AM                                                                1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | Attorney: Kathryn Guevara; US Attorney: Allison Ethen; (ztl) [1:23-mj-00150-GMH] (Entered: 07/06/2023) | |
| | | | 07/06/2023 | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Detention Hearing as to TAYLOR FRANKLIN TARANTO held on 7/6/2023. Medical/Mental Health Alert issued to the Department of Corrections Medical Unit. Continued Detention Hearing set for 7/12/2023 at 10:00 AM in Courtroom 4- In Person before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Defendant Remain Held Without Bond; Court Reporter: FTR-GOLD; FTR Time Frame: CTRM 4: [11:42:32-12:14:28]; Defense Attorney: Kathryn Guevara; US Attorney: Allison Ethen and Colin Cloherty; Pretrial Officer: Da'Shanta Lewis. (ztl) [1:23-mj-00150-GMH] (Entered: 07/06/2023) | |
| ☐ | Online | 10 | 07/07/2023 | NOTICE OF ATTORNEY APPEARANCE Colin Joseph Cloherty appearing for USA. (Cloherty, Colin) [1:23-mj-00150-GMH] (Entered: 07/07/2023) | |
| ☐ | Online | 11 | 07/11/2023 | Unopposed MOTION for Protective Order Governing Discovery by USA as to TAYLOR FRANKLIN TARANTO. (Attachments: # 1 Text of Proposed Order)(Ethen, Allison) [1:23-mj-00150-GMH] (Entered: 07/11/2023) | |
| ☐ | Free | 12 | 07/11/2023 | MEMORANDUM in Support of Pretrial Detention by USA as to TAYLOR FRANKLIN TARANTO (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Ethen, Allison) [1:23-mj-00150-GMH] (Entered: 07/11/2023) | |
| ☐ | Online | 13 | 07/12/2023 | ENTERED IN ERROR.....Search and Seizure Warrant Returned Executed on 6/30/23 in case as to TAYLOR FRANKLIN TARANTO (Ethen, Allison) Modified on 7/12/2023 (zltp). [1:23-mj-00150-GMH] (Entered: 07/12/2023) | |
| ☐ | Online | 14 | 07/12/2023 | Supplemental MOTION for Release from Custody by TAYLOR FRANKLIN TARANTO. (Attachments: # 1 Exhibit Permit for Piney Branch ES)(Guevara, Kathryn) [1:23-mj-00150-GMH] (Entered: 07/12/2023) | |
| | | | 07/12/2023 | NOTICE OF ERROR as to TAYLOR FRANKLIN TARANTO regarding 13 Search and Seizure Warrant Returned Executed. The following error(s) need correction: Incorrect case. Please refile in correct case. (zltp) [1:23-mj-00150-GMH] (Entered: 07/12/2023) | |
| | | | 07/12/2023 | ORAL MOTION for Speedy Trial by USA as to TAYLOR FRANKLIN TARANTO. (ztl) [1:23-mj-00150-GMH] (Entered: 07/12/2023) | |
| | | | 07/12/2023 | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Detention Hearing as to TAYLOR FRANKLIN TARANTO held on 7/12/2023. Defendant Present in the Courtroom. Oral Motion for Release from Custody as to TAYLOR FRANKLIN TARANTO (1); heard and denied. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to TAYLOR FRANKLIN TARANTO (1); heard and granted. Oral Motion by the Government for Speedy Trial as to TAYLOR FRANKLIN TARANTO (1); heard and granted. Speedy Trial Excluded from 7/12/2023 to 7/25/2023 in the Interest of Justice (XT). Preliminary Hearing set for 7/25/2023 at 2:00 PM in Courtroom 4- In Person before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR-GOLD; FTR Time Frame: Ctrm 4: [10:26:02-11:56:34]; Defense Attorney: Kathryn D'Adamo Guevara; US Attorney: Alison Ethen and Colin Cloherty; Pretrial Officer: John Copes; Witnesses: Beverly Taranto (Mother). (ztl) [1:23-mj-00150-GMH] (Entered: 07/12/2023) | |
| ☐ | Free | 15 | 07/12/2023 | INDICTMENT as to TAYLOR TARANTO (1) count(s) 1, 2, 3, 4, 5, 6. (FORFEITURE ALLEGATION) (zstd) | |

