## No. 24-7203

---

# In the
# United States Court of Appeals
# for the Ninth Circuit

---

### UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

### BENJAMIN MARTIN,
*Defendant-Appellant*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
NO. 1:21-cr-00228-JLT-BAM-1

---

## APPELLANT'S EMERGENCY MOTION TO VACATE JUDGMENT OF THE DISTRICT COURT AND TO REMAND WITH INSTRUCTIONS TO DISMISS THIS CASE

GEORGE T. PALLAS, P.A
Counsel for Benjamin Martin
Bar No: 348694
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com
By:/s/ *George T. Pallas*
GEORGE T. PALLAS, ESQ.

**RELIEF REQUESTED BY: FEBRUARY 28, 2025**

# In the United States Court of Appeals for the Ninth Circuit

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                       No. 24-7203

BENJAMIN MARTIN,
    *Defendant-Appellant*

---

## Appellant Martin's Emergency Motion to Vacate Judgment and Remand for Dismissal

The Appellant, Benjamin Martin, moves to vacate the judgment of the lower court and remand to that court with instructions to dismiss this case. **Benjamin Martin has been pardoned for the offenses at issue on appeal.** Therefore, this Court should vacate his judgment, dismiss this appeal as moot, and remand to the district court to dismiss the indictment.

On January 20, 2025, President Donald J. Trump pardoned Martin by "Presidential Proclamation." The Pardon provides that "[t]he pardon applies only to convictions for offenses related to events that occurred at or near the United States Capitol on January 6, 2021." The Certificate of Pardon has been submitted in the district court and in this Court and is attached to this motion.

### STATEMENT OF FACTS

Benjamin Martin was identified by FBI agents as being present at and in

the United States Capitol Building on January 6, 2021, during the protests occurring in and around that building. Consequently, the court issued a warrant to search Martin's home and to seize items related to his travel to, and conduct at, the Capitol. Because of the search, Martin was charged herein with a violation of 18 U.S.C. § 922(g)(9). **The Appellant remains in custody on this charge.**

The Appellant has been pardoned for this offense by the President of the United States. Indeed, the government has taken this precise position in similar cases with identical, if not more egregious, facts. For example, the government recently moved to dismiss an indictment pending in the Middle District of Florida, where the defendant had been charged with felon in possession of a firearm, for a firearm obtained during a search warrant related to the investigation of the defendant's conduct on January 6, 2021. *United States v. Ball*, 5:24-CR-97, ECF 41 (Middle District of Florida, filed February 20, 2025). The district court dismissed that Indictment with prejudice. Undersigned counsel was the attorney of record in that case. Similarly, the government filed a Notice of Filing of Certificate of Pardon in *United States v. Jeremy Brown*, to clarify that "[b]ased on consultation with Department leadership, it is the position of the United States that the offenses in this case are intended to be covered by this Pardon." *United States v. Jeremy Brown*, 8:21-CR-00348, ECF 372 (Middle

District of Florida, filed February 25, 2025). In that case, the defendant had been convicted in the Middle District of Florida for possession of firearms, a grenade and classified information at a jury trial in December 2022; contraband which had been located at his residence pursuant to a search warrant related to his actions on January 6, 2021. That defendant was released. Finally, the government recently concurred in the dismissal of an appeal in the Fourth Circuit, in the case of a defendant who was convicted of offenses related to January 6, 2021, and possession of contraband which was located pursuant to a search warrant executed at his residence for evidence related to his January 6, 2021 conduct. In that matter, the U.S. Attorney for the District of Maryland noted that "[a]fter consulting with the Department of Justice's leadership, the United States has concluded that the President pardoned Mr. Costianes of the offenses in the indictment. This determination by the Executive is 'conclusive and persuasive.' [*Trump v. United States*], 603 U.S. [593], 608 (2024)." *United States v. Costianes*, USCA4 Appeal 24-4543, Doc 20-1 (filed February 19, 2025). The search warrant which led to each of these defendants' arrest for firearms possession or contraband was issued with probable cause to believe agents would find evidence linking them to the protests of January 6. ***But for the events of January 6, the agents would never have obtained legal***

*justification or excuse to enter their homes*.  The facts of Mr. Martin's case are identical to the facts of these cases.

## ARGUMENT

Because of the Appellant's pardon, this appeal is now moot. When a criminal defendant on appeal receives "the unpredictable grace of a presidential pardon," the pardon moots the appeal and "ends all litigation." *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001).

"Where a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot." *In re Ghandtchi*, 705 F.2d 1315, 1316 (11th Cir. 1983); *see also Schaffer*, 240 F.3d at 38 (vacating "all opinions, judgments, and verdicts of this court and the District Court" where "[f]inality was never reached on the legal question of [the defendant's] guilt"). Because President Trump has pardoned Martin of the offenses in the indictment, this Court should hold that his appeal is moot, vacate the judgment of conviction, and remand with instructions for the district court to dismiss the indictment.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for Benjamin Martin
Bar No: 348694
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com
By:/s/ *George T. Pallas*
GEORGE T. PALLAS, ESQ.

**Certificate of Compliance with Type-Volume Limitation**

This motion, which contains 834 countable words, complies with Fed.

R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

## Certificate of Service

I certify that a copy of this motion and the notice of electronic filing was

sent by CM/ECF on February 27, 2025, to: Mr. Nirav Kaushik Desai,

Email: Nirav.Desai2@usdoj.gov, Office of the U.S. Attorney, 501 I Street,

Suite 10-00 Sacramento, CA 95814.

Respectfully submitted,
GEORGE T. PALLAS, P.A
Bar No: 348694
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com
By:/s/ *George T. Pallas*
GEORGE T. PALLAS, ESQ.