No. 24-7203

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**UNITED STATES OF AMERICA**,
PLAINTIFF-APPELLEE,

v.

**BENJAMIN MARTIN**,
DEFENDANT-APPELLANT.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
D.C. NO. 1:21-CR-228-NODJ-BAM

---

**UNITED STATES' UNOPPOSED MOTION TO
VACATE JUDGMENT AND REMAND FOR DISMISSAL
(REQUEST TO SUSPEND MERITS BRIEFING SCHEDULE)**

---

MICHELE BECKWITH
Acting United States Attorney

NIRAV K. DESAI
Assistant U.S. Attorney
Appellate Chief, Criminal Division
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for Appellee

## INTRODUCTION

The government hereby moves to vacate Benjamin Martin's judgment of conviction and to remand this case to the district court for dismissal with prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The undersigned contacted Martin's counsel, George Pallas, Esq., who advised that Martin neither opposes this motion nor desires to maintain this appeal given the filing of this motion. The parties request that this Court suspend the merits briefing schedule pending disposition of this motion. *See* Ninth Cir. Advisory Committee Note to Rule 27-1, § 6.

## BACKGROUND

On September 10, 2024, the district court conducted a bench trial on stipulated facts and found Martin guilty of being a prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(9). CR 115. On November 25, 2024, the court sentenced Martin. CR 122.

The court entered judgment on December 4, 2024, and later entered an amended judgment on December 23, 2024. CR 129, 132.

1

Meanwhile, Martin filed a timely notice of appeal on November 27, 2024. CR 124; Fed. R. App. P. 4(b)(2).

On January 20, 2025, the President issued a pardon by Executive Order affecting a class of persons alleged to have committed, or who were convicted of committing, criminal conduct at the United States Capitol on January 6, 2021. Martin's FRAP 9(b) Mot., Ex. C, Dkt. 5; 90 Fed. Reg. 8331 (Jan. 20, 2025). Martin is such a person. On February 5, 2025, the President issued a certificate of pardon to Martin, which conferred executive clemency on Martin and stated that the "pardon applies only to convictions for offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Gov.'s Req. for Judicial Notice, Ex. 1, Dkt. 12.

On February 4, 2025, Martin filed a motion for release pending appeal pursuant to Rule 9(b) of the Federal Rules of Appellate Procedure. Dkt. 5. In part, Martin argued that his appeal raised a substantial question regarding the scope of his pardon, which would result in the commutation of his sentence. On February 27, 2025, the government filed a supplemental statement of non-opposition to Martin's Rule 9(b) motion. Dkt. 23. On February 28, 2025, this

2

Court granted Martin's motion, Dkt. 24, and Martin has been out of BOP custody since March 6, 2025.

## DISCUSSION

The government requests that this Court vacate Martin's judgment of conviction and remand this case to the district court for dismissal pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. *See* 28 U.S.C. § 2106. The government intends to seek dismissal of Martin's conviction underlying this appeal. In the Executive Order issued on January 20, 2025, the President directed the Attorney General to pursue dismissal with prejudice of all pending cases against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021. 90 Fed. Reg. at 8331; *see United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]") (citation omitted).

The government has accordingly determined that the most efficient and prudent course—and the one most consistent with the President's instructions—is to move to vacate Martin's conviction

3

and dismiss the indictment under Rule 48(a). The government has determined that, as a matter of prosecutorial discretion, it is appropriate to forgo further proceedings on Martin's non-final conviction and instead agree to dismissal with prejudice under Rule 48. And given the government's intent to dismiss, this Court should remand the case to the district court to allow the government to file its Rule 48 motion and trigger that dismissal. *See Rinaldi v. United States*, 434 U.S. 22, 25 n.8 (1977) (per curiam); *see also, e.g.*, *United States v. Watts*, 422 U.S. 1032, 1032 (1975) ("Upon representation of the Solicitor General set forth in his brief for the United States filed May 2, 1975, judgment vacated, and case remanded to the [district court] to permit the Government to dismiss charges against petitioner."); *Bronsozian v. United States*, no. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of the pending application to vacate the judgment and dismiss the indictment."); *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999) ("Under [Rule] 48(a), the government has the power to move to dismiss any count of the

4

indictment as long as the defendant's appeal is pending and the decision is therefore not final.").

## CONCLUSION

Based on the foregoing, the government requests that this Court vacate Martin's judgment of conviction and remand this case to the district court for dismissal under Rule 48(a) of the Federal Rules of Criminal Procedure.[1]

Dated:  March 13, 2025               Respectfully submitted,

                                     MICHELE BECKWITH
                                     Acting United States Attorney

                                     /s/ Nirav K. Desai
                                     NIRAV K. DESAI
                                     Assistant United States Attorney

---

[1] On March 5, 2025, the previously assigned district judge disqualified herself from the underlying case.  CR 146.  No district judge is presently assigned to this case, but the district court should assign a new district judge on remand.

5