# ADDENDUM

## ADDENDUM TABLE OF CONTENTS

January 20, 2025 Presidential Executive Action ............................................... Add.1

Proclamation 4483 ...................................................................... Add.3

U.S. Constitution Excerpts ..............................................................Add.4

18 U.S.C. Section 922.................................................................... Add.5

Excerpt  BSCA that Changed 18 U.S.C. 922(g)(9) in 2022 ......................... Add.12

Excerpt 18 U.S.C. Section 921 Definitions for Section 922 ..........................Add.27

**Proclamation 10887—Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021**
*January 20, 2025*

*By the President of the United States of America*

*A Proclamation*

This proclamation ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation.

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I do hereby:

(a) commute the sentences of the following individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021, to time served as of January 20, 2025:

- Stewart Rhodes
- Kelly Meggs
- Kenneth Harrelson
- Thomas Caldwell
- Jessica Watkins
- Roberto Minuta
- Edward Vallejo
- David Moerschel
- Joseph Hackett
- Ethan Nordean
- Joseph Biggs
- Zachary Rehl
- Dominic Pezzola
- Jeremy Bertino

(b) grant a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021;

The Attorney General shall administer and effectuate the immediate issuance of certificates of pardon to all individuals described in section (b) above, and shall ensure that all individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021, who are currently held in prison are released immediately. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive.

I further direct the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive.

*In Witness Whereof,* I have hereunto set my hand this twentieth day of January, in the year of our Lord two thousand twenty-five, and of the Independence of the United States of America the two hundred and forty-ninth.

DONALD J. TRUMP

[Filed with the Office of the Federal Register, 8:45 a.m., January 28, 2025]

NOTE: This proclamation was published in the *Federal Register* on January 29.

*Categories:* Proclamations : January 6, 2021, events at or near U.S. Capitol, pardons and commutations for certain offenses.

*DCPD Number:* DCPD202500112.



**Add.2**



Citizen Archivists · Bookmark/Share · Contact Us

Search Archives.gov [Search]

| RESEARCH OUR RECORDS | VETERANS' SERVICE RECORDS | EDUCATOR RESOURCES | VISIT US | AMERICA'S FOUNDING DOCUMENTS |

# Office of the Federal Register (OFR)

Home > OFR > Codification > Proclamations

## Codification

About the *Codification*
Alphabetical Index
Chapter Index
Numeric Index


Search the Codification

# Proclamations

**Proclamation 4483--Granting pardon for violations of the Selective Service Act, August 4, 1964, to March 28, 1973**

Source: The provisions of Proclamation 4483 of Jan. 21, 1977, appear at 42 FR 4391, 3 CFR, 1977 Comp., p. 4, unless otherwise noted.

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, I, Jimmy Carter, President of the United States, do hereby grant a full, complete and unconditional pardon to: (1) all persons who may have committed any offense between August 4, 1964 and March 28, 1973 in violation of the Military Selective Service Act or any rule or regulation promulgated thereunder; and (2) all persons heretofore convicted, irrespective of the date of conviction, of any offense committed between August 4, 1964 and March 28, 1973 in violation of the Military Selective Service Act, or any rule or regulation promulgated thereunder, restoring to them full political, civil and other rights.

This pardon does not apply to the following who are specifically excluded therefrom:
(1) All persons convicted of or who may have committed any offense in violation of the Military Selective Service Act, or any rule or regulation promulgated thereunder, involving force or violence; and
(2) All persons convicted of or who may have committed any offense in violation of the Military Selective Service Act, or any rule or regulation promulgated thereunder, in connection with duties or responsibilities arising out of employment as agents, officers or employees of the Military Selective Service system.

IN WITNESS WHEREOF, I have hereunto set my hand this 21st day of January, in the year of our Lord nineteen hundred and seventy-seven, and of the Independence of the United States of America the two hundred and first.

*This page was last reviewed on August 15, 2016.*
*Contact us with questions or comments.*

## Archives.gov

### Information For...
Citizen Archivists
Federal Employees
Genealogists
Members of Congress
Preservation
Records Managers
The Press

### Publications
Today's *Federal Register*
Prologue Magazine
Subscribe to Email Newsletters
Blogs
All Publications

### Orgs. & Offices
Center for Legislative Archives
Federal Records Center
Office of the Federal Register
Office of the Inspector General
Presidential Libraries
Staff Directory

### About Us
What is the National Archives?
National Archives by the Numbers
Doing Business with Us
Plans and Reports
Open Government
Our Plain Language Activities

### I Want To...
Get My Military Record
Plan a Research Visit
Visit the National Archives
View Online Exhibits
Apply for a Grant
Research Presidential Records
View Highlights from Our Holdings

### Participate
Attend an Event
Donate to the Archives
Work at the Archives
Volunteer at the Archives

### Resources
A-Z Index
America's Founding Docs
Contact Us
Social Media
En Español
FAQs
Forms

### Shop Online
Visit the National Archives Store
Buy Reproductions and Microfilm

## CONNECT WITH US

Contact Us · Accessibility · Privacy Policy · Freedom of Information Act · No FEAR Act · USA.gov

**The U.S. National Archives and Records Administration**
1-86-NARA-NARA or 1-866-272-6272

Add.3

**United States Constitution Excerpts[1]**

**Article II Section. 2.**

The President shall be Commander in Chief of the Army and Navy of the United States, and of the Militia of the several States, when called into the actual Service of the United States; he may require the Opinion, in writing, of the principal Officer in each of the executive Departments, upon any Subject relating to the Duties of their respective Offices, and he shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment.

He shall have Power, by and with the Advice and Consent of the Senate, to make Treaties, provided two thirds of the Senators present concur; and he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

The President shall have Power to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the End of their next Session.

**ARTICLE III Section. 2**.

The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;— between a State and Citizens of another State,— between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

---

[1] From National Archives at https://www.archives.gov/founding-docs/constitution-transcript#2

Add.4

## 18 USCS § 922, Part 1 of 5

Current through Public Law 119-36, approved September 5, 2025.