RFJN 080

2/14/25, 10:48 AM                                                 1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | (Entered: 07/14/2023) | |
| | | | 07/14/2023 | MINUTE ORDER as to TAYLOR TARANTO (1): The hearings currently scheduled for 7/25/2023 at 2:00 PM before Magistrate Judge Zia M. Faruqui is hereby VACATED, as the Defendants: has had an initial appearance in this jurisdiction; has had counsel appointed; has been ruled to be detained pretrial; and has been charged by Indictment. As such, there are no pending matters necessitating action by a Magistrate Judge. The parties are directed to contact the assigned District Judge to schedule a status hearing and arraignment if one has not yet been set. The parties are instructed to address any requests to toll the Speedy Trial Act to the assigned District Judge. Signed by Magistrate Judge Zia M. Faruqui on 7/14/2023. (bb) (Entered: 07/14/2023) | |
| ☐ | Online | 17 | 07/19/2023 | Unopposed MOTION for Disclosure of Items Protected by Fed. R. Crim. P. 6(e) and Sealed Materials by USA as to TAYLOR TARANTO. (Ethen, Allison) (Entered: 07/19/2023) | |
| ☐ | Online | 18 | 07/20/2023 | PROTECTIVE ORDER setting forth procedures for handling confidential material; allowing designated material to be filed under seal as to TAYLOR TARANTO. Signed by Magistrate Judge Zia M. Faruqui on 7/20/2023. (ztl) (Entered: 07/20/2023) | |
| | | | 07/27/2023 | MINUTE ORDER. Upon consideration of 17 Unopposed Motion for Disclosure, it is hereby ORDERED that the Motion is GRANTED. Signed by Judge Carl J. Nichols on July 27, 2023. (lccjn3) (Entered: 07/27/2023) | |
| ☐ | Free | 19 | 07/27/2023 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by TAYLOR TARANTO (Attachments: # 1 Exhibit Permit for Piney Branch ES)(Guevara, Kathryn) (Entered: 07/27/2023) | |
| | | | 07/28/2023 | MINUTE ORDER. The government is hereby ORDERED to file a response to 19 Appeal of Magistrate Judge Decision on or before August 1, 2023. The defendant shall file his reply, if any, by August 2, 2023. Signed by Judge Carl J. Nichols on July 28, 2023. (lccjn3) (Entered: 07/28/2023) | |
| ☐ | Online | 20 | 08/01/2023 | REPLY by USA as to TAYLOR TARANTO re 19 Appeal of Magistrate Judge Decision to District Court (Ethen, Allison) (Entered: 08/01/2023) | |
| ☐ | Online | 21 | 08/02/2023 | REPLY in Support by TAYLOR TARANTO re 19 Appeal of Magistrate Judge Decision to District (Guevara, Kathryn) Modified to add correct link on 8/3/2023 (zstd). (Entered: 08/02/2023) | |
| | | | 08/03/2023 | NOTICE OF HEARING as to TAYLOR TARANTO: Bond Hearing set for 8/7/2023 10:00 AM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcam) (Entered: 08/03/2023) | |
| | | | 08/07/2023 | Minute Entry for proceedings held before Judge Carl J. Nichols: Bond Hearing as to TAYLOR TARANTO held on 8/7/2023. Detention Matter taken under advisement by the Court. Government videos due by 8/8/2023. Defense representations on Mental Health Treatment due by 8/9/2023. Further Order to be issued by the Court. Status Conference set for 8/10/2023 at 02:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Kathryn Guevara; US Attorney: Colin Cloherty; Pretrial Officer: Christine Schuck. (zcam) (Entered: 08/07/2023) | |
| ☐ | Online | 22 | 08/08/2023 | EXHIBIT LIST by USA as to TAYLOR TARANTO. (Ethen, Allison) (Entered: 08/08/2023) | |
| ☐ | Free | 24 | 08/09/2023 | REDACTED DOCUMENT by TAYLOR TARANTO to 19 Appeal of Magistrate Judge Decision to District Court | |

RFJN 081

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | filed by TAYLOR TARANTO of Mental Health Release Plan (Guevara, Kathryn) (Entered: 08/09/2023) | |
| | | | 08/10/2023 | MINUTE ORDER. The Court hereby VACATES the status conference set for today, August 10, 2023. The Court will reschedule the status conference after it decides Defendant's Appeal 19 . Signed by Judge Carl J. Nichols on August 10, 2023. (lccjn3) (Entered: 08/10/2023) | |
| | | | 08/10/2023 | Terminate Deadlines and Hearings as to TAYLOR TARANTO: (zcam) (Entered: 08/10/2023) | |
| | | | 08/11/2023 | NOTICE OF HEARING as to TAYLOR TARANTO: Status Conference set for 8/21/2023 at 10:30 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcam) (Entered: 08/11/2023) | |
| | | | 08/21/2023 | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to TAYLOR TARANTO held on 8/21/2023. Speedy Trial Excluded in the Interest of Justice, XT. Status Conference set for 9/1/2023 at 12:30 PM in Courtroom 17- In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Kathryn Guevara; US Attorney: Allison Ethen. (zcam) (Entered: 08/21/2023) | |
| | | | 09/01/2023 | Set/Reset Hearings as to TAYLOR TARANTO:Status Conference RESET for 9/5/2023 at 12:30 pm in Courtroom 17- In Person before Judge Carl J. Nichols. (zcam) (Entered: 09/01/2023) | |
| | | | 09/05/2023 | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference as to TAYLOR TARANTO held on 9/5/2023. Speedy Trial as to TAYLOR TARANTO is Excluded from 9/1/2023 to 10/17/2023, in the Interest of Justice, XT. Proposed Trial Date due by 9/8/2023. Defense Motion due by 9/19/2023. Government Response due by 10/3/2023. Defense Reply due by 10/10/2023. Status Conference set for 10/17/2023 at 12:30 PM in Courtroom 17- In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Kathryn Guevara and Sonia Fleury; US Attorney: Colin Cloherty. (zcam) (Entered: 09/05/2023) | |
| ☐ | Free | 27 | 09/12/2023 | REDACTED ORDER denying 14 Motion for Release from Custody as to TAYLOR TARANTO (1). Signed by Judge Carl J. Nichols on 09/12/2023. (lcue) (Main Document 27 replaced with properly redacted order on 9/21/2023) (zkh). (Entered: 09/12/2023) | |
| ☐ | Online | 28 | 09/19/2023 | Unopposed MOTION for Extension of Time to File Motion to Suppress by TAYLOR TARANTO. (Guevara, Kathryn) (Entered: 09/19/2023) | |
| ☐ | Online | 29 | 09/20/2023 | NOTICE OF ATTORNEY APPEARANCE: Sonia Fleury appearing for TAYLOR TARANTO as Co-Counsel (Fleury, Sonia) (Entered: 09/20/2023) | |
| | | | 09/25/2023 | MINUTE ORDER. Upon consideration of the parties proposed trial dates, it is hereby ORDERED that Jury Selection / Jury Trial is set for January 22, 2024 at 09:00 AM in Courtroom 17 before Judge Carl J. Nichols. It is FURTHER ORDERED that Defendants motion for extension of time 28 is GRANTED. Defendant shall file a motion to suppress, if any, by September 27, 2023.So Ordered by Judge Carl J. Nichols on 9/25/2023. (lccjn3) (Entered: 09/25/2023) | |
| ☐ | Free | 30 | 09/27/2023 | MOTION to Suppress by TAYLOR TARANTO. (Guevara, Kathryn) (Entered: 09/27/2023) | |
| ☐ | Online | 31 | 10/03/2023 | Joint MOTION for Extension by TAYLOR TARANTO. (Guevara, Kathryn) Modified event type and text on 10/3/2023 (zstd). (Entered: 10/03/2023) | |