*United States Code*
*Service* > *TITLE*
*18. CRIMES AND CRIMINAL PROCEDURE (§§ 1 — 6005)* >
*Part I. Crimes (Chs. 1 — 123)* >
*CHAPTER 44. Firearms (§§ 921 — 934)*

## § 922. Unlawful acts [Caution: See prospective amendment note below.]

**(a)** It shall be unlawful—

**(1)** for any person—

**(A)** except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce; or

**(B)** except a licensed importer or licensed manufacturer, to engage in the business of importing or manufacturing ammunition, or in the course of such business, to ship, transport, or receive any ammunition in interstate or foreign commerce;

**(2)** for any importer, manufacturer, dealer, or collector licensed under the provisions of this chapter [18 USCS §§ 921 et seq.] to ship or transport in interstate or foreign commerce any firearm to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, except that—

**(A)** this paragraph and subsection (b)(3) shall not be held to preclude a licensed importer, licensed manufacturer, licensed dealer, or licensed collector from returning a firearm or replacement firearm of the same kind and type to a person from whom it was received; and this paragraph shall not be held to preclude an individual from mailing a firearm owned in compliance with Federal, State, and local law to a licensed importer, licensed manufacturer, licensed dealer, or licensed collector;

**(B)** this paragraph shall not be held to preclude a licensed importer, licensed manufacturer, or licensed dealer from depositing a firearm for conveyance in the mails to any officer, employee, agent, or watchman who, pursuant to the provisions of section 1715 of this title [18 USCS § 1715], is eligible to receive through the mails pistols, revolvers, and other firearms capable of being concealed on the person, for use in connection with his official duty; and

**(C)** nothing in this paragraph shall be construed as applying in any manner in the District of Columbia, the Commonwealth of Puerto Rico, or any possession of the

**Add.5**

18 USCS § 922, Part 1 of 5

United States differently than it would apply if the District of Columbia, the Commonwealth of Puerto Rico, or the possession were in fact a State of the United States;

(3) for any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides (or if the person is a corporation or other business entity, the State where it maintains a place of business) any firearm purchased or otherwise obtained by such person outside that State, except that this paragraph (A) shall not preclude any person who lawfully acquires a firearm by bequest or intestate succession in a State other than his State of residence from transporting the firearm into or receiving it in that State, if it is lawful for such person to purchase or possess such firearm in that State, (B) shall not apply to the transportation or receipt of a firearm obtained in conformity with subsection (b)(3) of this section, and (C) shall not apply to the transportation of any firearm acquired in any State prior to the effective date of this chapter [effective Dec. 16, 1968];

(4) for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, to transport in interstate or foreign commerce any destructive device, machinegun (as defined in section 5845 of the Internal Revenue Code of 1954 [1986] [26 USCS § 5845]), short-barreled shotgun, or short-barreled rifle, except as specifically authorized by the Attorney General consistent with public safety and necessity;

(5) for any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the transferor resides; except that this paragraph shall not apply to (A) the transfer, transportation, or delivery of a firearm made to carry out a bequest of a firearm to, or an acquisition by intestate succession of a firearm by, a person who is permitted to acquire or possess a firearm under the laws of the State of his residence, and (B) the loan or rental of a firearm to any person for temporary use for lawful sporting purposes;

(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter [18 USCS §§ 921 et seq.];

(7) for any person to manufacture or import armor piercing ammunition, unless—

(A) the manufacture of such ammunition is for the use of the United States, any department or agency of the United States, any State, or any department, agency, or political subdivision of a State;

**Add.6**

18 USCS § 922, Part 1 of 5

**(B)** the manufacture of such ammunition is for the purpose of exportation; or

**(C)** the manufacture or importation of such ammunition is for the purpose of testing or experimentation and has been authorized by the Attorney General;

**(8)** for any manufacturer or importer to sell or deliver armor piercing ammunition, unless such sale or delivery—

**(A)** is for the use of the United States, any department or agency of the United States, any State, or any department, agency, or political subdivision of a State;

**(B)** is for the purpose of exportation; or

**(C)** is for the purpose of testing or experimentation and has been authorized by the Attorney General; [and]

**(9)** for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, who does not reside in any State to receive any firearms unless such receipt is for lawful sporting purposes.

**(b)** It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—

**(1)** any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age;

**(2)** any firearm to any person in any State where the purchase or possession by such person of such firearm would be in violation of any State law or any published ordinance applicable at the place of sale, delivery or other disposition, unless the licensee knows or has reasonable cause to believe that the purchase or possession would not be in violation of such State law or such published ordinance;

**(3)** any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the licensee's place of business is located, except that this paragraph (A) shall not apply to the sale or delivery of any rifle or shotgun to a resident of a State other than a State in which the licensee's place of business is located if the transferee meets in person with the transferor to accomplish the transfer, and the sale, delivery, and receipt fully comply with the legal conditions of sale in both such States (and any licensed manufacturer, importer or dealer shall be presumed, for purposes of this subparagraph, in the absence of evidence to the contrary, to have had actual knowledge of the State laws and published ordinances of both States), and (B) shall not apply to the loan or rental of a firearm to any person for temporary use for lawful sporting purposes;

**(4)** to any person any destructive device, machinegun (as defined in section 5845 of the Internal Revenue Code of 1954 [1986] [26 USCS § 5845]), short-barreled shotgun, or short-barreled rifle, except as specifically authorized by the Attorney General consistent with public safety and necessity; and

Add.7

**(5)** any firearm or armor-piercing ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter [18 USCS § 923], the name, age, and place of residence of such person if the person is an individual, or the identity and principal and local places of business of such person if the person is a corporation or other business entity.

Paragraphs (1), (2), (3), and (4) of this subsection shall not apply to transactions between licensed importers, licensed manufacturers, licensed dealers, and licensed collectors. Paragraph (4) of this subsection shall not apply to a sale or delivery to any research organization designated by the Attorney General.

**(c)** In any case not otherwise prohibited by this chapter [18 USCS §§ 921 et seq.], a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises (other than another licensed importer, manufacturer, or dealer) only if—

**(1)** the transferee submits to the transferor a sworn statement in the following form:

Subject to penalties provided by law, I swear that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age, or that, in the case of a shotgun or a rifle, I am eighteen years or more of age; that I am not prohibited by the provisions of chapter 44 of title 18, United States Code [18 USCS §§ 921 et seq.], from receiving a firearm in interstate or foreign commerce; and that my receipt of this firearm will not be in violation of any statute of the State and published ordinance applicable to the locality in which I reside. Further, the true title, name, and address of the principal law enforcement officer of the locality to which the firearm will be delivered are ......................................................