2/14/25, 10:48 AM                                              1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | 10/05/2023 | MINUTE ORDER as to TAYLOR TARANTO: Upon consideration of 31 Joint MOTION for Extension, it is hereby ORDERED that the Motion is GRANTED. The following schedule is now ordered: the government shall file any response to pending motions on or before October 11, 2023 and Defendant shall file any reply to the government's response on or before October 17, 2023. It is FURTHER ORDERED that a hearing on the pending motions is set for October 24, 2023 at 10:00 AM in Courtroom 17 before Judge Carl J. Nichols. So Ordered by Judge Carl J. Nichols on 10/07/2023. (lccjn3) Modified to add defendant name on 10/5/2023 (zkh). (Entered: 10/05/2023) | |
| | | | 10/05/2023 | Set/Reset Deadlines/Hearings as to TAYLOR TARANTO: Pending Motions Response due by 10/11/2023. Motion Hearing set for 10/24/2023 at 10:00 AM in Courtroom 17 before Judge Carl J. Nichols. (zkh) (Entered: 10/05/2023) | |
| ☐ | Free | 32 | 10/11/2023 | RESPONSE by USA as to TAYLOR TARANTO re 30 MOTION to Suppress (Ethen, Allison) (Entered: 10/11/2023) | |
| | | | 10/16/2023 | Set/Reset Hearings as to TAYLOR TARANTO: Status Conference reset for 10/24/2023 at 10:00 AM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcam) (Entered: 10/16/2023) | |
| ☐ | Free | 33 | 10/17/2023 | Unopposed MOTION for Extension of Time to File Reply to Govt Opposition to Motion to Suppress by TAYLOR TARANTO. (Guevara, Kathryn) (Entered: 10/17/2023) | |
| ☐ | Online | 34 | 10/19/2023 | REPLY in Support by TAYLOR TARANTO re 30 MOTION to Suppress (Guevara, Kathryn) (Entered: 10/19/2023) | |
| ☐ | Free | 35 | 10/24/2023 | NOTICE OF ATTORNEY APPEARANCE: Courtney Millian appearing for TAYLOR TARANTO (Millian, Courtney) (Entered: 10/24/2023) | |
| | | | 10/24/2023 | Minute Entry for Status Conference and Motion Hearing as to TAYLOR TARANTO held on 10/24/2023 re 30 MOTION to Suppress filed by TAYLOR TARANTO before Judge Carl J. Nichols. Renewed Motion to Suppress due by 11/9/2023. Responses due by 11/22/2023. Replies due by 11/29/2023. Bond Status of Defendant: Remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Kathryn Guevara and Courtney Millian; US Attorney: Allison Ethen and Colin Cloherty. Witnesses: FBI Special Agent Joshua Rothman and Officer David Boarman (zjch, ) (Entered: 10/24/2023) | |
| ☐ | Free | 36 | 11/07/2023 | TRANSCRIPT OF STATUS CONFERENCE and MOTION HEARING PROCEEDINGS in the case as to TAYLOR TARANTO, before Judge Carl J. Nichols, held on October 24, 2023. Page Numbers: 1-197. Date of Issuance: November 7, 2023. Court Reporter: Lorraine Herman. Email: lorraine_herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order FormFor the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due | |