Signature................................. Date..................

and containing blank spaces for the attachment of a true copy of any permit or other information required pursuant to such statute or published ordinance;

**(2)** the transferor has—

**(A)** prior to the shipment or delivery of the firearm, forwarded a copy of the sworn statement, together with a description of the firearm, in a form prescribed by the Attorney General, to the chief law enforcement officer of the transferee's place of residence, by—

**(i)** registered or certified mail (return receipt requested); or

**(ii)** verified electronic notification; and

**(B)**

**(i)** with respect to a delivery method described in subparagraph (A)(i)—

**(I)** received a return receipt evidencing delivery of the statement; or

**(II)** had the statement returned due to the refusal of the named addressee to accept such letter in accordance with United States Post Office Department regulations; or

Add.8

18 USCS § 922, Part 1 of 5

**(ii)** with respect to a delivery method described in subparagraph (A)(ii), received a return receipt evidencing delivery of the statement; and

**(3)** the transferor has delayed shipment or delivery for a period of at least seven days following receipt of the notification of the acceptance or refusal of delivery of the statement.

A copy of the sworn statement and a copy of the notification to the local law enforcement officer, together with evidence of receipt or rejection of that notification shall be retained by the licensee as a part of the records required to be kept under section 923(g) [18 USCS § 923(g)].

**(d)** It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person, including as a juvenile—

**(1)** is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

**(2)** is a fugitive from justice;

**(3)** is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));

**(4)** has been adjudicated as a mental defective or has been committed to any mental institution at 16 years of age or older;

**(5)** who, being an alien—

**(A)** is illegally or unlawfully in the United States; or

**(B)** except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));

**(6)** [who] has been discharged from the Armed Forces under dishonorable conditions;

**(7)** who, having been a citizen of the United States, has renounced his citizenship;

**(8)** is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, except that this paragraph shall only apply to a court order that—

**(A)** was issued after a hearing of which such person received actual notice, and at which such person had the opportunity to participate; and

**(B)**

**(i)** includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

**(ii)** by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

**Add.9**

**(9)** has been convicted in any court of a misdemeanor crime of domestic violence;

**(10)** intends to sell or otherwise dispose of the firearm or ammunition in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking offense (as such terms are defined in section 932(a) [18 USCS § 932(a)]); or

**(11)** intends to sell or otherwise dispose of the firearm or ammunition to a person described in any of paragraphs (1) through (10).

This subsection shall not apply with respect to the sale or disposition of a firearm or ammunition to a licensed importer, licensed manufacturer, licensed dealer, or licensed collector who pursuant to subsection (b) of section 925 [18 USCS § 925] is not precluded from dealing in firearms or ammunition, or to a person who has been granted relief from disabilities pursuant to subsection (c) of section 925 [18 USCS § 925].

**(e)** It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter [18 USCS §§ 921 et seq.]. No common or contract carrier shall require or cause any label, tag, or other written notice to be placed on the outside of any package, luggage, or other container that such package, luggage, or other container contains a firearm.

**(f)**

**(1)** It shall be unlawful for any common or contract carrier to transport or deliver in interstate or foreign commerce any firearm or ammunition with knowledge or reasonable cause to believe that the shipment, transportation, or receipt thereof would be in violation of the provisions of this chapter [18 USCS §§ 921 et seq.].

**(2)** It shall be unlawful for any common or contract carrier to deliver in interstate or foreign commerce any firearm without obtaining written acknowledgement of receipt from the recipient of the package or other container in which there is a firearm.

**(g)** It shall be unlawful for any person—

**(1)** who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

**(2)** who is a fugitive from justice;

**(3)** who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));

**(4)** who has been adjudicated as a mental defective or who has been committed to a mental institution;

**Add.10**

**(5)** who, being an alien—

    **(A)** is illegally or unlawfully in the United States; or

    **(B)** except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));

**(6)** who has been discharged from the Armed Forces under dishonorable conditions;

**(7)** who, having been a citizen of the United States, has renounced his citizenship;

**(8)** who is subject to a court order that—

    **(A)** was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

    **(B)** restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

    **(C)**

        **(i)** includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

        **(ii)** by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

**(9)** who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(h)** It shall be unlawful for any individual, who to that individual's knowledge and while being employed for any person described in any paragraph of subsection (g) of this section, in the course of such employment—

    **(1)** to receive, possess, or transport any firearm or ammunition in or affecting interstate or foreign commerce; or

    **(2)** to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(i)** It shall be unlawful for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

**(j)** It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign

**Add.11**

# Bipartisan Safer Communities Act, 2022 Enacted S 2938, 117 Enacted S 2938

Enacted, June 25, 2022

**Reporter**
117 P.L. 159; 2022 Enacted S 2938; 117 Enacted S 2938; 136 Stat. 1313

**USCS ADVANCE LEGISLATIVE SERVICE > UNITED STATES CONGRESS 2ND SESSION OF THE 117TH CONGRESS >   Public Law 117-159 > [S. 2938]**

## Synopsis

AN ACT To make our communities safer.

## Text

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. JOSEPH WOODROW HATCHETT UNITED STATES COURTHOUSE AND FEDERAL BUILDING.**

(a) **DESIGNATION.—** The United States Courthouse and Federal Building located at 111 North Adams Street in Tallahassee, Florida, shall be known and designated as the "Joseph Woodrow Hatchett United States Courthouse and Federal Building".

(b) **REFERENCES.—** Any reference in a law, map, regulation, document, paper, or other record of the United States to the United States Courthouse and Federal Building referred to in subsection (a) shall be deemed to be a reference to the "Joseph Woodrow Hatchett United States Courthouse and Federal Building".

**SEC. 2. LYNN C. WOOLSEY POST OFFICE BUILDING.**

(a) **DESIGNATION.—** The facility of the United States Postal Service located at 120 4th Street in Petaluma, California, shall be known and designated as the "Lynn C. Woolsey Post Office Building".

(b) **REFERENCES.—** Any reference in a law, map, regulation, document, paper, or other record of the United States to the facility referred to in subsection (a) shall be deemed to be a reference to the "Lynn C. Woolsey Post Office Building".

117 P.L. 159

**SEC. 3. SHORT TITLE; TABLE OF CONTENTS.**

(a) **SHORT TITLE.—** This Act may be cited as the "Bipartisan Safer Communities Act".