RFJN 083

2/14/25, 10:48 AM                                                    1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | 11/28/2023. Redacted Transcript Deadline set for 12/8/2023. Release of Transcript Restriction set for 2/5/2024.(Herman, Lorraine) (Entered: 11/07/2023) | |
| ☐ | Online | 37 | 11/09/2023 | Joint MOTION for Extension of Time to File Supplemental Briefing re Motion to Suppress by TAYLOR TARANTO. (Guevara, Kathryn) (Entered: 11/09/2023) | |
| | | | 11/13/2023 | MINUTE ORDER. Upon consideration of 37 Joint Motion for Extension of Time to File Supplemental Briefs, it is hereby ORDERED that the Motion is GRANTED. Defendant shall file its supplemental brief supporting its 30 Motion to Suppress by November 14, 2023. The Government shall file its response by November 30, 2023. Defendant shall file any reply by December 7, 2023. So Ordered by Judge Carl J. Nichols on 11/13/2023. (lccjn3) (Entered: 11/13/2023) | |
| ☐ | Free | 38 | 11/14/2023 | Unopposed MOTION for Extension of Time to File by TAYLOR TARANTO. (Millian, Courtney) (Entered: 11/14/2023) | |
| ☐ | Free | 39 | 11/16/2023 | Supplemental Brief in Support re 30 Motion to Suppress by TAYLOR TARANTO. (Guevara, Kathryn) Modified text and to add link on 11/17/2023 (zstd). (Entered: 11/16/2023) | |
| | | | 11/27/2023 | MINUTE ORDER. Upon consideration of 38 Unopposed Motion for Extension of Time to File, it is hereby ORDERED that the Motion is GRANTED, nunc pro tunc. The previous briefing schedule is now VACATED. Defendants supplemental brief supporting its 30 Motion to Suppress was timely filed on November 16, 2023. The Government shall file its response by December 4, 2023. Defendant shall file any reply by December 11, 2023. So Ordered by Judge Carl J. Nichols on 11/27/2023. So Ordered by Judge Carl J. Nichols on 11/27/2023. (lccjn3) (Entered: 11/27/2023) | |
| ☐ | Free | 40 | 12/04/2023 | Memorandum in Opposition by USA as to TAYLOR TARANTO re 39 Motion to Suppress (Ethen, Allison) (Entered: 12/04/2023) | |
| ☐ | Free | 41 | 12/12/2023 | MOTION for Leave to File Supplemental Reply Brief Late by TAYLOR TARANTO. (Attachments: # 1 Supplement Supplemental Reply Brief in Support of Motion to Suppress)(Guevara, Kathryn) (Entered: 12/12/2023) | |
| | | | 12/15/2023 | NOTICE OF HEARING as to TAYLOR TARANTO: Status Conference set for 12/19/2023 at 09:00 AM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcam) (Entered: 12/15/2023) | |
| | | | 12/19/2023 | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference as to TAYLOR TARANTO held on 12/19/2023. Oral Motion for Release; Denied pending further motion. Speedy Trial as to TAYLOR TARANTO is Excluded from 12/19/2023 to 7/8/2024, in the Interest of Justice, XT. Parties' decision on severed trial due by 1/5/2024. Proposed Pretrial Schedule due by 1/12/2024. Jury Selection / Jury Trial set for 7/8/2024 at 09:00 AM in Courtroom 17- In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Kathryn Guevara and Courtney Millian; US Attorney: Allison Ethen and Colin Cloherty. (zcam) (Entered: 12/19/2023) | |
| ☐ | Online | 42 | 12/19/2023 | NOTICE OF ATTORNEY APPEARANCE Carlos Aksel Valdivia appearing for USA. (Valdivia, Carlos) (Entered: 12/19/2023) | |
| ☐ | Free | 43 | 01/12/2024 | JOINT MOTION TO SET PRE-TRIAL BRIEFING SCHEDULE by USA as to TAYLOR TARANTO (Cloherty, Colin) Modified event type and text on 1/15/2024 (zstd). (Entered: 01/12/2024) | |