(b) **TABLE OF CONTENTS.—** The table of contents for this Act is as follows:

**Sec. 1. Joseph Woodrow Hatchett United States Courthouse and Federal Building.**

**Sec. 2. Lynn C. Woolsey Post Office Building.**

**Sec. 3. Short title; table of contents.**

**DIVISION A— MENTAL HEALTH AND FIREARMS PROVISIONS**

**TITLE I— CHILDREN AND FAMILY MENTAL HEALTH SERVICES**

**Sec. 11001. Expansion of community mental health services demonstration program.**

**Sec. 11002. Medicaid and telehealth.**

**Sec. 11003. Supporting access to health care services in schools.**

**Sec. 11004. Review of State implementation of early and periodic screening, diagnostic, and treatment services.**

**Sec. 11005. Pediatric mental health care access grants.**

**TITLE II— FIREARMS**

**Sec. 12001. Juvenile records.**

**Sec. 12002. Defining "engaged in the business".**

**Sec. 12003. Use of Byrne grants for implementation of State crisis intervention programs.**

**Sec. 12004. Stop Illegal Trafficking in Firearms Act.**

**Sec. 12005. Misdemeanor crime of domestic violence.**

**TITLE III— OTHER MATTERS**

**Subtitle A— Extension of Moratorium**

**Add.13**

117 P.L. 159

**Sec. 13101. Extension of moratorium on implementation of rule relating to eliminating the anti-kickback statute safe harbor protection for prescription drug rebates.**

**Subtitle B— Medicare Improvement Fund**

**Sec. 13201. Medicare Improvement Fund.**

**Subtitle C— Luke and Alex School Safety Act of 2022**

**Sec. 13301. Short title.**

**Sec. 13302. Federal Clearinghouse on School Safety Evidence-based Practices.**

**Sec. 13303. Notification of clearinghouse.**

**Sec. 13304. Grant program review.**

**Sec. 13305. Rules of construction.**

**Subtitle D— Amendment on ESEA Funding**

**Sec. 13401. Amendment on ESEA funding.**

**DIVISION B— APPROPRIATIONS**

**DIVISION A— MENTAL HEALTH AND FIREARMS PROVISIONS**

**TITLE I— CHILDREN AND FAMILY MENTAL HEALTH SERVICES**

**TITLE II— FIREARMS**

**SEC. 12001. JUVENILE RECORDS.**

**(a) IMPROVING NICS EXAMINATION OF JUVENILE RECORDS.—**

**(1) IN GENERAL.—** Section 922 of title 18, United States Code, is amended—

**(A)** in subsection (d)—

**(i)** in the matter preceding paragraph (1), by inserting ", including as a juvenile" after "such person"; and

**(ii)** in paragraph (4), by inserting "at 16 years of age or older" after "institution"; and

**(B)** in subsection (t)—

**(i)** in paragraph (1)—

**(I)** in subparagraph (B)(ii)—

**Add.14**

117 P.L. 159

by inserting "subject to subparagraph (C)," before "3 business days"; and

**(bb)** by striking "and" at the end;

**(II)** by redesignating subparagraph (C) as subparagraph (D); and

**(III)** by inserting after subparagraph (B) the following:

"**(C)** in the case of a person less than 21 years of age, in addition to all other requirements of this chapter—

"**(i)** the system provides the licensee with a unique identification number;

"**(ii)** 3 business days (meaning a day on which State offices are open) have elapsed since the licensee contacted the system, and the system has not notified the licensee that cause exists to further investigate a possibly disqualifying juvenile record under subsection (d); or

"**(iii)** in the case of such a person with respect to whom the system notifies the licensee in accordance with clause (ii) that cause exists to further investigate a possibly disqualifying juvenile record under subsection (d), 10 business days (meaning a day on which State offices are open) have elapsed since the licensee contacted the system, and the system has not notified the licensee that—

"**(I)** transferring the firearm to the other person would violate subsection (d) of this section; or

"**(II)** receipt of a firearm by the other person would violate subsection (g) or (n) of this section, or State, local, or Tribal law; and";

**(ii)** in paragraph (2)—

**(I)** by inserting "transfer or" before "receipt"; and

**(II)** by striking "(g) or (n)" and inserting "(d), (g), or (n) (as applicable)";

**(iii)** in paragraph (4)—

**(I)** by inserting "transfer of a firearm to or" before "receipt"; and

**(II)** by striking "(g) or (n)" and inserting "(d), (g), or (n) (as applicable)"; and

**(iv)** in paragraph (5)—

**(I)** by inserting "transfer of a firearm to or" before "receipt"; and

**Add.15**

117 P.L. 159

**(II)** by striking "(g) or (n)" and inserting "(d), (g), or (n) (as applicable)".

**(2) NICS REQUIREMENTS.—** Section 103 of the Brady Handgun Violence Prevention Act (34 U.S.C. 40901) is amended by adding at the end the following:

**"(l) Requirements relating to background checks for persons under age 21.—**If a licensee contacts the system established under this section regarding a proposed transfer of a firearm to a person less than 21 years of age in accordance with subsection (t) of section 922 of title 18, United States Code, the system shall—

**"(1)**immediately contact—

**"(A)** the criminal history repository or juvenile justice information system, as appropriate, of the State in which the person resides for the purpose of determining whether the person has a possibly disqualifying juvenile record under subsection (d) of such section 922;

**"(B)** the appropriate State custodian of mental health adjudication records in the State in which the person resides to determine whether the person has a possibly disqualifying juvenile record under subsection (d) of such section 922; and

**"(C)** a local law enforcement agency of the jurisdiction in which the person resides for the purpose of determining whether the person has a possibly disqualifying juvenile record under subsection (d) of such section 922;

**"(2)**as soon as possible, but in no case more than 3 business days, after the licensee contacts the system, notify the licensee whether cause exists to further investigate a possibly disqualifying juvenile record under subsection (d) of such section 922; and

**"(3)**if there is cause for further investigation, as soon as possible, but in no case more than 10 business days, after the licensee contacts the system, notify the licensee whether—

**"(A)** transfer of a firearm to the person would violate subsection (d) of such section 922; or

**"(B)** receipt of a firearm by the person would violate subsection (g) or (n) of such section 922, or State, local, or Tribal law.".

**(3) SUNSET OF REQUIREMENTS TO CONTACT STATE AND LOCAL ENTITIES.—**

**Add.16**

117 P.L. 159

Effective on September 30, 2032, paragraphs (1)(B) and (2) are repealed, and the provisions of law amended by those paragraphs are restored as if those paragraphs had not been enacted.