RFJN 084

2/14/25, 10:48 AM                                               1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Free | 44 | 01/30/2024 | SCHEDULING ORDER as to TAYLOR TARANTO. Signed by Judge Carl J. Nichols on 1/30/2024. (lccjn3) Modified to add defendant's name on 1/30/2024 (zkh). (Main Document 44 replaced on 2/14/2024 to include corrected information (zcam). (Entered: 01/30/2024) | |
| | | | 02/14/2024 | NOTICE as to TAYLOR TARANTO: SCHEDULING ORDER 44 resent to show replaced document with corrected information. (zcam) (Entered: 02/14/2024) | |
| ☐ | Free | 45 | 02/14/2024 | SUPERSEDING INDICTMENT as to TAYLOR TARANTO (1) count(s) 1s, 2s-3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s. (FORDEITURE ALLEGATION) (zstd) (Entered: 02/15/2024) | |
| ☐ | Online | 47 | 02/15/2024 | NOTICE OF ATTORNEY APPEARANCE Samuel White appearing for USA. (Attachments: # 1 Certificate of Service)(White, Samuel) (Entered: 02/15/2024) | |
| ☐ | Free | 48 | 03/06/2024 | ORDER denying 30 Motion to Suppress as to Defendant TAYLOR TARANTO (1). Signed by Judge Carl J. Nichols on 3/6/2024. (lccjn3) (Entered: 03/06/2024) | |
| ☐ | Free | 49 | 03/06/2024 | MEMORANDUM OPINION as to Defendant TAYLOR TARANTO. Signed by Judge Carl J. Nichols on 3/6/2024. (lccjn3) (Entered: 03/06/2024) | |
| ☐ | Online | 50 | 03/08/2024 | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to TAYLOR TARANTO (Attachments: # 1 Certificate of Service)(Cloherty, Colin) (Entered: 03/08/2024) | |
| ☐ | Free | 51 | 04/12/2024 | NOTICE of Filing (Expert Witness) by USA as to TAYLOR TARANTO (Valdivia, Carlos) (Entered: 04/12/2024) | |
| ☐ | Free | 52 | 04/16/2024 | NOTICE Of Withdrawal by TAYLOR TARANTO (Fleury, Sonia) (Entered: 04/16/2024) | |
| | | | 04/19/2024 | NOTICE OF HEARING as to TAYLOR TARANTO: Status Conference VTC set for 4/24/2024 at 10:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcam) (Entered: 04/19/2024) | |
| | | | 04/24/2024 | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to TAYLOR TARANTO held on 4/24/2024. All current Trial Deadlines are TERMINATED. Speedy Trial as to TAYLOR TARANTO is Excluded from 7/8/2024 to 11/12/2024, in the Interest of Justice, XT. Parties are to email a Draft Revised Pretrial Scheduling Order to Courtroom Deputy by 5/10/2024. Parties are to email a proposed Status Conference/ Arraignment date to Courtroom Deputy. Jury Selection / Jury Trial RESET for 11/12/2024 at 09:00 AM in Courtroom 17- In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Courtney Millian and Michelle Peterson; US Attorney: Allison Ethen, Carlos Valdivia, and Samuel White. (zcam) (Entered: 04/24/2024) | |
| | | | 05/01/2024 | Set/Reset Hearings as to TAYLOR TARANTO: Arraignment / Status Conference set for 5/22/2024 at 10:30 AM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcam) (Entered: 05/01/2024) | |
| | | | 05/20/2024 | Set/Reset Hearings as to TAYLOR TARANTO: Arraignment / Status Conference reset for 5/23/2024 at 03:30 PM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcam) (Entered: 05/20/2024) | |
| | | | 05/23/2024 | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference / Arraignment as to TAYLOR TARANTO (1): Counts 1s,2s-3s,4s,5s,6s,7s,8s,9s,10s,11s held on 5/23/2024. Not Guilty as to all counts. Pretrial Scheduling Order to be issued by the Court. Further Order to be issued by the Court regarding jail placement. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Michelle Peterson, Courtney Millian, Elizabeth Mullin; | |

RFJN 085

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | US Attorney: Carlos Valdivia and Samuel White. (zcam) (Entered: 05/23/2024) | |
| ☐ | Free | 53 | 05/28/2024 | SCHEDULING ORDER as to TAYLOR TARANTO. Signed by Judge Carl J. Nichols on 5/28/2024. (lccjn3) (Entered: 05/28/2024) | |
| ☐ | Online | 54 | 05/29/2024 | NOTICE OF ATTORNEY APPEARANCE: Elizabeth Ann Mullin appearing for TAYLOR TARANTO (Mullin, Elizabeth) (Entered: 05/29/2024) | |
| ☐ | Free | 55 | 06/14/2024 | MOTION to Change Venue by TAYLOR TARANTO. (Attachments: # 1 Exhibit, # 2 Exhibit)(Mullin, Elizabeth) (Entered: 06/14/2024) | |
| ☐ | Free | 56 | 06/14/2024 | MOTION to Dismiss Count Eleven by TAYLOR TARANTO. (Mullin, Elizabeth) (Entered: 06/14/2024) | |
| ☐ | Free | 57 | 06/14/2024 | MOTION to Dismiss Count Eight and Nine by TAYLOR TARANTO. (Mullin, Elizabeth) (Entered: 06/14/2024) | |
| ☐ | Free | 58 | 06/14/2024 | MOTION to Dismiss Count Six by TAYLOR TARANTO. (Mullin, Elizabeth) (Entered: 06/14/2024) | |
| ☐ | Free | 59 | 06/14/2024 | MOTION to Dismiss Count One of Superseding Indictment for Vindictive Prosecution by TAYLOR TARANTO. (Mullin, Elizabeth) (Entered: 06/14/2024) | |
| ☐ | Free | 60 | 06/14/2024 | MOTION to Compel Discovery to Support Mr. Taranto's Claim of Selective Prosecution by TAYLOR TARANTO. (Mullin, Elizabeth) (Entered: 06/14/2024) | |
| ☐ | Online | 61 | 06/14/2024 | MOTION to Dismiss Count Four by TAYLOR TARANTO. (Mullin, Elizabeth) (Entered: 06/14/2024) | |
| ☐ | Free | 62 | 06/14/2024 | MOTION to Dismiss Count One by TAYLOR TARANTO. (Millian, Courtney) (Entered: 06/14/2024) | |
| ☐ | Free | 63 | 06/21/2024 | Consent MOTION for Extension of Time to File Response/Reply by USA as to TAYLOR TARANTO. (Valdivia, Carlos) (Entered: 06/21/2024) | |
| | | | 07/01/2024 | MINUTE ORDER. Upon consideration of the United States's 63 Consent Motion for Extension of Time, it is hereby ORDERED that the Motion is GRANTED. The Government shall file its oppositions to Defendant's motions on or before July 25, 2024. Defendant shall file his reply to the oppositions to ECF Nos. 55 through 58 and 61 on or before August 9, 2024 and to ECF Nos. 59, 60, and 62 on or before September 6, 2024. So Ordered by Judge Carl J. Nichols on 7/1/2024. (lccjn3) (Entered: 07/01/2024) | |
| ☐ | Online | 64 | 07/11/2024 | Unopposed MOTION for Extension of Time to File Fischer-related briefs by USA as to TAYLOR TARANTO. (Valdivia, Carlos) (Entered: 07/11/2024) | |
| ☐ | Online | 65 | 07/11/2024 | SUPPLEMENT by TAYLOR TARANTO re 64 Unopposed MOTION for Extension of Time to File Fischer-related briefs (Mullin, Elizabeth) (Entered: 07/11/2024) | |
| ☐ | Free | 66 | 07/25/2024 | Memorandum in Opposition by USA as to TAYLOR TARANTO re 55 Motion to Change Venue (Ethen, Allison) (Entered: 07/25/2024) | |
| ☐ | Free | 67 | 07/25/2024 | Memorandum in Opposition by USA as to TAYLOR TARANTO re 56 Motion to dismiss count(s) (Ethen, Allison) (Entered: 07/25/2024) | |
| ☐ | Free | 68 | 07/25/2024 | Memorandum in Opposition by USA as to TAYLOR TARANTO re 61 Motion to dismiss count(s) (Ethen, Allison) (Entered: 07/25/2024) | |
| ☐ | Free | 69 | 07/25/2024 | Memorandum in Opposition by USA as to TAYLOR TARANTO re 57 Motion to dismiss count(s) Eight and Nine (Valdivia, Carlos) (Entered: 07/25/2024) | |
| ☐ | Free | 70 | 07/25/2024 | RESPONSE by USA as to TAYLOR TARANTO re 59 MOTION to Dismiss Count One of Superseding Indictment for Vindictive Prosecution (White, Samuel) (Entered: 07/25/2024) | |
| ☐ | Free | 71 | 07/25/2024 | RESPONSE by USA as to TAYLOR TARANTO re 60 MOTION to Compel Discovery to Support Mr. Taranto's | |