**(b) REPORT ON REMOVING OUTDATED, EXPIRED, OR ERRONEOUS RECORDS.—**

**SEC. 12002. DEFINING "ENGAGED IN THE BUSINESS".**

**SEC. 12003. USE OF BYRNE GRANTS FOR IMPLEMENTATION OF STATE CRISIS INTERVENTION PROGRAMS.**

**SEC. 12004. STOP ILLEGAL TRAFFICKING IN FIREARMS ACT.**

**(a) ANTI-STRAW PURCHASING AND FIREARMS TRAFFICKING AMENDMENTS.—**

**(1) IN GENERAL.—** Chapter 44 of title 18, United States Code, is amended by adding at the end the following:

**"§ 932. Straw purchasing of firearms**

**"(a) Definitions.—** For purposes of this section—

**"(1)**the term 'drug trafficking crime'—

**"(A)** has the meaning given that term in section 924(c)(2); and

**"(B)** includes a felony punishable under the law of a State for which the conduct constituting the offense would constitute a felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

**"(2)**the term 'Federal crime of terrorism' has the meaning given that term in section 2332b(g)(5); and

**"(3)**the term 'felony' means any offense under Federal or State law punishable by imprisonment for a term exceeding 1 year.

**"(b) Violation.—** It shall be unlawful for any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person—

**"(1)**meets the criteria of 1 or more paragraphs of section 922(d);

**"(2)**intends to use, carry, possess, or sell or otherwise dispose of the firearm in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking crime; or

**"(3)**intends to sell or otherwise dispose of the firearm to a person described in paragraph (1) or (2).

**Add.17**

117 P.L. 159

**"(c) Penalty.—**

**"(1) In general.—** Except as provided in paragraph (2), any person who violates subsection (b) shall be fined under this title, imprisoned for not more than 15 years, or both.

**"(2) Use in felonies, crimes of terrorism, or drug trafficking crimes.—**If a violation of subsection (b) is committed knowing or with reasonable cause to believe that any firearm involved will be used to commit a felony, a Federal crime of terrorism, or a drug trafficking crime, the person shall be sentenced to a term of imprisonment of not more than 25 years.

**"§ 933. Trafficking in firearms**

**"(a) In general.—** It shall be unlawful for any person to—

**"(1)**ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a));

**"(2)**receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony; or

**"(3)**attempt or conspire to commit the conduct described in paragraph (1) or (2).

**"(b) Penalty.—** Any person who violates subsection (a) shall be fined under this title, imprisoned for not more than 15 years, or both.

**"§ 934. Forfeiture and fines**

**"(a) Forfeiture.—**

**"(1) In general.—** Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—

**"(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and

**"(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm

**Add.18**

117 P.L. 159

or ammunition pursuant to this section, section 924(d) shall apply.

"(2) Imposition.— The court, in imposing sentence on a person convicted of a violation of section 932 or 933, shall order, in addition to any other sentence imposed pursuant to section 932 or 933, that the person forfeit to the United States all property described in paragraph (1).

"(b) Fines.— A defendant who derives profits or other proceeds from an offense under section 932 or 933 may be fined not more than the greater of—

"(1) the fine otherwise authorized by this part; or

"(2) the amount equal to twice the gross profits or other proceeds of the offense under section 932 or 933.".

(2) TITLE III AUTHORIZATION.— Section 2516(1)(n) of title 18, United States Code, is amended by striking "sections 922 and 924" and inserting "section 922, 924, 932, or 933".

(3) RACKETEERING AMENDMENT.— Section 1961(1)(B) of title 18, United States Code, is amended by inserting "section 932 (relating to straw purchasing), section 933 (relating to trafficking in firearms)," before "section 1028".

(4) MONEY LAUNDERING AMENDMENT.—Section 1956(c)(7)(D) of title 18, United States Code, is amended by striking "section 924(n)" and inserting "section 924(n), 932, or 933".

(5) DIRECTIVE TO SENTENCING COMMISSION.—

Pursuant to its authority under section 994 of title 28, United States Code, and in accordance with this subsection, the United States Sentencing Commission shall review and amend its guidelines and policy statements to ensure that persons convicted of an offense under section 932 or 933 of title 18, United States Code, and other offenses applicable to the straw purchases and trafficking of firearms are subject to increased penalties in comparison to those currently provided by the guidelines and policy statements for such straw purchasing and trafficking of firearms offenses. In its review, the Commission shall consider, in particular, an appropriate amendment to reflect the intent of Congress that straw purchasers without significant criminal histories receive sentences that are sufficient to deter participation in such activities and reflect the defendant's role and culpability, and any coercion, domestic violence survivor history, or other mitigating factors. The Commission shall also review and amend its guidelines and policy statements to reflect the intent of Congress that a person convicted of an

**Add.19**

117 P.L. 159

offense under section 932 or 933 of title 18, United States Code, who is affiliated with a gang, cartel, organized crime ring, or other such enterprise should be subject to higher penalties than an otherwise unaffiliated individual.

**(6) TECHNICAL AND CONFORMING AMENDMENT.**—The table of sections for chapter 44 of title 18, United States Code, is amended by adding at the end the following:

> **"932. Straw purchasing of firearms.**
>
> **"933. Trafficking in firearms.**
>
> **"934. Forfeiture and fines.".**

**(b) AMENDMENTS TO SECTION 922(D).**—Section 922(d) of title 18, United States Code, is amended—

**(1)** in paragraph (8), by striking "or" at the end;

**(2)** in paragraph (9), by striking the period at the end and inserting a semicolon; and

**(3)** by striking the matter following paragraph (9) and inserting the following:

> **"(10)** intends to sell or otherwise dispose of the firearm or ammunition in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking offense (as such terms are defined in section 932(a)); or
>
> **"(11)** intends to sell or otherwise dispose of the firearm or ammunition to a person described in any of paragraphs (1) through (10).
>
> This subsection shall not apply with respect to the sale or disposition of a firearm or ammunition to a licensed importer, licensed manufacturer, licensed dealer, or licensed collector who pursuant to subsection (b) of section 925 is not precluded from dealing in firearms or ammunition, or to a person who has been granted relief from disabilities pursuant to subsection (c) of section 925.".