**RFJN 086**

2/14/25, 10:48 AM                                           1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | Claim of Selective Prosecution (White, Samuel) (Entered: 07/25/2024) | |
| ☐ | Free | 72 | 07/25/2024 | Memorandum in Opposition by USA as to TAYLOR TARANTO re 58 Motion to dismiss count(s) Six (Valdivia, Carlos) (Entered: 07/25/2024) | |
| ☐ | Free | 73 | 07/25/2024 | Memorandum in Opposition by USA as to TAYLOR TARANTO re 62 Motion to dismiss count(s) One (5861(d), 5845(a)(3)) (Valdivia, Carlos) (Entered: 07/25/2024) | |
| ☐ | Free | 74 | 08/09/2024 | REPLY in Support by TAYLOR TARANTO re 61 MOTION to Dismiss Count Four (Millian, Courtney) (Entered: 08/09/2024) | |
| ☐ | Free | 75 | 09/06/2024 | REPLY TO OPPOSITION to Motion by TAYLOR TARANTO re 59 MOTION to Dismiss Count One of Superseding Indictment for Vindictive Prosecution, 60 MOTION to Compel Discovery to Support Mr. Taranto's Claim of Selective Prosecution (Mullin, Elizabeth) (Entered: 09/06/2024) | |
| ☐ | Online | 76 | 09/06/2024 | Unopposed MOTION for Leave to File Excess Pages by TAYLOR TARANTO. (Attachments: # 1 Proposed order) (Millian, Courtney) (Entered: 09/06/2024) | |
| ☐ | Free | 77 | 09/06/2024 | REPLY in Support by TAYLOR TARANTO re 62 MOTION to Dismiss Count One (Attachments: # 1 Exhibit 1 - ATF Classification)(Millian, Courtney) (Entered: 09/06/2024) | |
| ☐ | Free | 78 | 09/06/2024 | MOTION for 404(b) Evidence by USA as to TAYLOR TARANTO. (Valdivia, Carlos) (Entered: 09/06/2024) | |
| ☐ | Online | 79 | 09/10/2024 | RESPONSE by TAYLOR TARANTO re 78 MOTION for 404(b) Evidence Objection to Proposed Admission of Irrelevant Evidence (Mullin, Elizabeth) (Entered: 09/10/2024) | |
| ☐ | Online | 80 | 09/16/2024 | NOTICE of Filing (Expert Witness) by USA as to TAYLOR TARANTO (Ethen, Allison) (Entered: 09/16/2024) | |
| ☐ | Online | 81 | 09/17/2024 | NOTICE OF ATTORNEY APPEARANCE: Michelle M. Peterson appearing for TAYLOR TARANTO (Peterson, Michelle) (Entered: 09/17/2024) | |
| ☐ | Online | 82 | 09/17/2024 | NOTICE of Filing of Waiver of Right to Jury Trial by TAYLOR TARANTO (Attachments: # 1 Declaration Jury Trial Waiver)(Peterson, Michelle) (Entered: 09/17/2024) | |
| ☐ | Free | 83 | 09/17/2024 | REPLY in Support by USA as to TAYLOR TARANTO re 78 MOTION for 404(b) Evidence (Valdivia, Carlos) (Entered: 09/17/2024) | |
| ☐ | Free | 84 | 09/19/2024 | MOTION to Dismiss Count Seven (18 U.S.C. §§ 1512(c)(2) and 2) by USA as to TAYLOR TARANTO. (Valdivia, Carlos) (Entered: 09/19/2024) | |
| ☐ | Free | 85 | 09/20/2024 | MOTION in Limine (Omnibus Motions in Limine) by USA as to TAYLOR TARANTO. (Ethen, Allison) (Entered: 09/20/2024) | |
| ☐ | Online | 86 | 10/03/2024 | Consent MOTION for Extension of Time to File Joint Pretrial Statement by USA as to TAYLOR TARANTO. (Valdivia, Carlos) (Entered: 10/03/2024) | |
| | | | 10/04/2024 | MINUTE ORDER. Upon consideration of government's 86 Motion for Extension of Time to File Pretrial Statement, it is ORDERED that the motion is GRANTED. The parties shall file their joint pretrial statement no later than October 18th, 2024. So ORDERED by Judge Carl J. Nichols on 10/04/2024 (lccjn3) (Entered: 10/04/2024). (Entered: 10/04/2024) | |
| ☐ | Online | 87 | 10/10/2024 | Consent MOTION to Withdraw as Attorney and Appoint CJA Attorney by Federal Public Defender. by TAYLOR TARANTO. (Attachments: # 1 Text of Proposed Order) (Mullin, Elizabeth) (Entered: 10/10/2024) | |
| | | 88 | 10/10/2024 | MOTION to Appoint Counsel by TAYLOR TARANTO. (See docket entry 87 to view document.) (zstd) (Entered: 10/10/2024) | |