**(c) AMENDMENTS TO SECTION 924(A).**—Section 924(a) of title 18, United States Code, is amended—

**(1)** in paragraph (2), by striking "(d), (g),"; and

**(2)** by adding at the end the following:

> **"(8)** Whoever knowingly violates subsection (d) or (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both.".

**(d) AMENDMENTS TO SECTION 924(D).**—Section 924(d) of title 18, United States Code, is amended—

**Add.20**

117 P.L. 159

**(1)** in paragraph (1), by inserting "932, or 933," after "section 924,"; and

**(2)** in paragraph (3)—

**(A)** in subparagraph (E), by striking "and" at the end;

**(B)** in subparagraph (F), by striking the period at the end and inserting "; and"; and

**(C)** by adding at the end the following:

"**(G)** any offense under section 932 or 933.".

**(e) AMENDMENTS TO SECTION 924(H).**—Section 924 of title 18, United States Code, is amended by striking subsection (h) and inserting the following:

"**(h)** Whoever knowingly receives or transfers a firearm or ammunition, or attempts or conspires to do so, knowing or having reasonable cause to believe that such firearm or ammunition will be used to commit a felony, a Federal crime of terrorism, or a drug trafficking crime (as such terms are defined in section 932(a)), or a crime under the Arms Export Control Act (22 U.S.C. 2751 et seq.), the Export Control Reform Act of 2018 (50 U.S.C. 4801 et seq.), the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.), or the Foreign Narcotics Kingpin Designation Act (21 U.S.C. 1901 et seq.), shall be fined under this title, imprisoned for not more than 15 years, or both.".

**(f) AMENDMENTS TO SECTION 924(K).**—Section 924 of title 18, United States Code, is amended by striking subsection (k) and inserting the following:

"**(k)**

**(1)** A person who smuggles or knowingly brings into the United States a firearm or ammunition, or attempts or conspires to do so, with intent to engage in or to promote conduct that—

"**(A)** is punishable under the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46; or

"**(B)** constitutes a felony, a Federal crime of terrorism, or a drug trafficking crime (as such terms are defined in section 932(a)),

shall be fined under this title, imprisoned for not more than 15 years, or both.

"**(2)** A person who smuggles or knowingly takes out of the United States a firearm or ammunition, or attempts or conspires to do so, with intent to engage in or to promote conduct that—

"**(A)** would be punishable under the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, if the conduct had occurred within the United States; or

**Add.21**

"**(B)** would constitute a felony or a Federal crime of terrorism (as such terms are defined in section 932(a)) for which the person may be prosecuted in a court of the United States, if the conduct had occurred within the United States,

shall be fined under this title, imprisoned for not more than 15 years, or both.".

**(g) PROHIBITION ON FIREARMS OR AMMUNITION TRANSFERS TO AGENTS OF DRUG CARTELS.—**

The Department of Justice, and any of its law enforcement coordinate agencies, shall not conduct or otherwise facilitate the transfer of an operable firearm or ammunition to an individual if any law enforcement officer employed by the Department of Justice involved with the transfer knows or has reasonable cause to believe that the recipient of the firearm or ammunition is an agent of a drug cartel, unless law enforcement personnel of the United States continuously monitor or control the firearm or ammunition at all times.

**(h) FFL ACCESS TO LAW ENFORCEMENT INFORMATION.—**

**(1) IN GENERAL.—** Section 103(b) of the Brady Handgun Violence Prevention Act (34 U.S.C. 40901(b)), is amended—

**(A)** by striking "Not later than" and inserting the following:

"**(1) In general.—** Not later than"; and

**(B)** by adding at the end the following:

"**(2) Voluntary background checks.—**

"**(A) In general.—** Not later than 90 days after the date of enactment of this paragraph, the Attorney General shall promulgate regulations allowing licensees to use the national instant criminal background check system established under this section for purposes of voluntarily conducting an employment background check relating to a current or prospective employee. The Attorney General may not collect a fee for an employment background check under this subparagraph.

"**(B) Notice.—** Before conducting an employment background check relating to a current or prospective employee under subparagraph (A), a licensee shall—

"**(i)** provide written notice to the current or prospective employee that the licensee intends to conduct the background check; and

"**(ii)** obtain consent to conduct the background check from the current or prospective employee in writing.

**Add.22**

117 P.L. 159

**"(C) Exemption.—** An employment background check conducted by a licensee under subparagraph (A) shall not be governed by the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.).

**"(D) Appeal.—** Any individual who is the subject of an employment background check conducted by a licensee under subparagraph (A) the result of which indicates that the individual is prohibited from possessing a firearm or ammunition pursuant to subsection (g) or (n) of section 922 of title 18, United States Code, may appeal the results of the background check in the same manner and to the same extent as if the individual had been the subject of a background check relating to the transfer of a firearm.".

**(2) ACQUISITION, PRESERVATION, AND EXCHANGE OF IDENTIFICATION RECORDS AND INFORMATION.**—Section 534 of title 28, United States Code, is amended—

**(A)** in subsection (a)—

**(i)** in paragraph (3), by striking "and" at the end;

**(ii)** in paragraph (4), by striking the period at the end and inserting "; and"; and

**(iii)** by inserting after paragraph (4) the following:

**"(5)** provide a person licensed as an importer, manufacturer, or dealer of firearms under chapter 44 of title 18 with information necessary to verify whether firearms offered for sale to such licensees have been stolen."; and

**(B)** in subsection (b), by inserting ", except for dissemination authorized under subsection (a)(5) of this section" before the period.

**(3) REGULATIONS.—**

Not later than 90 days after the date of enactment of this Act, and without regard to chapter 5 of title 5, United States Code, the Attorney General shall promulgate regulations allowing a person licensed as an importer, manufacturer, or dealer of firearms under chapter 44 of title 18, United States Code, to receive access to records of stolen firearms maintained by the National Crime Information Center operated by the Federal Bureau of Investigation, solely for the purpose of voluntarily verifying whether firearms offered for sale to such licensees have been stolen.