RFJN 087

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | 10/11/2024 | NOTICE OF HEARING as to TAYLOR TARANTO: Status Conference set for 10/16/2024 at 02:30 PM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcam) (Entered: 10/11/2024) | |
| | | | 10/16/2024 | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference as to TAYLOR TARANTO held on 10/16/2024. 87 Motion to Withdraw as Attorney; Granted by the Court. Elizabeth Ann Mullin, Michelle M. Peterson, and Courtney Millian withdrawn from case as to TAYLOR TARANTO (1). 88 Motion to Appoint Counsel; Granted by the Court. Edward John Ungvarsky for TAYLOR TARANTO appointed as to TAYLOR TARANTO (1). Speedy Trial as to TAYLOR TARANTO is Excluded from 10/16/2024 to 1/6/2025, in the Interest of Justice, XT. Government email Courtroom Deputy to notify of Witness' availability by 10/18/2024. Revised Pretrial Schedule due by 10/23/2024. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman Defense Attorney: Courtney Millian, Elizabeth Mullin, Michelle Peterson, and Edward Ungvarsky; US Attorney: Carlos Valdivia and Samuel White. (zcam) (Entered: 10/17/2024) | |
| | | | 10/16/2024 | Terminate Deadlines and Hearings as to TAYLOR TARANTO: Pretrial Conference terminated. (zcam) (Entered: 10/28/2024) | |
| ☐ | Free | 89 | 10/23/2024 | RESPONSE TO ORDER OF THE COURT by USA as to TAYLOR TARANTO re Order on Motion to Withdraw as Attorney,,,, Order on Motion to Appoint Counsel,,,, Status Conference,,,, Speedy Trial - Excludable Start,,,, Speedy Trial - Excludable Stop,,,, Set Deadlines,,, (Joint Motion to Set Revised Pretrial Schedule) (White, Samuel) (Entered: 10/23/2024) | |
| ☐ | Online | 90 | 10/30/2024 | MOTION to Withdraw as Attorney of Edward J. Ungvarsky by Edward John Ungvarsky. by TAYLOR TARANTO. (Attachments: # 1 Text of Proposed Order) (Ungvarsky, Edward) (Entered: 10/30/2024) | |
| | | | 10/31/2024 | MINUTE ORDER: It is hereby ORDERED that attorney Edward J. Ungvarsky's 90 motion to withdraw is GRANTED. It is further ORDERED that the Court will hold a status conference at 2:00PM on November 4, 2024, in Courtroom 17. The government is ORDERED to notify the Office of the Federal Public Defender of this Order and of the status conference. Signed by Judge Carl J. Nichols on 10/31/2024 (lccjn3l) (Entered: 10/31/2024) (Entered: 10/31/2024) | |
| | | | 11/01/2024 | MINUTE ORDER as to TAYLOR TARANTO. It is hereby ORDERED that the status conference set for 11/4/2024 is continued to Friday, 11/8/2024 at 10am in Courtroom 17. So ORDERED by Judge Carl J. Nichols on November 1, 2024. (lccjn3) (Entered: 11/01/2024) | |
| | | | 11/08/2024 | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference as to TAYLOR TARANTO held on 11/8/2024. Speedy Trial as to TAYLOR TARANTO is Excluded from 11/8/2024 to 5/12/2025, in the Interest of Justice, XT. Further Order to be issued by the Court appointing new counsel. Revised Scheduling Order due by 11/22/2024. Status Conference set for 12/17/2024 at 01:00 PM in Courtroom 17- In Person before Judge Carl J. Nichols. Jury Selection / Jury Trial reset for 5/12/2025 at 09:00 AM in Courtroom 17- In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Carmen Hernandez and Michelle Peterson; US Attorney: Samuel White. (zcam) (Entered: 11/08/2024) | |
| ☐ | Free | 91 | 11/20/2024 | NOTICE OF ATTORNEY APPEARANCE: Pleasant Sanford Brodnax, III appearing for TAYLOR TARANTO (Brodnax, Pleasant) (Entered: 11/20/2024) | |