**(4) STATUTORY CONSTRUCTION; EVIDENCE.—**

**(A) STATUTORY CONSTRUCTION.—** Nothing in this subsection or the amendments made by this subsection shall be construed—

**Add.23**

117 P.L. 159

    **(i)** to create a cause of action against any person licensed as an importer, manufacturer, or dealer of firearms under chapter 44 of title 18, United States Code, or any other person for any civil liability; or

    **(ii)** to establish any standard of care.

    **(B) EVIDENCE.—** Notwithstanding any other provision of law, evidence regarding the use or non-use by a person licensed as an importer, manufacturer, or dealer of firearms under chapter 44 of title 18, United States Code, of the systems, information, or records made available under this subsection or the amendments made by this subsection shall not be admissible as evidence in any proceeding of any court, agency, board, or other entity.

**(i) FUNDING FOR EXISTING ATF ANTI-STRAW PURCHASING CAMPAIGN.—**

There are authorized to be appropriated to the Bureau of Alcohol, Tobacco, Firearms, and Explosives $1,000,000 for each of fiscal years 2023 through 2027 to continue and expand current efforts with existing partners to educate persons licensed as an importer, manufacturer, or dealer of firearms under chapter 44 of title 18, United States Code, and the public to combat illegal straw purchases of firearms.

**(j) LOCAL LAW ENFORCEMENT REIMBURSEMENT FOR ASSISTANCE PROVIDED TO DHS-HSI TO PREVENT ILLEGAL TRAFFICKING.—** Section 432(d)(2) of the Homeland Security Act of 2002 (6 U.S.C. 240(d)(2)) is amended by inserting "salary reimbursement," after "administrative,".

**(k) RULE OF CONSTRUCTION.—**

Nothing in this section, or an amendment made by this section, shall be construed to allow the establishment of a Federal system of registration of firearms, firearms owners, or firearms transactions or dispositions.

**SEC. 12005. MISDEMEANOR CRIME OF DOMESTIC VIOLENCE.**

**(a) DEFINING "DATING RELATIONSHIP".—**Section 921(a) of title 18, United States Code, is amended—

    **(1)** in paragraph (33)(A)(ii)—

        **(A)** by striking "or by a person" and inserting "by a person"; and

        **(B)** by inserting before the period at the end the following: ", or by a person who has a current or recent former dating relationship with the victim"; and

    **(2)** by adding at the end the following:

        **"(37)**

**Add.24**

117 P.L. 159

(A) The term 'dating relationship' means a relationship between individuals who have or have recently had a continuing serious relationship of a romantic or intimate nature.

"(B) Whether a relationship constitutes a dating relationship under subparagraph (A) shall be determined based on consideration of—

"(i) the length of the relationship;

"(ii) the nature of the relationship; and

"(iii) the frequency and type of interaction between the individuals involved in the relationship.

"(C) A casual acquaintanceship or ordinary fraternization in a business or social context does not constitute a dating relationship under subparagraph (A).".

(b) NO RETROACTIVE APPLICATION.—

The amendments made by subsection (a) shall not apply to any conviction of a misdemeanor crime of domestic violence entered before the date of enactment of this Act.

(c) LIMITATIONS ON CONVICTIONS OF CRIMES OF DOMESTIC VIOLENCE WITH RESPECT TO DATING RELATIONSHIPS.—Section 921(a)(33) of title 18, United States Code, is amended—

(1) in subparagraph (A)—

(A) in the matter preceding clause (i), by striking "subparagraph (C)" and inserting "subparagraphs (B) and (C)"; and

(B) in clause (ii), by striking "State,," and inserting "State,"; and

(2) by adding at the end the following:

"(C) A person shall not be considered to have been convicted of a misdemeanor crime of domestic violence against an individual in a dating relationship for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had firearm rights restored unless the expungement, pardon, or restoration of rights expressly provides that the person may not ship, transport, possess, or receive firearms: Provided, That, in the case of a person who has not more than 1 conviction of a misdemeanor crime of domestic violence against an individual in a dating relationship, and is not otherwise prohibited under this chapter, the person shall not be disqualified from shipping, transport, possession, receipt, or purchase of a firearm under this chapter if 5 years have elapsed from the later of the judgment of conviction or the completion of the person's custodial or supervisory sentence, if any, and the person has not subsequently been convicted of

**Add.25**

117 P.L. 159

another such offense, a misdemeanor under Federal, State, Tribal, or local law which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, or any other offense that would disqualify the person under section 922(g). The national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act (34 U.S.C. 40901) shall be updated to reflect the status of the person. Restoration under this subparagraph is not available for a current or former spouse, parent, or guardian of the victim, a person with whom the victim shares a child in common, a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or a person similarly situated to a spouse, parent, or guardian of the victim.".

## TITLE III— OTHER MATTERS

### Subtitle A— Extension of Moratorium

## History

Signed by President June 25, 2022

Effective date: June 25, 2022

## Sponsor

Rubio

USCS ADVANCE LEGISLATIVE SERVICE

Copyright © 2026 LexisNexis. All rights reserved. No copyright is claimed as to any part of the original work prepared by a government officer or employee as part of that person's official duties.

**End of Document**

**Add.26**

# EXCERPTS - 18 USCS § 921

Current through Public Law 119-73, approved January 23, 2026, with a gap of Public Law 119-70.

*United States Code Service > TITLE 18. CRIMES AND CRIMINAL PROCEDURE (§§ 1 — 6005) > Part I. Crimes (Chs. 1 — 123) > CHAPTER 44. Firearms (§§ 921 — 934)*

## § 921. Definitions

**(a)** As used in this chapter [18 USCS §§ 921 et seq.]—

**(1)** The term "person" and the term "whoever" include any individual, corporation, company, association, firm, partnership, society, or joint stock company.

**(2)** The term "interstate or foreign commerce" includes commerce between any place in a State and any place outside of that State, or within any possession of the United States (not including the Canal Zone) or the District of Columbia, but such term does not include commerce between places within the same State but through any place outside of that State. The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone).

**(3)** The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

**(4)** The term "destructive device" means—

    **(A)** any explosive, incendiary, or poison gas—

        **(i)** bomb,

        **(ii)** grenade,

        **(iii)** rocket having a propellant charge of more than four ounces,

        **(iv)** missile having an explosive or incendiary charge of more than one-quarter ounce,

        **(v)** mine, or

        **(vi)** device similar to any of the devices described in the preceding clauses;

    **(B)** any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile

**Add.27**

18 USCS § 921

**(7)** The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a rifled bore for each single pull of the trigger.

**(20)** The term "crime punishable by imprisonment for a term exceeding one year" does not include—

**(A)** any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

**(B)** any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

**(23)** The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: *Provided,* That proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes or terrorism. For purposes of this paragraph, the term "terrorism" means activity, directed against United States persons, which—

**(A)** is committed by an individual who is not a national or permanent resident alien of the United States;

**(B)** involves violent acts or acts dangerous to human life which would be a criminal violation if committed within the jurisdiction of the United States; and

**(C)** is intended—

**(i)** to intimidate or coerce a civilian population;

**(ii)** to influence the policy of a government by intimidation or coercion; or

**(iii)** to affect the conduct of a government by assassination or kidnapping.

**(29)** The term "semiautomatic rifle" means any repeating rifle which utilizes a portion of the energy of a firing cartridge to extract the fired cartridge case and chamber the next round, and which requires a separate pull of the trigger to fire each cartridge.