RFJN 088

2/14/25, 10:48 AM                                                1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Free | 92 | 11/21/2024 | NOTICE OF ATTORNEY APPEARANCE: Carmen D. Hernandez appearing for TAYLOR TARANTO (Hernandez, Carmen) (Entered: 11/21/2024) | |
| ☐ | Online | 93 | 11/22/2024 | JONT Motion for Revised Scheduling Order by USA as to TAYLOR TARANTO re Status Conference,,,, Speedy Trial - Excludable Start,,,, Speedy Trial - Excludable Stop,,,, Set Deadlines/Hearings,,, REVISED SCHEDULING ORDER (Valdivia, Carlos) Modified event type and text on 11/22/2024 (zstd). (Entered: 11/22/2024) | |
| ☐ | Free | 94 | 12/02/2024 | SCHEDULING ORDER as to TAYLOR TARANTO. Signed by Judge Carl J. Nichols on 12/2/2024. (lccjn3) (Entered: 12/02/2024) | |
| | | | 12/17/2024 | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference as to TAYLOR TARANTO held on 12/17/2024. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Pleasant Brodnax, III and Carmen Hernandez; US Attorney: Carlos Valdivia and Samuel White. (zcam) (Entered: 12/17/2024) | |
| ☐ | Online | 95 | 12/19/2024 | NOTICE OF WITHDRAWAL OF APPEARANCE AUSA Allison Ethen by USA as to TAYLOR TARANTO (Valdivia, Carlos) (Entered: 12/19/2024) | |
| | | | 01/25/2025 | MINUTE ORDER: The Superseding Indictment charges Defendant TAYLOR TARANTO with certain offenses arising out of his alleged conduct in and around the U.S. Capitol on January 6, 2021, but also charges him with six offenses arising out of his unrelated conduct on June 29, 2023. (ECF 26). Taranto has been detained since June 2023 largely because of his conduct on that later date. (See ECF 27). His trial on all pending charges is currently set to begin on May 12, 2025. (ECF 94). In light of recent filings in cases involving other defendants in which the government has moved to dismiss charges arising out of conduct on January 6, 2021, the government is ordered to submit in this case, by 5:00pm EST on 1/27/2025, a brief setting forth its views regarding next steps in this matter. Signed by Judge Carl J. Nichols on 1/25/2025 (lccjn3) (Entered: 1/25/2025) (Entered: 01/25/2025) | |
| ☐ | Free | 96 | 01/25/2025 | MOTION to Dismiss Count (pursuant to executive order) by USA as to TAYLOR TARANTO. (White, Samuel) (Entered: 01/25/2025) | |
| ☐ | Free | 97 | 01/25/2025 | RESPONSE TO ORDER OF THE COURT by USA as to TAYLOR TARANTO re Set Deadlines,,, Regarding Next Steps (Valdivia, Carlos) (Entered: 01/25/2025) | |
| ☐ | Free | 98 | 02/03/2025 | ENTERED IN ERROR.....RESPONSE by TAYLOR TARANTO re 96 MOTION to Dismiss Count (pursuant to executive order) (Hernandez, Carmen) Modified to enter in error; refiled at DE #99 on 2/3/2025 (zstd). (Entered: 02/03/2025) | |
| ☐ | Free | 99 | 02/03/2025 | RESPONSE by TAYLOR TARANTO re 96 Motion to Dismiss (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Hernandez, Carmen) Modified text and to add link on 2/3/2025 (zstd). (Entered: 02/03/2025) | |
| | | | 02/10/2025 | MINUTE ORDER: The government is ORDERED to submit, no later than 2/11/2025, a Reply to Defendant TAYLOR TARANTO'S 99 Response re Government's 96 Motion to Dismiss. Signed by Judge Carl J. Nichols on 2/10/2025 (lccjn3) (Entered: 2/10/2025) (Entered: 02/10/2025) | |
| ☐ | Online | 100 | 02/11/2025 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney English, Jared added. Substituting for attorney Carlos Valdivia (English, Jared) (Entered: 02/11/2025) | |

RFJN 089

2/14/25, 10:48 AM                                              1:23cr229, USA v. TARANTO

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Free | 101 | 02/11/2025 | REPLY TO OPPOSITION to Motion by USA as to TAYLOR TARANTO re 99 MOTION to Dismiss Case (English, Jared) (Entered: 02/11/2025) | |
| | | | 02/12/2025 | MINUTE ORDER: It is hereby ORDERED that Defendant TAYLOR TARANTO's 99 Motion to Dismiss is DENIED. It is further ORDERED that the Government's 96 Partial Motion to Dismiss is GRANTED. Counts Seven, Eight, Nine, Ten, and Eleven of the 45 Superseding Indictment are DISMISSED with prejudice. Signed by Judge Carl J. Nichols on 2/12/2025 (lccjn3) (Entered: 2/12/2025) (Entered: 02/12/2025) | |



Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

LexisNexis®

About

Privacy Policy

Cookie Policy

Terms & Conditions

RELX™

Copyright © 2025 LexisNexis.

RFJN 090