**(30)** The term "handgun" means—

**(A)** a firearm which has a short stock and is designed to be held and fired by the use of a single hand; and

**Add.28**

18 USCS § 921

**(B)** any combination of parts from which a firearm described in subparagraph (A) can be assembled.

**(31)** [Repealed]

**(32)** The term "intimate partner" means, with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabited with the person.

**(33)**

**(A)** Except as provided in subparagraphs (B) and (C), the term "misdemeanor crime of domestic violence" means an offense that—

**(i)** is a misdemeanor under Federal, State, Tribal, or local law; and

**(ii)** has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.

**(B)**

**(i)** A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.], unless—

**(I)** the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

**(II)** in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

**(aa)** the case was tried by a jury, or

**(bb)** the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

**(ii)** A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

**(C)** A person shall not be considered to have been convicted of a misdemeanor crime of domestic violence against an individual in a dating relationship for purposes of this chapter [18 USCS §§ 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had firearm rights restored unless the expungement, pardon, or restoration of rights expressly provides that the person may not ship, transport, possess, or receive firearms: *Provided*, That, in the case of a person who

**Add.29**

has not more than 1 conviction of a misdemeanor crime of domestic violence against an individual in a dating relationship, and is not otherwise prohibited under this chapter [18 USCS §§ 921 et seq.], the person shall not be disqualified from shipping, transport, possession, receipt, or purchase of a firearm under this chapter [18 USCS §§ 921 et seq.] if 5 years have elapsed from the later of the judgment of conviction or the completion of the person's custodial or supervisory sentence, if any, and the person has not subsequently been convicted of another such offense, a misdemeanor under Federal, State, Tribal, or local law which has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, or any other offense that would disqualify the person under section 922(g) [18 USCS § 922(g)]. The national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act (34 U.S.C. 40901) shall be updated to reflect the status of the person. Restoration under this subparagraph is not available for a current or former spouse, parent, or guardian of the victim, a person with whom the victim shares a child in common, a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or a person similarly situated to a spouse, parent, or guardian of the victim.

**(34)** The term "secure gun storage or safety device" means—

**(A)** a device that, when installed on a firearm, is designed to prevent the firearm from being operated without first deactivating the device;

**(B)** a device incorporated into the design of the firearm that is designed to prevent the operation of the firearm by anyone not having access to the device; or

**(C)** a safe, gun safe, gun case, lock box, or other device that is designed to be or can be used to store a firearm and that is designed to be unlocked only by means of a key, a combination, or other similar means.

**(37)**

**(A)** The term "dating relationship" means a relationship between individuals who have or have recently had a continuing serious relationship of a romantic or intimate nature.

**(B)** Whether a relationship constitutes a dating relationship under subparagraph (A) shall be determined based on consideration of—

**(i)** the length of the relationship;

**(ii)** the nature of the relationship; and

**(iii)** the frequency and type of interaction between the individuals involved in the relationship.

**(C)** A casual acquaintanceship or ordinary fraternization in a business or social context does not constitute a dating relationship under subparagraph (A).

**HISTORY:**

Added June 19, 1968, P. L. 90-351, Title IV, § 902, 82 Stat. 226; Oct. 22, 1968, P. L. 90-618, Title I, § 102, 82 Stat. 1214; Jan. 4, 1975, P.L. 93-639, § 102, 88 Stat. 2217; May 19, 1986, P. L. 99-308, § 101, 100 Stat. 449; July 8, 1986, P. L. 99-360, § 1(b), 100 Stat 766; Aug. 28, 1986, P. L. 99-408, § 1, 100 Stat.

18 USCS § 921

920; Nov. 29, 1990, P. L. 101-647, Title XVII, § 1702(b)(2), Title XXII, § 2204(a), 104 Stat. 4845; Nov. 30, 1993, P. L. 103-159, Title I, § 102(a)(2), 107 Stat. 1539; Sept. 13, 1994, P. L. 103-322, Title XI, Subtitle A, §§ 110102(b), 110103(b), Subtitle D, § 110401(a), Subtitle E, § 110519, Title XXXIII, § 330021(1), 108 Stat. 1997, 1999, 2014, 2020, 2150; Dec. 29, 1995, P. L. 104-88, Title III, Subtitle A, § 303(1), 109 Stat. 943; Sept. 30, 1996, P. L. 104-208, Div A, Title I, § 101(f) [Title VI, § 658(a)], 110 Stat. 3009-371; Oct. 21, 1998, P. L. 105-277, Div A, § 101(b) [Title I, § 119(a)], § 101(h) [Title I, § 115], 112 Stat. 2681-69, 2681-490; Nov. 2, 2002, P. L. 107-273, Div C, Title I, Subtitle A, § 11009(e)(1), 116 Stat. 1821; Nov. 25, 2002, P. L. 107-296, Title XI, Subtitle B, § 1112(f)(1)–(3), (6), 116 Stat. 2276; Jan. 5, 2006, P. L. 109-162, Title IX, § 908(a), 119 Stat. 3083; Aug. 13, 2018, P.L. 115-232, Div A, Title VIII, Subtitle A, Part II, § 809(e)(2), 132 Stat. 1842; Mar. 15, 2022, P.L. 117-103, Div W, Title XI, §§ 1101(b), 1104(a), 136 Stat. 919, 921; June 25, 2022, P.L. 117-159, Div A, Title II, §§ 12002, 12005(a), (c), 136 Stat. 1324, 1332; Dec. 23, 2024, P.L. 118-159, Div E, Title LII, Subtitle B, § 5211(a), 138 Stat. 2444.

United States Code Service
Copyright © 2026 All rights reserved.

---

**End of Document**

**Add.31**